IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MEGAN CAPEL, Administratrix, of the Estate of Terral Brooks Ellis, II, Deceased, <br>(2) TERRAL B. ELLIS, SR., and <br>(3) SHELLY BLISS, <br><br>　　　　Plaintiffs, <br><br>v. <br><br>(1) OTTAWA COUNTY BOARD OF COUNTY COMMISSIONERS, et al., <br><br>　　　　Defendants. | Case No. CIV-17-325-JED-FHM <br><br>JURY TRIAL DEMANDED |

**DEFENDANT THERESA HORN'S**
**FIRST AMENDED PARTIAL[1] ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant Theresa Horn, L.P.N., (hereinafter referred to as "Defendant Horn"), submits her First Amended Partial Answer to Plaintiffs' Complaint (Doc. 2) on file herein.

**INTRODUCTORY STATEMENT**

1.Defendant Horn acknowledges that Plaintiff is attempting to bring the causes of action alleged in ¶ 1 of Plaintiffs' Complaint, but she asserts she has no cause of action against her and that she committed no wrongdoing toward Plaintiffs or Decedent.

**JURISDICTION AND VENUE**

2-3.Defendant Horn admits that this Court has jurisdiction to hear Plaintiff's federal claims, as alleged in ¶¶ 2-3 of Plaintiffs' Complaint, but she otherwise denies as phrased ¶¶ 2-3 of Plaintiffs' Complaint.

---

[1] Defendant Horn separately submitted a Partial Motion to Dismiss as to Plaintiffs' Complaint (Doc. 31).

4.  Defendant Horn requests that the Court decline supplemental jurisdiction as alleged in ¶ 4 of Plaintiffs' Complaint.

5.  Defendant Horn admits that venue is proper in this Court, as alleged in ¶ 5 of Plaintiffs' Complaint, but otherwise denies as phrased ¶ 5 of Plaintiffs' Complaint.

## PARTIES

6-8.  Defendant Horn is without sufficient information to admit or deny the truthfulness or correctness of the allegations in ¶¶ 6-8 of Plaintiffs' Complaint, therefore they are denied at this time.

9-11.  Defendant Horn objects to ¶¶ 9-11 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 8(a) and 10(b). Without waiving and subject to these objections, denied as phrased. However, Defendant Horn admits that Durborow was at one time the elected Sheriff of Ottawa County and that Jeremy Floyd is presently the elected Sheriff of Ottawa County.

12.  Defendant Horn objects to ¶ 12 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 8(a) and 10(b). Without waiving and subject to these objections, denied as phrased. However, Defendant Horn admits that she has been employed as a Nurse in the Ottawa County Jail for several years.

13.  Defendant Horn objects to ¶ 13 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 8(a) and 10(b). Without waiving and subject to these objections, denied as phrased. However, Defendant Horn admits that Harding was employed for a period of time for Durborow while he was the elected Sheriff of Ottawa County.

14. Defendant Horn objects to ¶ 14 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 8(a) and 10(b). Without waiving and subject to these objections, denied as phrased. However, Defendant Horn admits that Shoemaker was employed for Durborow for a period of time while he was the elected Sheriff of Ottawa County.

15. Defendant Horn objects to ¶ 15 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 8(a) and 10(b). Without waiving and subject to these objections, denied as phrased. However, Defendant Horn admits that Bray was employed for Durborow for a period of time while he was the elected Sheriff of Ottawa County.

16-18. Defendant Horn objects to ¶¶ 16-18 of Plaintiff's Complaint because they are in violation of Fed. R. Civ. P. 8(a) and 10(b). Without waiving and subject to these objections, denied as phrased.

## FACTUAL ALLEGATIONS

19. Defendant Horn denies the allegations in ¶ 19 of Plaintiffs' Complaint.

20. Defendant Horn admits Decedent Terral Ellis was incarcerated in the Ottawa County Jail on prior dates.

21. Defendant Horn objects to ¶ 21of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 8(a) and 10(b), and as such, denied as phrased.

22. Denied.

23-32. Defendant Horn objects to ¶¶ 23-32 of Plaintiff's Complaint because they are in violation of Fed. R. Civ. P. 8(a) and 10(b), and as such, denied as

3

phrased.

33. Defendant Horn is without sufficient information to admit or deny the truthfulness or correctness of the allegations in ¶ 33 of Plaintiffs' Complaint, therefore it is denied at this time.

34-37. Defendant Horn objects to ¶¶ 34-37 of Plaintiff's Complaint because they are in violation of Fed. R. Civ. P. 8(a) and 10(b), and as such, denied as phrased.

38. Denied as phrased.

39-40. Defendant Horn is without sufficient information to admit or deny the truthfulness or correctness of the allegations in ¶¶ 39-40 of Plaintiffs' Complaint, therefore they are denied at this time.

41. Denied.

42. Defendant Horn objects to ¶ 42 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 8(a) and 10(b), and as such, denied as phrased.

43. Defendant Horn believes that Durborow retired effective the end of December 2015.

44. Defendant Horn is without sufficient information to admit or deny the truthfulness or correctness of the allegations in ¶ 44 of Plaintiffs' Complaint, therefore it is denied at this time.

45. Defendant Horn objects to ¶ 45 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 8(a) and 10(b). Without waiving and subject to these objections, Defendant Horn is without sufficient information to admit or deny the truthfulness or correctness of the allegations in ¶ 45 of Plaintiffs' Complaint, therefore it

is denied at this time.

46-48. Defendant Horn objects to ¶¶ 46-48 of Plaintiff's Complaint because it is in violation of Fed. R. Civ. P. 8(a) and 10(b). Without waiving and subject to these objections, denied.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Cruel and Unusual Punishment in Violation of the Eighth and Fourteenth Amendments to the Constitution of the United States**
**(42 U.S.C. § 1983)**

**A.     Allegations Applicable to Defendant Durborow, Sheriff Floyd, Defendant Horn and Officer Defendants**

49.     Defendant Horn incorporates herein her response to ¶¶ 1-48 of Plaintiff's Complaint.

50.     Defendant Horn admits that she was aware that Decedent had an apparent serious medical need on the date she requested emergency medical staff be contacted for Decedent, but otherwise denies ¶ 50 as phrased.

51-54. Denied.

**B.     Supervisor Liability (Applicable to Former Sheriff Durborow, in his individual capacity)**

55-61. Paragraphs 55-61 of Plaintiff's Complaint contain no allegations against and are not directed against Defendant Horn, therefore no response to ¶¶ 55-61 of Plaintiffs' Complaint from Horn is required at this time. To the extent a claim or allegation of wrongdoing is intended against Defendant Horn in ¶¶ 55-61 of Plaintiff's Complaint, Defendant Horn denies same.

**C.   Official Capacity Liability (Applicable to Sheriff Floyd, in his official capacity)**

62-64. Paragraphs 62-64 of Plaintiffs' Complaint contain no allegations against and is not directed against Defendant Horn, therefore no response to ¶¶ 62-64 of Plaintiffs' Complaint from Horn is required at this time. To the extent a claim or allegation of wrongdoing is intended against Defendant Horn in ¶¶ 62-64 of Plaintiffs' Complaint, Defendant Horn denies same.

## SECOND CLAIM FOR RELIEF

**Negligence/Wrongful Death
(Against Paramedic Defendants and INTEGRIS)**

65-71. Paragraphs 65-71 of Plaintiffs' Complaint contain no allegations against and is not directed against Defendant Horn, therefore no response to ¶¶ 65-71 of Plaintiffs' Complaint from Horn is required at this time. To the extent a claim or allegation of wrongdoing is intended against Defendant Horn in ¶¶ 65-71 of Plaintiffs' Complaint, Defendant Horn denies same.

## THIRD CLAIM FOR RELIEF

**Violation of Article II § 9 of the Constitution of the State of Oklahoma
Cruel and Unusual Punishment and Deliberate Indifference
(Against Defendant BOCC)**

72-78. Paragraphs 72-78 of Plaintiffs' Complaint contain no allegations against and is not directed against Defendant Horn, therefore no response to ¶¶ 72-78 of Plaintiffs' Complaint from Horn is required at this time. To the extent a claim or allegation of wrongdoing is intended against Defendant Horn in ¶¶ 72-78 of Plaintiffs'

Complaint, Defendant Horn denies same.

## PUNITIVE DAMAGES

79. Defendant Horn incorporates herein her response to ¶¶ 1-78 of Plaintiff's Complaint.

80-81. Denied.

Defendant Horn denies the "WHEREFORE" paragraph located on page 18 of Plaintiffs' Complaint.

## DEFENSES

Defendant Horn submits the following defenses to the allegations contained in Plaintiffs' Complaint:

1. Plaintiffs have failed to state a claim for any constitutional violation or for any remedy under 42 U.S.C. § 1983 against Defendant Horn.

2. Defendant Horn is entitled to qualified immunity.

3. Defendant Horn acted objectively reasonably in all respects.

4. Defendant Horn cannot be held liable for any state or federal constitutional violation resulting from the acts of agents, servants, appointees, or employees under the doctrine of respondeat superior and/or vicarious liability.

5. Defendant Horn has not executed or implemented any policy or procedure which can be found in any ordinance, regulation, policy statement or decision officially adopted by Defendant Horn, or found in a pattern of persistent practices known to and approved by the Defendant Horn, that would be considered unconstitutional.

6. Plaintiff has failed to set forth any allegation which would create a material

issue of fact as to the requisite, culpable state of mind of deliberate indifference on behalf of Defendant Horn.

7. Defendant Horn was acting with the scope of her employment and under color of law at all times in regards to her interactions with Decedent.

8. Defendant Horn was not deliberately indifferent toward Decedent's alleged serious medical needs.

9. Defendant Horn did not personally participate in any alleged constitutional violation against Decedent.

10. No act or omission by Defendant Horn caused Plaintiff or Decedent's harm or alleged constitutional violations.

11. Plaintiffs Ellis and Bliss should be dismissed from this case for the reasons set forth in Defendant Horn's Partial Motion to Dismiss filed contemporaneously with this Partial Answer.

12. An award of punitive damages would violate the Fourteenth Amendment to the United States Constitution and principles of due process, as to Defendant Horn.

13. Defendant Horn's actions or inactions were made in good faith.

14. Plaintiff and/or Decedent's alleged injuries/damages were the result of actions or inactions of a third party over whom Defendant Horn had no authority or control, or were caused by Plaintiff or Decedent.

15. Defendant Horn is entitled to settlement credit or an offset, regarding any settlement with any other party in this case, pursuant state and/or federal common law.

16. Plaintiff's alleged damages, if any, as to any state claim(s) are limited

and/or capped under state law.

WHEREFORE, having fully answered, Defendant Theresa Horn, L.P.N., respectfully requests that Plaintiffs take nothing by reason of their Complaint and that she be dismissed with her attorney fees and costs.

Respectfully submitted,

s/ Ambre C. Gooch
Ambre C. Gooch, OBA No. 16586
COLLINS, ZORN, & WAGNER, P.C.
429 N.E. 50th Street, Second Floor
Oklahoma City, OK  73105-1815
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: acg@czwlaw.com

ATTORNEY FOR DEFENDANT
THERESA HORN

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen, via electronic mail at: danielsmolen@ssrok.com
Robert M. Blakemore, via electronic mail at: bobblakemore@ssrok.com
701 South Cincinnati Avenue
Tulsa, OK 74119
***Attorneys for Plaintiffs***

John R. Paul, via electronic mail at: john@paulandlackey.com
PAUL & LACKEY, P.C.
9 East Fourth Street, Suite 400
Tulsa, OK 74103
***Attorney for Defendants Baptist Healthcare of Oklahoma, LLC,
  d/b/a Integris Miami EMS, Jennifer Grimes and Kent Williams***

Randall J. Wood, via electronic mail at: rwood@piercecouch.com
Pierce Couch Hendrickson Baysinger & Green, L.L.P.
1109 N. Francis
Oklahoma City, OK 73106
***Attorney for Defendant Johnny Bray***

                                                   <u>s/ Ambre C. Gooch</u>
                                                 Ambre C. Gooch