# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUSTIN P. BOND, as Personal Representative of the Estate of Terral Ellis II, Deceased, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> OTTAWA COUNTY SHERIFF, in his Official Capacity, *et al.*, <br><br> Defendants. | Case No.: 17-CV-00325-JED-CDL |

## PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

**COMES NOW** the Plaintiff, Austin P. Bond ("Plaintiff"), as Personal Representative of the Estate of Terral Ellis, II ("Mr. Ellis"), deceased, and respectfully notifies the Court of supplemental authority, *Lance v. Morris*, -- F.3d --, No. 19-7050, 2021 WL 162343 (10th Cir. Jan. 19, 2021), pertinent to certain motions for summary judgment pending before this Court. *See, e.g.*, Dkt. ## 120, 131, 134 and 135.[1]

The *Lance* case involves allegations of deliberate indifference to a serious medical need in connection with the plaintiff's incarceration at the Pittsburgh County Jail in McAlester, Oklahoma. Mr. Lance needed treatment for priapism, but he had to wait three days for any treatment. After being denied care at the Jail, Mr. Lance was forced to have emergency surgery and suffered permanent impotence. He ultimately sued the Pittsburgh County Sheriff in his official capacity and four detention officers in their personal capacities, invoking 42 U.S.C. § 1983 and the Fourteenth Amendment's Due Process Clause. The district court granted summary judgment to the defendants.

---

[1] These motions for summary judgment have been ripe for a decision since February 5, 7 and 10, 2020, respectively. *See* Dkt. ##165, 174, 176 and 177.

1

The Tenth Circuit Court of Appeals reversed, in part. Specifically, the *Lance* Court concluded that qualified immunity was unavailable to three of the detention officers and that the Sheriff "was not entitled to summary judgment in his official capacity because the factfinder could reasonably determine that the county's policies had violated Mr. Lance's constitutional right to medical care." *Lance,* 2021 WL 162343, at *1.

The *Lance* Opinion is plainly germane to the Court's determination of the dispositive motions in the case-at-bar. Both cases involve claims of deliberate indifference to a serious medical need by detention staff. Both cases took place in small county jails in Oklahoma. Both cases include allegations (against the sheriffs in their official capacities) that official county policies or customs proximately caused the constitutional injuries.

There are several aspects of the *Lance* Opinion which are of particular importance. For instance, the *Lance* Court reiterated that a plaintiff may satisfy "the subjective prong [of deliberate indifference] through reports of pain, … repeated requests for medical treatment, and other detainees' insistence that the need for medical attention was obvious." *Lance,* 2021 WL 162343, at *5 (citations omitted).

Furthermore, in reversing the finding of qualified immunity for three of the defendant officers, the *Lance* Court agreed with the plaintiff's assertion that Tenth Circuit "precedents have clearly established a jail guard's constitutional obligation to obtain medical care when (1) a detainee experiences severe pain and (2) the jail guard controls access to medical care." *Lance,* 2021 WL 162343, at *7 (citing *McCowan v. Morales,* 945 F.3d 1276 (10th Cir. 2019); *Olsen v. Layton Hills Mall,* 312 F.3d 1304 (10th Cir. 2002); *Sealock v. Colorado,* 218 F.3d 1205 (10th Cir. 2000); *Al-Turki v. Robinson,* 762 F.3d 1188, 1195 (10th Cir. 2014) and *Mata v. Saiz,* 427 F.3d 745, 755 (10th Cir. 2005)).

Finally, and importantly, in reversing summary judgment against the Pittsburgh County Sheriff in his official capacity, the *Lance* Court adopted the Second Circuit's three-part test for "deliberate indifference" in the failure to train context:

> 1. [T]he county's policymakers know " 'to a moral certainty' that [their] employees will confront a given situation."
> 2. "[T]he situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult."
> 3. "[T]he wrong choice ... will frequently cause the deprivation of a citizen's constitutional rights."

*Lance*, 2021 WL 162343, at *10 (quoting *Walker v. City of New York*, 974 F.2d 293, 297–98 (2nd Cir. 1992)).

The *Lance* Opinion has clear and significant applicability to the pending dispositive motions in this case.

Respectfully submitted,

/s/Robert M. Blakemore
Daniel E. Smolen, OBA#19943
Robert M. Blakemore, OBA #18656
Bryon D. Helm, OBA #33003
SMOLEN & ROYTMAN
701 S. Cincinnati Ave.
Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of January, 2021, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

/s/Robert M. Blakemore