UNITED STATE DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

**ROBBIE EMERY BURKE, ADMINISTRATRIX OF THE ESTATE OF TERRAL BROOKS ELLIS II, DECEASED, ET AL.,**

    **Plaintiffs,**

v.

**OTTAWA COUNTY BOARD OF COUNTY COMMISSIONERS, ET AL.,**

    **Defendants.**

4:17-cv-00325-CRK-CDL

## OPINION AND ORDER

Before the Court is defendants', Theresa Horn, L.P.N. ("Horn"), Johnny Bray ("Bray"), Charles Shoemaker ("Shoemaker"), and the Sheriff of Ottawa County (the "Sheriff") (collectively, "Defendants"), joint motion for contempt of court and the imposition of sanctions, or, alternatively, setting a sealed evidentiary hearing. Defs.' Joint Mot. Civil Contempt, Sanctions, Alternatively, Sealed Evidentiary Hr'g, Feb. 6, 2020, ECF No. 173 ("Defs.' Contempt Mot."). Defendants' motion argues that plaintiffs, Robbie Emery Burke,[1] Terral B. Ellis, Sr., and Shelly Bliss (collectively, "Plaintiffs") or their counsel violated the Agreed Protective Order ("APO") when they

---

[1] Plaintiff Robbie Emery Burke was the Special Administratrix of the Estate of Terral Brooks Ellis, II, deceased ("Decedent") when the Plaintiffs responded to the contempt motion. On September 25, 2020, the Court granted Plaintiffs' motion to substitute Austin P. Bond for Robbie Emery Burke as the Personal Representative of the Decedent. Min. Order, Sept. 25, 2020, ECF No. 188.

1

filed unsealed video and audio of the alleged conditions of confinement of Terral Brooks Ellis, II's ("Decedent"). Defs.' Contempt Mot. 4. Plaintiffs contend they did not violate the APO by filing unsealed video clips of the alleged mistreatment of the Decedent because the Sheriff waived the confidentiality of the video clips by disclosing significant and substantive information contained in the video clips in its motion for summary judgment and exhibits, thus, Defendants have failed to establish that Plaintiffs are in contempt of the APO and no sanctions should be imposed. Pls.' Resp. Opp'n Defs.' Joint Mot. Civil Contempt, Sanctions, Alternatively, Sealed Evidentiary Hr'g at 1–2, Feb. 27, 2020, ECF No. 180 ("Pls.' Resp. Contempt Mot."). For the following reasons, Defendants' Contempt Motion is denied.

## BACKGROUND

Plaintiffs[2] commenced an action on June 9, 2017 against defendants Bray, Shoemaker, Horn, Jennifer Grimes ("Grimes"), Kent Williams ("Williams"), Baptist Healthcare of Oklahoma, LLC d/b/a Integris Miami EMS ("Integris"), Jeffrey Harding ("Harding"), Terry Durborow ("Durborow"), Jeremy Floyd in his official capacity as the Sheriff of Ottawa County,[3] and the Board of County Commissioners of Ottawa

---

[2] At the time the complaint was filed, Megan Capel was the Administratrix of the Decedent's estate. Compl. at 1, June 9, 2017, ECF No. 2.

[3] On February 6, 2020, the Court granted Defendant Jeremy Floyd's motion to substitute the Sheriff of Ottawa County in His Official Capacity. Min. Order, Feb. 6, 2020, ECF No. 169; see generally Unopposed Mot. Substitute Party by Jeremy Floyd, Jan. 31, 2020, ECF No. 164.

County ("BOCC")[4] alleging negligence, wrongful death, and violations of the Decedent's constitutional rights while in the custody of the Ottawa County Sheriff's Department.  Compl. at 1–2, June 9, 2017, ECF No. 2.  On December 19, 2017, during the course of discovery, the parties filed an Agreed Protective Order ("APO") governing the confidentiality of materials produced during discovery.  Agreed Protective Order, Dec. 19, 2017, ECF No. 59 ("APO").

The APO provides protection for certain material the parties designate as confidential.  APO ¶ 1.b.  The terms of the APO define the scope of confidential material, id. ¶ 1, its designation, id. ¶ 2, objections to designation as confidential, id. ¶ 7, remedies for inadvertent disclosure, id. ¶ 9, and the inapplicability of confidentiality to public documents.  Id. ¶ 10.a.  The APO permits a party to file a document unsealed if the confidential information contained in the document was so designated solely by that party.  Id. ¶ 2.f.  A party that inadvertently fails to designate material as confidential may correct its error by providing notice in writing and substituting properly designated copies of each item of material.  Id. ¶ 9.  The APO does not protect materials designated confidential that are publicly available, unless

---

[4] On June 5, 2019, the Court granted the BOCC's motion to dismiss after the BOCC notified this Court of the Oklahoma Supreme Court's ruling that there is no private cause of action for denial of medical care under Art. II, §§ 7 and 9 of the Oklahoma Constitution.  Order, June 5, 2019, ECF No. 92; see generally Def. [BOCC]'s Notice to Ct. of Ruling Okla. Sup. Ct., May 13, 2019, ECF No. 90 (providing notice to the Court and re-urging dismissal); Opinion and Order at 7, July 20, 2018, ECF No. 63 (denying BOCC's motion to dismiss, instructing BOCC to notify the Court if it wished "to re-urge its dismissal motion" in light of the Oklahoma Supreme Court's ruling); Mot. Dismiss, July 20, 2017, ECF No. 23.

they became public in violation of the APO. Id. ¶ 10. Among the materials designated as confidential by the parties are audio and video recordings taken within the Ottawa County Jail ("Jail Video").[5] See Defs.' Contempt Mot., Ex. 1 at 1–2, Dec. 11, 2017, ECF No. 173-1 ("Email Re: Jail Video") (agreeing to designate Jail Video as confidential).

Between December 13, 2019 and December 20, 2019, after the designation of the Jail Video as confidential material under the APO, Defendants filed unsealed motions for summary judgment, attaching depositions discussing the audio and content of the Jail Video as well as digital files of the Jail Video to their motions. On December 13, 2019, the Sheriff filed an unsealed motion for summary judgment attaching excerpts of the depositions of Horn, Shoemaker, Bray, and Derek Derwin to its motion. Def. Floyd's Mot. Summ. J., Dec. 13, 2019, ECF No. 120 ("Sheriff MSJ"); id., Exs. 4, 7, 11, 15, Dec. 13, 2019, ECF Nos. 120-4, -7, -11, -15. In that motion, the Sheriff argued the Plaintiffs cannot establish municipal liability against the Sheriff because Plaintiffs cannot show that any delay or denial of medical care to the Decedent was caused by any policy, practice, or custom of the Sheriff. Sheriff MSJ at 12–19. The deposition excerpts attached to the motion contained statements by

---

[5] Plaintiffs argue they disagreed with Defendants that the Jail Video should be designated confidential in the first instance. Pls.' Resp. Contempt Mot. at 7. Whether Plaintiffs agreed with the Jail Video's designation as confidential material is irrelevant because the Jail Video fell under the APO's scope once the Defendants designated it confidential. See APO ¶ 1.b. ("any Supplying Party shall have the right to identify and designate as 'Confidential' any document it produces or provides . . . ."). Second, the Plaintiffs admit in their motion response that they agreed to treat the Jail Video as confidential even before the APO entered. See Pls.' Resp. Contempt Mot. at 7.

deponents and counsel quoting audio and discussing content from the Jail Video. See id., Ex. 4 at 124–27, 131–38, Ex. 7 at 82, 88, 91, 153–55, Ex. 11 at 74–77, 106–7, 126–28, Ex. 15 at 185–86, 188–91, 193–94.[6]  The Sheriff used these depositions in the statement of facts to its summary judgment motion, including to support Facts 10, 12–14, and 16.  See, e.g., Sheriff's MSJ at 4–6 ("According to the Jail video, on October 21, 2015, at approximately 8:18 p.m., Ellis was let out of his cell to use the bathroom.  Under his own power, Ellis walks to the bathroom and then back to the cell with a cup in his hand.  Ellis does not appear to have any difficulty walking and does not appear to be in any distress." Citing Sheriff MSJ, Ex. 15 at 185:6–186:9).

On December 13, 2019, Durborow and Harding[7] filed motions for summary judgment, which are nearly identical to the Sheriff's motion in describing the facts and citing to the depositions of Horn, Shoemaker, Bray, and Derek Derwin.  See Def. Duborow's Mot. and Br. Summ. J., Dec. 13, 2019, ECF No. 122 ("Durborow MSJ"); id., Exs. 4, 7, 11, 15, Dec. 13, 2019, ECF Nos. 122-4, -7, -11, -15; Harding's Mot. Summ. J., Dec. 13, 2019, ECF No. 124 ("Harding MSJ"); id., Exs. 4, 7, 11, 15, Dec. 13, 2019, ECF Nos. 124-4, -7, -11, -15.  Harding argued he was not present during the interactions between the jailers, Horn, and the Decedent.  Harding MSJ at 15 n.2.  Durborow and Harding alleged facts citing directly to portions of the depositions containing statements from, and descriptions of, the Jail Video.  See id. at 4–6, Ex. 4

---

[6] Citations to the excerpts of depositions correspond to the page number of the deposition transcript unless the cited deposition transcript contains timestamps.
[7] On January 13, 2020, the Plaintiffs dismissed with prejudice Durborow and Harding as Defendants in this matter.  Stipulation Dismissal Defs. [Durborow] and [Harding] with Prejudice, Jan. 13, 2020, ECF No. 149.

5

at 124–127, 131–38, Ex. 7 at 153:5–155:6, Ex. 11 at 74–77, 126–28, Ex. 15 at 185–86, 188–91, 193–94; Durborow MSJ at 4–6 (citing Ex. 4 at 124–127, 131–38, Ex. 7 at 153:5–155:6, Ex. 11 at 74–77, 126–28, Ex. 15 at 185–86, 188–91, 193–94). The deposition excerpts attached to Durborow and Harding's motions are identical to those attached to the Sheriff's summary judgment motion. Compare Sheriff MSJ, Exs. 4, 7, 11, 15 with Durborow MSJ, Exs. 4, 7, 11, 15 and Harding MSJ, Exs. 4, 7, 11, 15.

On December 18, 2019, Horn filed an unsealed motion for summary judgment attaching excerpts of her deposition to her motion. Def. [Horn]'s Mot. Summ. J. and Br. in Supp., Dec. 18, 2019, ECF No. 131 ("Horn MSJ"); id., Ex. 3, Dec. 18, 2019, ECF No. 131-3 ("Horn's Dep."). Excerpts from Horn's Deposition contain statements by Horn and counsel quoting directly from the Jail Video. Horn's Dep. at 127–28; 131–34; 136–38, 148–49. Horn cites several depositions, including her own, in her motion's statement of facts arguing she was not deliberately indifferent to Decedent's medical needs, or alternatively, that she is entitled to qualified immunity. See Horn MSJ at 1, 5–6. Horn references her own statements contained in the Jail Video, which were discussed in her deposition (though not citing directly to the deposition in its motion). See, e.g., id. at 13 ("She stated, for example, that 'there was nothing wrong' with Decedent and that she was 'sick and tired of his dumb explicative [sic].' When he continued to complain, she told him to 'shut the explicative [sic] up.'") (quoting the Jail Video filed with Bray and Shoemaker's Notice of Conventional Filing. See Notice Conventional Filing, Dec 23, 2019, ECF No. 138 ("Jail Video DVD")

6

(internal bracketing omitted)); Horn's Dep. at 132–37, 148 (discussing the audio and content of the Jail Video).

On December 18, 2019, Defendants Integris, Williams, and Grimes filed an unsealed motion for summary judgment attaching excerpts of the depositions of Durborow, Bray, Shoemaker, and Harding. Mot. Summ. J. Defs. [Integris], [Williams], and [Grimes], Dec. 18, 2019, ECF No. 133 ("Integris MSJ"); id., Exs. 7–10, Dec. 18, 2019, ECF Nos. 133-7–10. Integris, Williams, and Grimes argued that the tortious actions of the Ottawa County Jail and its employees were an intervening cause of the death of the Decedent, insulating Integris, Williams, and Grimes from liability. Id. at 1. Several of the deposition excerpts attached to the motion contain statements by deponents and counsel quoting directly from the Jail Video. Id., Ex. 7 at 107–08, 118–19; Ex. 8 at 204; Ex. 10 at 173–74, 191–93. Integris, Williams, and Grimes cited to deposition excerpts quoting the Jail Video in their statement of facts. Id. at 6–7.

On December 20, 2019, Bray and Shoemaker filed unsealed motions for summary judgment attaching excerpts of the depositions of Horn, Shoemaker, Bray, and Derek Derwin to their motion. Mot. Summ. J. Def. [Bray] and Supporting Br., Dec. 20, 2019, ECF No. 134 ("Bray MSJ"); Mot. Summ. J. [Shoemaker] and Supporting Br., Dec. 20, 2019, ECF No. 135 ("Shoemaker MSJ"). Bray and Shoemaker both argued they are entitled to summary judgment on the basis of qualified immunity. Bray MSJ at 21–24; Shoemaker MSJ at 22–25. Several of the deposition excerpts attached to the motions contain statements by deponents and

counsel quoting directly from the Jail Video. See, e.g., Bray MSJ, Ex. 5 at 153–55, Ex. 9 at 106–07; Shoemaker MSJ, Ex. 5 at 153–55, Ex. 9 at 106–07. Bray and Shoemaker's motions also directly cite the Jail Video and include four unsealed clips from the Jail Video. Bray MSJ at 5–6, 8, Exs. 11–14; Shoemaker MSJ at 5–6, Exs. 11–14; see generally Jail Video DVD.

On January 17, 2020, Plaintiffs filed their response to the Sheriff's Motion for Summary Judgment, including 18 hyperlinks to the Jail Video and attaching clips of the Jail Video as exhibits. Pls.' Resp. Opp. Def. Floyd's Mot. Summ. J. at iv, 1–4, 6–19, Jan. 17, 2020, ECF No. 152 ("Pls.' Resp. Floyd MSJ"); id., Exs. 1, 10, 13, 17, 23–34, 36, 38. Plaintiffs provided direct quotes to the Jail Video in their response, several of which are the same statements as transcript excerpts the Sheriff had included in his motion for summary judgment. See Floyd MSJ, Ex. 4 at 126–27, 131–34, 137–38; Pls.' Resp. Floyd MSJ at 2. On January 29, 2020, THE WASHINGTON POST and THE FRONTIER published articles detailing the content of the Jail Video and embedded the video in the online articles. Defs.' Contempt Mot., Exs. 2, 3, Feb. 6, 2020, ECF Nos. 173-2–3.

On January 31, 2020, the Sheriff's counsel conferred with Plaintiffs' counsel by phone informing them of the Sheriff's concerns regarding the disclosure of the Jail Video. See Defs.' Contempt Mot. at 6; see Pls.' Resp. Contempt Mot. at 6. In a letter sent later that day, the Sheriff's counsel requested Plaintiffs' counsel withdraw their exhibits and refile them under seal. Defs.' Joint Reply Supp. Mot. Civil Contempt, Ex. 1, Jan. 31, 2020, ECF No. 183-1. On February 5, 2020, Plaintiffs' counsel

responded via email acknowledging that the Sheriff had initially designated the Jail Video as confidential but arguing that Plaintiffs had not violated the APO because the Sheriff had waived confidentiality for the Jail Video. Pls.' Resp. Contempt Mot., Ex. 2, Feb. 5, 2020, ECF No. 180-2.

## JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)–(4), which provide original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, and which provide original jurisdiction over any civil action authorized by law to redress the deprivation of Constitutional or federal statutory rights. 28 U.S.C. §§ 1331, 1343(a)(3)–(4) (2018).[8] The Court also has jurisdiction over the state law claims forming part of the same case or controversy as those claims over which the Court has original jurisdiction, pursuant to 28 U.S.C. § 1367. 28 U.S.C. § 1367.

"To prevail in a civil contempt proceeding, the plaintiff has the burden of proving, by clear and convincing evidence, that a valid court order existed, that the defendant had knowledge of the order, and that the defendant disobeyed the order." Reliance Ins. Co. v. Mast Const. Co., 159 F.3d 1311, 1315 (10th Cir. 1998) (internal citations omitted).

---

[8] Further citations to the United States Code are to the 2018 Edition unless otherwise indicated.

## DISCUSSION

Defendants' motion asks the Court to find Plaintiffs violated an agreed protective order and to impose sanctions, or alternatively to order an evidentiary hearing. The Sheriff's public filing rendered the Jail Video beyond the scope of the APO. By failing to correct his filing within a reasonable period of time as permitted by the APO, the Sheriff voluntarily waived the self-designated confidentiality of the Jail Video, thus Plaintiffs did not violate the APO.[9] Furthermore, the Sheriff's tactical use of portions of the Jail Video to construct a narrative of the events in support of his Motion for Summary Judgment removes the entirety of the Jail Video from the APO's protection. See Sheriff MSJ at 4–6 (Facts 10, 12–14, and 16).[10]

The Sheriff fails to demonstrate that Plaintiffs violated the APO because the terms of the APO do not require protection of materials already in the public domain. Although the terms of the APO grant protective status to designated materials and the Jail Video was initially designated as confidential, see APO ¶ 1.b; Email Re: Jail Video, the APO specifically excludes from protection materials made public, so long as the materials were not made public in violation of the APO. See id. ¶¶ 2.f. ("Regardless of any provision in this Order to the contrary, a party does not have to

---

[9] The Court does not reach the issue of sanctions because it finds no violation of the APO.

[10] Defendants alternatively seek an evidentiary hearing. Defs.' Contempt Mot. at 1, 13. There is no dispute that the Sheriff used the Jail Video during the depositions and then attached excerpts of the depositions to its public Motion for Summary Judgment. See Defs.' Joint Reply Supp. Mot. Civil Contempt at 8; Sheriff MSJ, Exs. 4, 7, 11, 15. The Court concludes as a matter of law that the Jail Video is beyond the scope of the APO and therefore an evidentiary hearing is unnecessary.

file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party"), 10.a. ("The restrictions set forth in this Order shall not apply to documents or information designated Confidential that are publicly available or that are obtained independently and under rightful means by the Receiving Party, unless they became so due to a violation of this Order"). The Sheriff's public filing of the depositions containing quotes from and references to the Jail Video was not a violation of the APO and rendered the Jail Video public.[11] See Sheriff MSJ, Exs. 4, 7, 11, 15. When the Jail Video became public, it was beyond the scope of the APO. See APO ¶ 10.a.

Further, the Sheriff acquiesced to the public filing of the Jail Video well before the Plaintiffs attached it to their motion response. The Sheriff's co-defendants all made use of the Jail Video in their own motions for summary judgment. Durborow and Harding's motions contained statements of fact citing to deposition excerpts,

---

[11] Defendants argue that "there is a significant difference between Sheriff's use of witnesses' testimony recalling the events (after Counsel refreshed their memory with the jail videos) and Counsel's publication of the confidential videos on a third-party website so new media could access and report on their content." Defs.' Joint Reply Supp. Mot. Civil Contempt at 8, Jan. 31, 2020, ECF No. 183 ("Defs.' Reply"). Defendants' argument lacks merit. Unsealed deposition excerpts filed by Sheriff as exhibits to its summary judgment motion quote directly from the Jail Video. See, e.g., Sheriff's MSJ, Ex. 4 at 127. Defendants fail to explain to the Court why deposition transcripts directly quoting the Jail Video are not subject to confidentiality under the APO, but the Jail Video is, when both the deposition transcripts and the Jail Video contain the same information. Furthermore, Defendants Bray and Shoemaker filed an unsealed CD containing clips of the Jail Video as exhibits to their summary judgment motions nearly a month before Plaintiffs filed their response to Sheriff's summary judgment motion. Compare Jail Video DVD (filed December 3, 2019) with Pls.' Resp. Floyd MSJ (filed January 17, 2020). To date, the Jail Video DVD is publicly available, and Sheriff has not made a motion for sanctions or civil contempt against Bray, Shoemaker, or their counsel.

11

which contained statements from the Jail Video and descriptions of what the deponent viewed on the video. See Harding MSJ at 4–6, Ex. 4 at 124–27, 131–38, Ex. 7 at 153:5–155:6, Ex. 11 at 74–77, 126–28, Ex. 15 at 185–86, 188–91, 193–94; Durborow MSJ at 4–6, Ex. 4 at 124–27, 131–38, Ex. 7 at 153–55, Ex. 11 at 74–77, 126–28, Ex. 15 at 185–86, 188–91, 193–94. Horn used depositions in her motion's statement of facts. See Horn MSJ at 1, 5–6. Horn also referenced her own statements contained in the Jail Video, which were discussed in her deposition. See, e.g., id. at 13, Horn's Dep. at 137, 148. Bray and Shoemaker's motions directly cited the Jail Video and include four unsealed clips from the Jail Video. Bray MSJ at v; Shoemaker MSJ at v; see Jail Video DVD. In their statement of facts, Integris, Williams, and Grimes cited to deposition excerpts quoting the Jail Video. Integris MSJ at 6–7, Ex. 7 at 107–08, 118–19, Ex. 8 at 204, Ex. 10 at 173–74, 191–93. The Sheriff received notice of the filing of its co-defendants' motions between December 13 and 20, 2019. Defendants do not indicate they requested their co-defendants withdraw and re-file their motions and exhibits under seal as they now request of the Plaintiffs.

Further, after making portions of the Jail Video public, Defendants failed to re-designate the Jail Video as confidential pursuant to the terms of the APO. The APO permits a party who erroneously files confidential materials unsealed to notify the other parties and the Court in writing and provide sealed copies in substitution, assuming it did so within a reasonable amount of time. APO ¶ 9 ("A Supplying Party that inadvertently fails to designate discovery material as 'Confidential'….at the time of its production shall be entitled to make a correction to its designation within a

reasonable time of the discovery of the [non-designation]. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated"). Instead of timely providing notice and substitutions, Defendants waited 50 days after the Sheriff filed its motion for summary judgment, and 14 days after Plaintiffs filed their response, to raise the issue of the confidentiality of the Jail Video with Plaintiffs. See Defs.' Contempt Mot. at 6; Pls.' Resp. Contempt Mot. at 6; Defs.' Joint Reply Supp. Mot. Civil Contempt, Ex. 1; Pls.' Resp. Contempt Mot., Ex. 2, Feb. 5, 2020, ECF No. 180-2. Not only is 50 days an unreasonable period of time to delay notifying the Court or the parties in this case, but the Sheriff also failed to make the required substitutions.[12] Instead, the Sheriff's counsel called Plaintiffs' counsel and informed them that filing clips of the Jail Video violated the APO and that Defendants intended to seek relief from the Court.[13] See Defs.' Contempt Mot. at 6; Pls.' Resp. Contempt. Mot. at 6.

---

[12] Had the Sheriff wanted to maintain APO protection for the Jail Video, the APO provides that it needed to write the parties and the Court within a reasonable amount of time informing them it discovered that it had filed its summary judgment motion and exhibits unsealed in error. See APO ¶ 9.

[13] The Sheriff's counsel also wrote a letter with her analysis of how the Plaintiffs had violated the APO and demanded the Plaintiffs withdraw the exhibits containing links to the Jail Video and refile under seal. Defs.' Joint Reply Supp. Mot. Civil Contempt, Ex. 1. Even assuming the Sheriff did not discover its inadvertent disclosure until after the Plaintiffs filed their response to the motion for summary judgment, the Sheriff still waited 14 days to notify the Plaintiffs of the issue. In this case, 14 days would be an unreasonable amount of time to raise the issue with the other parties and the Court.

13

Finally, the Sheriff's tactical use of portions of the Jail Video destroys the confidentiality designation of the entirety of the Jail Video. See Sheriff MSJ at 4. Although the Jail Video's confidentiality status stems from the terms of the APO rather than from the laws of evidence, the law on privileged communications is instructive here. The tactical use of portions of privileged communications renders the privilege waived as to the entirety of a communication. Burke v. Regalado, 935 F.3d 960, 1023 (10th Cir. 2019) ("Any voluntary disclosure by the client to a third party waives the privilege not only as to the specific communication disclosed, but often as to all other communications relating to the same subject matter") quoting United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982) ("[W]hen a party reveals part of a privileged communication to gain an advantage in litigation, the party waives the attorney-client privilege as to all other communications relating to the same subject matter. Selective disclosure for tactical purposes waives the privilege").

Thus, Plaintiffs did not violate the APO by filing its unsealed response to the Sheriff's motion for summary judgment containing links to the Jail Video, and sanctions against Plaintiffs are unwarranted.[14] It is,

---

[14] Defendants also argue that Plaintiffs or counsel intentionally or negligently filed the Jail Video publicly and on a third-party website, which "at a minimum violated the APO's prohibition against the production of non-confidential information for any purpose other than this litigation." Defs.' Contempt Mot. at 7, 7 n.4 (citing APO ¶ 1.e.); Defs.' Reply at 6–7, 6–7 nn.15–16 (citing APO ¶ 1.e.). Paragraph 1.e. of the APO provides "Subject to paragraph 1[0](c), all documents and other materials produced in this litigation shall be used only for purposes of this litigation whether or not a Supplying Party designates such documents or materials as 'Confidential.'" APO ¶ 1.e. Plaintiffs published clips of the Jail Video to a third-party website which allowed Plaintiffs to provide the hyperlinks to the clips of the Jail Video in their response to Sheriff's motion for summary judgment. Pls.' Resp. Floyd MSJ, passim. Thus,

14

**ORDERED** that the Defendants' Joint Motion for Civil Contempt, Sanctions, Or, Alternatively, a Sealed Evidentiary Hearing is **DENIED**.

/s/ Claire R. Kelly<br>
Claire R. Kelly, Judge*

Dated:	August 18, 2022
	New York, New York

---

Plaintiffs did not violate paragraph 1.e. of the APO because the uploaded clips were used for the purpose of this litigation.

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.