IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUSTIN P. BOND, as Personal Representative of the Estate of Terral Brooks Ellis, II, deceased, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>THE SHERIFF OF OTTAWA COUNTY in his official capacity, et al.,<br><br>Defendants. | Case No.: 17-cv-00325-CRK-CDL |

### MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS BAPTIST HEALTHCARE OF OKLAHOMA, LLC D/B/A INTEGRIS MIAMI EMS, KENT WILLIAMS AND JENNIFER GRIMES

COME NOW Defendants Baptist Healthcare of Oklahoma, LLC, d/b/a Integris Miami EMS, Kent Williams, and Jennifer Grimes (hereinafter "Integris EMS Defendants"), by and through their counsel of record, and pursuant to Fed.R.Civ.P. 6 & 56 as well as LCvR 56-1, submit this *Motion for Leave to File Motion for Summary Judgment* based on the Court's June 16, 2023, *Memorandum and Order* [Doc. # 303] related to Plaintiff's expert witness Dr. Todd Wilcox. Specifically, given the Court's exclusion of Dr. Wilcox as to claims against the Integris EMS Defendants, the Integris EMS Defendants seek an Order allowing leave to file a motion for summary judgment on the limited issue of Plaintiffs' inability to establish an essential element of their medical malpractice claim. In support thereof, the Integris EMS Defendants would state:[1]

---

[1] Plaintiffs object to the *Motion,* Defendant Sheriff does not object.

**Introduction**

On June 16, 2023, the Court issued an *Order* that excluded Plaintiffs' expert, Dr. Todd Wilcox, from testifying as to the paramedic standard of care and/or whether the Integris EMS Defendants violated that standard of care. Absent Dr. Wilcox, Plaintiffs have not identified any other expert who will provide evidence that establishes necessary elements of a professional negligence claim and summary judgment is appropriate.

Based on the timing of the Court's *Order* related to Dr. Wilcox and with Local Rules precluding additional summary judgment motions absent leave of the court, this *Motion* seeks leave to file a summary judgment motion on the limited issue of Plaintiffs' inability to establish the necessary elements of a professional negligence claim based on the Court's June 16, 2023 ruling. The Integris EMS Defendants do not believe the instant *Motion*, or the following summary judgment motion (should the instant *Motion* be granted) will interfere with the trial date currently scheduled to begin August 14, 2023, against any of the remaining parties.

**Procedural History**

1. Plaintiffs' *Complaint* includes a single state law tort cause of action against the Integris EMS Defendants for medical negligence by the paramedics causing Mr. Ellis' wrongful death (*See*, Doc. #2, ¶¶65-71).

2. On September 10, 2019, the Court entered a *Second Amended Scheduling Order*, including deadlines for both dispositive motions and *Motions in Limine* to be filed by December 18, 2019 [Doc. #102].

3. On December 03, 2019, the Court extended the deadline to file any *Motions in Limine* until January 02, 2020, but did not extend the time to file any dispositive motions [Doc. #119].

4. The Integris EMS Defendants filed their *Motion for Summary Judgment* on December 18, 2019, on the issue of supervening/intervening cause [Doc. # 133].

5. On December 27, 2019, the Court struck all remaining pretrial deadlines in the *Second Amended Scheduling Order*, including any potential *Daubert* motion or *Motions in Limine*, to be reset following rulings on the then-pending summary judgment motions filed by each of the defendants [Doc. #140].

6. The Court denied the Integris EMS Defendants' *Motion for Summary Judgment* in its *Opinion and Order* dated November 04, 2022 [Doc. #217].

7. After several of the defendants were voluntarily dismissed by Plaintiffs [Doc. #231], the Court entered an *Amended Scheduling Order* with a new deadline for any *Motions in Limine* of April 03, 2023 [Doc. ##239 & 241].

8. On April 03, 2023, the Integris EMS Defendants filed their *Motion in Limine,* seeking in their first contention the exclusion of testimony from Plaintiffs' expert witness Dr. Todd Wilcox pursuant to *Daubert* and FRE 702 [Doc. #243].

9. On May 16, 2023, the Court filed its *Memorandum and Order* [Doc. #282] on the issue of Dr. Wilcox, granting Plaintiffs until May 31, 2023, to provide a declaration from Dr. Wilcox that established appropriate foundation for his opinions against the paramedics. The Court further provided that it would hold an evidentiary hearing related to Dr. Wilcox's qualification and foundation should the defendants not be satisfied with the declaration provided.

10. On May 31, 2023, Plaintiffs filed a *Declaration of Todd Wilcox, M.D.* [Doc. #290].

11. In compliance with the Court's *Order* [Doc. 282], the parties submitted a *Notice* on June 07, 2023, identifying the defendants' belief that an evidentiary hearing was still necessary [Doc. # 293].

12. On June 08, 2023, the Court entered an *Order* [Doc. #294] setting the evidentiary hearing for June 14, 2023.

13. On June 14, 2023, the evidentiary hearing was held where Dr. Wilcox testified and the parties made further argument regarding Dr. Wilcox's foundation for opinions rendered [Doc. #298].

14. On June 16, 2023, the Court issued its Memorandum and Order [Doc. # 303] related to Dr. Wilcox. As part of that *Order*, the Court disallowed Dr. Wilcox from testifying as to the paramedic standard of care, whether the paramedics deviated from the standard of care, and whether the paramedics should have treated Mr. Ellis or transported Mr. Ellis for treatment.

15. The case is presently set for trial on August 14, 2023 (*See*, Doc. #241, ¶14).

### Argument and Authority

Summary Judgment is controlled by Fed.R.Civ.P. 56. Local rule LCvR. 56-1(a) requires leave of the Court for any additional motion for summary judgment. Fed.R.Civ.P. 6(b)(1) provides guidance for the Court in allowing requests for motions made out of time. In this case, leave should be granted as the Court's recent *Order* on Dr. Wilcox excluding him from testifying as to the paramedic standard of care and whether the paramedics breached that standard, renders Plaintiffs claim against Integris unproveable at trial. Because the Court had not yet granted the Integris EMS Defendants' *Motion* under *Daubert* and FRE 702 until June 16, 2023, the Integris

4

EMS Defendants were not in a position to seek summary judgment on the expert witness issue until now.

There is no dispute that summary judgment is potentially appropriate if Plaintiff cannot present expert evidence to support an essential element of its claim.  *See, Petersen v. Raymond Corp.*, 994 F.3d 1224, 1230 (10th Cir. 2021); *Wells v. Kawasaki Motors Corp., U.S.A.*, 854 Fed. Appx. 242, 249 (10th Cir. 2021); *Taber v. Allied Waste Sys., Inc.*, 642 Fed. Appx. 801, 812-814 (10th Cir. 2016); *Graves v. Mazda Motor Corp.*, 405 Fed. Appx. 296 (10th Cir. 2010); *Truck Ins. Exch. v. MagneTek, Inc.*, 360 F.3d 1206 (10th Cir. 2004); *Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965 (10th Cir. 2001).  There is also no dispute that the Court's *Order* excluding Dr. Wilcox as an expert as to the Integris EMS Defendants was not entered until June 16, 2023, following the evidentiary hearing held June 14, 2023.

Because the instant *Motion* is made past the deadline, the Court must decide whether the request should be allowed under Fed.R.Civ.P. 6(b)(1).  The particular subsection provides that, when a party files a motion after the time for doing so expires, a court may, for good cause, extend the time "if the party failed to act because of excusable neglect." (Fed.R.Civ.P. 6(b)(1)(B)).  The Supreme Court has identified four factors to guide courts in determining whether "excusable neglect" has occurred:

1. The danger of prejudice to the [other party],
2. The length of the delay and its potential impact on judicial proceedings,
3. The reason for the delay, including whether it was within the reasonable control of the movant, and
4. Whether the movant acted in good faith.

*Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  In *Pioneer*, the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration in determining whether the district court had

abused its discretion. *See, Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996), *and see, Thomas v. Kroger Co.*, 24 F.3d 147 (11th Cir. 1994), holding a district court may consider an untimely motion for summary judgment if doing so is in the interest of judicial economy. *Id.* at 149. Courts have even allowed summary judgment motions after a pretrial conference when appropriate, especially when new evidence or rulings arise. *See, Leathers v. Leathers*, 2013 WL 4551025 (D. Kan. 2013), holding: "The court finds that the circumstances warrant leave to file the additional summary judgment motion," *Leathers* at *4; *and see, St. Clair v. City of Iola, Ks.*, 1994 WL 129993, (D. Kan. 1994), stating: The court, in the exercise of its discretion, finds that under the circumstances of this case it is a benefit to both the court and the parties to permit the defendant to file a motion for summary judgment out of time. *Id.* at 5.

In this case, the Integris EMS Defendants assert that all four factors articulated by the Supreme Court weigh in their favor and the Court should grant the instant *Motion*. Plaintiffs are not prejudiced by responding to a summary judgment motion on this issue at this time – the Court has already ruled under Daubert and FRE 702 that their expert may not testify as to the paramedics' standard of care. Further, the Integris EMS Defendants did not delay in seeking this subsequent summary judgment motion, filing the request the next business day following the Court's *Order* of June 16, 2023, excluding Dr. Wilcox on standard of care and causation topics [Doc. #303]. Finally, there is no reasonable dispute that the Integris EMS Defendants are acting in good faith – only seeking relief once the Court granted the *Motion in Limine* [Doc. # 243] pursuant to *Daubert* and FRE 702.

Not only does the Court have the authority to allow the Integris EMS Defendants leave to file the requested summary judgment under Fed.R.Civ.P. 56(b), but local rule LCvR 7-1(i) allows motions filed even closer to trial than the present *Motion* when based upon newly discovered

6

issues.  Given the limited nature of the issue involved, there is no risk of delay to the present trial date, and the present *Motion* does not impact the issues between Plaintiffs and any other defendant(s).  Indeed, the instant *Motion*, if granted, will assist the Court in framing the remaining claims and parties for trial, avoid undue expense and will conserve judicial resources when Plaintiffs cannot establish a necessary element of their claim against the paramedics.

## Conclusion

Based on the Court's *Order* regarding Dr. Wilcox as to the paramedic standard of care, Plaintiffs will be unable to make an essential element of their claim against the Integris EMS Defendants.  The Court should allow, for purposes of judicial economy, leave for the Integris EMS Defendants to file a second motion for summary judgment on that limited issue.  The Integris EMS Defendants are prepared to file their motion for summary judgment within one day of the Court's *Order*.

WHEREFORE, premises considered, Defendants Baptist Healthcare of Oklahoma, LLC, d/b/a Integris Miami EMS, Kent Williams, and Jennifer Grimes pray this Court grant this *Motion for Leave to File Motion for Summary Judgment* based on the Court's June 16, 2023, *Memorandum and Order* [Doc. # 303] related to Plaintiff's expert witness Dr. Todd Wilcox, for an *Order* allowing said *Motion for Summary Judgment*, and for such other relief as is just and equitable.

Respectfully submitted,

/s/ John David Lackey
John David Lackey, OBA #20516
John R. Paul, OBA #6971
PAUL & LACKEY, P.C.
20 East Fifth Street, Suite 1000
Tulsa, OK  74103-5118
Tele:  (918) 584-2583
***ATTORNEYS FOR THE INTEGRIS EMS DEFENDANTS***

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of June, 2023, I electronically transmitted the above and foregoing pleading to the Clerk of the Court using the ECF System for filing and the transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this case.

/s/ John David Lackey  
John David Lackey
