IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUSTIN BOND, Special Administrator of the Estate of Terral Ellis II, Deceased, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE SHERIFF OF OTTAWA COUNTY, in his Official Capacity, *et al.*,<br><br>Defendants. | Case No.: 17-cv-00325-CRK-CDL |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO THE
INTEGRIS EMS DEFENDANTS' MOTION FOR LEAVE TO FILE A
SECOND MOTION FOR SUMMARY JUDGMENT**

COME NOW, the Plaintiffs, and respectfully submit their Response in Opposition to Defendants Baptist Health care of Oklahoma, LLC d/b/a Integris Miami EMS, Kent Williams and Jennifer Grimes' (hereinafter, collectively referred to as the "Integris EMS Defendants") Motion for Leave to File a Second Motion for Summary Judgment (Dkt. #307), as follows:

**Introductory Statement**

This Court's Local Rules provide, in no uncertain terms, that "[a]bsent leave of Court, each party may file only one motion under Fed. R. Civ. P. 56." LCvR56-1(a). The Tenth Circuit Court of Appeals has cautioned that it is not the "usual practice to give litigants the proverbial second bite at the apple." *Pippin v. Burlington Resources Oil and Gas Co.,* 440 F.3d 1186, 1199 (10th Cir. 2006). As shown herein, the Integris EMS Defendants have provided this Court with no grounds to deviate from the "usual practice", as codified in LCvR56-1(a). Simply put, these Defendants should not be given "the proverbial second bite at the apple."

The deadline for filing dispositive motions expired on December 18, **2019**, over 3 and ½ years ago. Trial is quickly approaching. Plaintiffs would be significantly prejudiced by the filing of

1

a second motion for summary judgment at this late stage in this case. Moreover, as discussed *infra*, the second motion for summary judgment, as proposed by the Integris EMS Defendants, has no reasonable likelihood of success. It will only waste the valuable time and resources of the parties and Court during the waning days remaining before trial.

The Integris EMS Defendants' Motion for Leave (Dkt. #307) should be denied.

### **Statement of Facts/Background**

Plaintiffs have asserted a negligence/wrongful death cause of action against the Integris EMS Defendants under Oklahoma common law.

On October 21, 2015, upon being called to the Ottawa County Jail to assess Terral Ellis' condition after a complaint of seizure activity, Defendants Kent Williams and Jennifer Grimes[1] did ***not*** take a full set of vital signs; most importantly, they failed to measure Mr. Ellis' pulse oximetry. *See* Integris EMS Records (10/21/15) (Dkt. #152-15); Wilcox Depo. (Dkt. #152-16) at 171:22 – 172:4. This is one of the primary failures forming the basis of Plaintiffs' claims against the Integris EMS Defendants.

Plaintiffs retained an expert, Todd Wilcox, M.D. ("Dr. Wilcox"), to give opinion testimony in this case. Dr. Wilcox issued his expert report in this matter on October 9, 2019. *See* Wilcox (Verified) Report (Dkt. #152-9). Counsel for Defendants took Dr. Wilcox's deposition on October 21, 2019.

In his expert report, Dr. Wilcox opines that the Integris EMS Professionals breached their duty to Mr. Ellis by failing to perform a "very basic healthcare assessment including a full set of vital signs." Wilcox (Verified) Report (Dkt. #152-9) at 8. As Dr. Wilcox has testified, "[a] set of

---

[1] As the Court is aware, Mr. Williams and Ms. Grimes are emergency medical service ("EMS") professionals who were, at all pertinent times, employed by Defendant Baptist Health care of Oklahoma, LLC d/b/a Integris Miami EMS ("Integris EMS").

2

vital signs is absolutely essential even just to have a starting point to know what to do with the patient, and [the Integris EMS Professionals] didn't even do that." Wilcox Depo. (Dkt. #152-16) at 89:4-22. Dr. Wilcox further opines that "[h]ad [the Integris EMS Professionals] completed a proper set of vital signs, it is likely that they would have seen an abnormality in the patient's pulse oximetry and that would have informed them and their medical control that [Ellis] needed additional workup." Wilcox (Verified) Report (Dkt. #152-9) at 8-9. Per Dr. Wilcox, the Integris EMS Professionals exhibited "overreach of their training and medical authority" in making a medical determination that Mr. Ellis was "fine" to stay at the Jail based on a cursory and incomplete examination. *Id.* at 9.

Under the Court's Second *Amended* Scheduling Order, the deadline for dispositive motions was December 18, 2019. *See* Dkt. #102.

The Integris EMS Defendants filed a Motion for Summary Judgment on December 18, 2019, asserting that they are not liable under the supervening/intervening cause doctrine. *See* Dkt. #133. The Integris EMS Defendants made no mention of Dr. Wilcox's lack of qualifications to opine concerning any necessary element of Plaintiffs' negligence claim. *Id.*

On November 4, 2022, the Court filed its Opinion and Order denying the Integris EMS Defendants' Motion for Summary Judgment.

On April 3, 2023, the Integris EMS Defendants filed a Motion *in Limine* which included an argument that Dr. Wilcox's opinions, as they pertain to the Integris EMS Defendants, should be precluded because he is not qualified to testify regarding the paramedic standard of care. *See* Dkt. #243. The sole basis for this argument was that Dr. Wilcox is not a paramedic and has never worked as a paramedic. *Id.*

Plaintiffs filed a Response in Opposition to the Integris EMS Defendants' Motion *in Limine* arguing, in part, that Dr. Wilcox's opinions involve basic and fundamental aspects of a patient

assessment that apply to medical professionals of every kind, including EMS/paramedic professionals. *See* Dkt. #259 at 3-6.

On May 16, 2023, this Court issued a Memorandum and Order provisionally denying the Integris EMS Defendants' Motion *in Limine* with respect to Dr. Wilcox. *See* Dkt. #282 at 7-9, 12. The Court held that "the part of Integris' motion in limine requesting exclusion of expert testimony … is denied, and Wilcox may testify as to the appropriate standard of care for paramedics and whether the Integris paramedics conformed to that standard, subject to laying the proper foundation and consistent with this memorandum…." *Id.* at 12 (emphasis added). Specifically with respect to laying a "foundation", the Court held that Plaintiffs must: (1) "demonstrate Wilcox possesses sufficient specialized knowledge to assist jurors in deciding the particular material issues in this case"; (2) "demonstrate how the relationship between Wilcox's methodology, proffered conclusions, and the facts of this case make Wilcox's testimony reliable and relevant"; and (3) "lay foundation in the form of Wilcox's training, experience, and methodology to demonstrate his testimony would be helpful to the jury on the issue of the EMS standard of care applicable to Integris." *Id.* at 8. In this regard, the Court directed Plaintiffs to file a "a sworn statement by Wilcox, which includes all of the facts to establish the foundation for Wilcox's opinion consistent with this memorandum…." *Id.* at 12.

On May 31, 2023, Plaintiffs filed a Declaration setting out Dr. Wilcox's pertinent training, experience and methodology. *See* Dkt. #290-1. Relevant to EMS, the Declaration provides that EMTs -- working within the Salt Lake County Jail System -- practice under Dr. Wilcox's "license and supervision" and that it is his responsibility to "define [the EMTs'] scope of care and the standard of care that they practice." Dkt. #290-1 at 2. More fundamentally, and consistent with his expert report and deposition testimony, Dr. Wilcox states:

Through my education, and decades of experience as a medical professional I know

4

> that there are certain fundamental standards of care that apply across all healthcare disciplines and licensures, including in jails and by EMS professionals. Particularly in an emergent or urgent situation, ***it is the standard of care for all healthcare professionals to perform a basic healthcare assessment which includes, at a minimum, a full set of vital signs.***

*Id.* (emphasis added).

On June 14, 2023, the Court held an evidentiary hearing. The Court admitted evidence, including Dr. Wilcox's Report, CV, Declaration and sworn testimony. The evidence re-affirmed that a full set of vital signs, including pulse oximetry, is the standard of care for any medical assessment, including an assessment by an EMT, and that Dr. Wilcox has the necessary specialized knowledge, training and experience to opine on this rudimentary standard.

Nonetheless, on June 16, 2023, the Court filed a Memorandum and Order ruling that Plaintiffs failed to lay a sufficient foundation for Dr. Wilcox to testify concerning the standards applying to paramedics. *See* Dkt. #303.

On June 20, 2023, the Integris EMS Defendants filed their Motion for Leave arguing that "[t]here is no dispute that summary judgment is *potentially* appropriate if Plaintiff cannot present expert evidence to support an essential element of its claim." Dkt. #307 at 5 (emphasis added) (citations omitted).

On the morning of June 23, 2023, Plaintiffs filed a Motion to Reconsider the Court's decision to preclude Dr. Wilcox from testifying regarding the standard of care for EMT's/paramedics. *See* Dkt. #313. As part of the Motion to Reconsider, Plaintiffs state:

> At trial, *whether Dr. Wilcox testifies on the issue or not*, the Integris EMS Defendants will be forced to concede that a full set of vital signs, including pulse oximetry, was mandatory in this case. The State of Oklahoma's Emergency Medical Services Protocols ("EMS Protocols") provide that in conducting any "medical general assessment", EMS professionals should "[l]iberally obtain pulse oximetry readings…." EMS Protocols (Excerpts) [Dkt. #313-1] at 11 of 20. Pulse oximetry readings are a required component of the "ABCs" -- *i.e.,* "Airway, Breathing and Circulation" -- of an EMS assessment. *Id.* Consistent with Dr. Wilcox's opinions, the EMS Protocols confirm that "vital signs" include "pulse, respiratory rate, blood

5

> pressure" and "pulse oximetry." *Id.* at 16 of 20. The EMS Protocol specific to "Seizure[s]" also requires that the EMT "obtain vital signs". *Id.* at 19 of 20. Even without expert testimony, Oklahoma's EMS Protocols establish these basic aspects of an EMS medical assessment.

*Id.* at 5.

The Court held a Pretrial Conference on June 23, 2023.

## Discussion

### PROPOSITION: The Integris EMS Defendants Should *Not* Be Given Leave to File a Second Motion for Summary Judgment

As mentioned above, this Court's Local Rules provide that "[a]bsent leave of Court, each party may file only one motion under Fed. R. Civ. P. 56." LCvR56-1(a). The Tenth Circuit Court of Appeals has cautioned that it is not the "usual practice to give litigants the proverbial second bite at the apple." *Pippin v. Burlington Resources Oil and Gas Co.,* 440 F.3d 1186, 1199 (10th Cir. 2006). "Grounds for permitting successive summary judgment motions include an intervening change in the applicable law, *Smith v. McGarvie,* 321 Fed.Appx. 665, 666, 2009 WL 965806, at * 1 (9th Cir. April 7, 2009); where the moving party has expanded the factual record on which summary judgment is sought, *Lexicon, Inc. v. Safeco Ins. Co. of America, Inc.,* 436 F.3d 662, 670, n. 6 (6th Cir.2006); and to correct a clear error or prevent manifest injustice. *Fernandez v. Bankers Nat'l Life Ins. Co.,* 906 F.2d 559, 569 (11th Cir.1990)." *Robinson v. Denver Art Museum,* No. 11-CV-00315-REB-BNB, 2012 WL 934208, at *1–2 (D. Colo. Mar. 20, 2012). None of these grounds are present here.

The Integris EMS Defendants assert that "the Court's recent Order on Dr. Wilcox excluding him from testifying as to the paramedic standard of care and whether the paramedics breached that standard, renders Plaintiffs claim against Integris unproveable at trial." Dkt. #307. But this is simply not true. Even assuming the Court denies Plaintiffs' Motion to Reconsider (Dkt. #313), expert testimony is not required in this case. The standard of care at issue here is so basic and elementary that Plaintiffs can establish it through the testimony of Mr. Williams and Ms.

Grimes. As noted above, the applicable EMS Protocols provide that in conducting any "medical general assessment", EMS professionals should "[l]iberally obtain pulse oximetry readings…." EMS Protocols (Excerpts) (Dkt. #313-1) at 11 of 20. Pulse oximetry readings are a required component of the "ABCs" -- *i.e.,* "Airway, Breathing and Circulation" -- of an EMS assessment. *Id.* When put under oath at trial, Mr. Williams and Ms. Grimes will be forced to admit that pulse oximetry readings are required as part of an EMS general assessment. The evidence will additionally show that Mr. Williams and Ms. Grimes failed to record Mr. Ellis' pulse oximetry in violation of this rudimentary standard. Plaintiffs can establish this with or without Dr. Wilcox's testimony.

The Integris EMS Defendants argue that there is "[t]here is no dispute that summary judgment is *potentially* appropriate if Plaintiff cannot present expert evidence to support an essential element of its claim." Dkt. #307 at 5 (emphasis added). But the authorities they cite in support of this argument bear little resemblance to the case-at-bar. All of the opinions relied upon by the Integris EMS Defendants are from products liability cases involving technical design and/or industry standard issues. For instance, *Petersen v. Raymond Corp.,* 994 F.3d 1224, 1230 (10th Cir. 2021) involved a comparative analysis, or lack thereof, concerning the design of a forklift. The Court in *Wells v. Kawasaki Motors Corp.,* U.S.A., 854 F. App'x 242, 247–49 (10th Cir. 2021) addressed an expert's opinions regarding the sufficiency of a motorcycle manufacturer's safety warnings. *Taber*, also cited by the Integris EMS Defendants, is yet another products liability case. There, the proffered experts gave opinions as to the design of a ladder and whether defects in the design caused the plaintiff's injuries. *See Taber v. Allied Waste Sys., Inc.,* 642 F. App'x 801, 804–05 (10th Cir. 2016). In *Graves v. Mazda Motor Corp.,* 405 F. App'x 296, 297–98 (10th Cir. 2010), the plaintiff alleged that an automobile's gear shift design was defective and unreasonably dangerous. Lastly, *Truck Ins. Exch. v. MagneTek, Inc.,* 360 F.3d 1206, 1214–16 (10th Cir. 2004) centered on

allegations that heat from a ballast, manufactured by the defendant, was sufficient to cause one of the furring strips in the plaintiff's ceiling to catch on fire.

All of these cases involved either complex scientific matters or technical industry standards which required expert testimony. By contrast, here, as this Court recognized, "although [Dr.] Wilcox is not a paramedic, *his testimony is not being sought to address a technical medical issue with which he has no experience.*" Dkt. #282 at 6-7 (emphasis added). Plaintiffs are not attempting to show that a manufacture's design of a gear shift or ladder caused Mr. Ellis' injuries. The case against the Integris EMS Defendants is about a well-established and rudimentary standard. Again, the requirement that EMS professionals take a full set of vital signs -- including a pulse oximetry reading -- is clearly stated in Oklahoma's EMS Protocols. This is a basic requirement that is not beyond the understanding of a lay juror. Under the particular circumstances of this case, the Integris EMS Defendants cannot establish that expert testimony is necessary. Therefore, the Integris EMS Defendants have provided this Court with no basis to grant leave to file a second motion for summary judgment.

Furthermore, as the Integris EMS Defendants recognize, because they are seeking leave to file a second motion for summary judgment over 3 and ½ years after the dispositive motion deadline, the Motion for Leave must be construed as a request to file the second motion for summary judgment out of time. *See, e.g., Robinson,* 2012 WL 934208, at *1–2. In order to obtain leave to file a motion out of time, the movant must demonstrate "excusable neglect". Fed.R.Civ.P. 6(b)(1)(B). In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 398-99 (1993), the Supreme Court identified four factors for courts to consider: (1) prejudice to the nonmoving party; (2) length of delay and its potential impact on judicial proceedings; (3) the reason for delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. These factors weigh against granting the Integris EMS Defendants' Motion for

Leave.

First, Plaintiffs will be prejudiced by the filing of a second motion for summary judgment. Trial of this matter is set to begin on August 14, 2023, just 49 days from the date of this Response. After the June 23 Pretrial Conference, the Court issued additional deadlines and dates, including a June 30 deadline for the filing of a Revised Joint Proposed Pretrial Order, a July 3 deadline for the filing of supplemental motions in limine and a July 10 deadline for the filing of responses to the supplemental motions in limine. *See* Dkt. #315. The Court has also set July 18 as the date for a second pretrial conference. *Id.* Additionally, the parties are required to file requested jury instructions, verdict forms and voir dire by July 20, 2023. *See* Dkt. #241. Counsel for Plaintiffs is rightly focused on trial preparation at this late stage in the case. Requiring Plaintiffs to respond to a second motion for summary judgment will hinder trial preparation. By taking valuable time and resources away from trial preparation, at a critical juncture in the case, Plaintiffs will be substantially prejudiced by any second dispositive motion filed out of time.

Second, and relatedly, the length of delay and its potential impact on the judicial proceedings are not insignificant. The Motion for Leave comes over 3 and ½ years after the dispositive motion deadline. While Plaintiffs are confident that the proposed second motion for summary judgment has little likelihood of success, the mere filing of such a motion will loom over the proceedings. It will require additional briefing and argument. A new ruling would be issued by the Court. The parties and Court's time would be much better spent on trial preparation.

Third, the Integris EMS Defendants' stated reason for the delay, that the Court did not rule on the Motion *in Limine* until June 16, 2023, is unconvincing. The Integris EMS Defendants *could* have raised Dr. Wilcox's purported lack of qualifications -- to opine concerning the paramedic standard of care -- when they filed their initial motion for summary judgment in December of 2019. All of the facts forming the basis of the Integris EMS Defendants' argument -- for the

9

preclusion of Dr. Wilcox's opinion -- have been known to Defendants since October of 2019, at the latest. The extensive delay in raising the issue is not the result of excusable neglect.

Fourth, while Plaintiffs do not believe that the Integris EMS Defendants' request for leave is in bad faith, it is not based on sound factual or legal grounds. As summarized *supra*, none of the authority cited by the Integris EMS Defendants supports dispositive relief under the circumstances of *this* case. It is unsurprising that other courts found expert testimony to be necessary in cases where complex matters of product design and/or technical industry standards were at issue. These authorities provide no basis, however, for the requirement of expert testimony to establish the accepted and basic aspects of an EMS medical assessment.

In sum, the Integris EMS Defendants should not be given leave to file a second motion for summary judgment out of time.

WHEREFORE, premises considered, Plaintiffs respectfully request that the Court deny the Integris EMS Defendants' Motion for Leave to File a Second Motion for Summary Judgment (Dkt. #307).

Respectfully submitted,

**SMOLEN & ROYTMAN**

/s/Robert M. Blakemore
Robert M. Blakemore, OBA #18656
Daniel E. Smolen, OBA #19943
Bryon D. Helm, OBA #33003
701 South Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 Fax
bobblakemore@ssrok.com
danielsmolen@ssrok.com
bryonhelm@ssrok.com

***Attorneys for Plaintiff***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of June 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and the transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this action.

/s/ Robert M. Blakemore