# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUSTIN P. BOND, as Personal Representative of the Estate of Terral Brooks Ellis, II, deceased, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>THE SHERIFF OF OTTAWA COUNTY in his official capacity, et al.,<br><br>  Defendants. | Case No.: 17-cv-00325-CRK-CDL |

## REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS BAPTIST HEALTHCARE OF OKLAHOMA, LLC D/B/A INTEGRIS MIAMI EMS, KENT WILLIAMS AND JENNIFER GRIMES

COME NOW Defendants Baptist Healthcare of Oklahoma, LLC, d/b/a Integris Miami EMS, Kent Williams, and Jennifer Grimes (hereinafter "Integris EMS Defendants"), by and through their counsel of record, and pursuant to LCvR 7-1(f), submit this *Reply to Plaintiffs' Response in Opposition to Motion for Leave to File Motion for Summary Judgment* based on the *Motion for Leave to File Motion for Summary Judgment* [Doc. # 307] and *Plaintiffs' Response in Opposition to the Integris EMS Defendants' Motion for Leave to File A Second Motion for Summary Judgment* [Doc. #317]. For the reasons provided in the *Motion* and this *Reply*, the Court should allow the Integris EMS Defendants leave to file a motion for summary judgment on this limited issue of Plaintiffs' lack of expert evidence in their professional negligence claim. In support thereof, the Integris EMS Defendants would state:

**Reply**

Plaintiffs put the cart before the horse, spending nearly their entire *Response* trying to pre-argue how a summary judgment motion is unlikely to succeed. Despite their unsupported argument to the contrary, there is no legitimate disagreement that without an expert witness to testify, Plaintiffs cannot establish a necessary element against the Integris EMS Defendants on the medical negligence claim. *See, Patel v. United States*, 399 Fed. Appx. 355, 359 (10th Cir. 2010), holding: "The elements of an Oklahoma medical malpractice claim are the same as any other negligence claim. Additionally, in all but the extraordinary medical malpractice case, the plaintiff has the burden of producing expert testimony to support a prima facie case of negligence." *Id.* at 359 (internal citations and quotations omitted); *Holley v. Evangelical Lutheran Good Samaritan Soc'y*, 588 Fed. Appx. 792 (10th Cir. 2014), holding "Generally, an expert is required [in a medical malpractice case] to establish both a deviation from the standard of care and causation." *Id.* at 795 (emphasis added); *Tarantola v. Cushing Mem. Hosp.*, 525 Fed. Appx. 836 (10th Cir. 2013), holding: "expert testimony is generally required to establish the standard of care and prove causation and that summary judgment may be granted for failure to present such expert testimony." *Id.* at 837. Indeed, Plaintiffs' own *Motion to Reconsider* [Doc. # 313] demonstrates their understanding that they need an expert to proceed on the state law tort claim.

While Plaintiffs now suggest that expert testimony is unnecessary as to their claim against the Integris EMS Defendants, their own conduct in this litigation is directly contradictory. Perhaps most telling, in their *Response* to the initial *Daubert* challenge to Dr. Wilcox [Doc. #259], Plaintiffs never once argue that expert testimony is unnecessary. Only after the Court rightfully determined that Dr. Wilcox had not supplied an appropriate foundation for any of his opinions as to the Integris

EMS Defendants has the Plaintiffs' suggestion that expert testimony is unnecessary now magically appeared.

The issue before the Court in the present *Motion* is <u>not</u> whether to grant summary judgment now that the Court has excluded Dr. Wilcox. The issue is simply whether <u>to allow</u> a summary judgment motion to the Integris EMS Defendants now that the Court has excluded Dr. Wilcox as an expert regarding the Integris paramedics care – and save everyone (including Plaintiffs), the additional time and expense of a trial on these state law claims when a necessary element will be impossible to establish. There are numerous cases showing where changes in facts or litigation posture warranted filing a summary judgment out of time. *See, Fees, v. Am. Family Life Ins. Co.*, 2020 WL 7038616 at *2 (N.D.Okla. 2020) ("A second motion for summary judgment may be filed if supported by new material"); *State Farm Fire v. Harry*, 2022 WL 16824527 at *3 (W.D. Okla. 2022) ("A second motion for summary judgment is proper after a prior motion is dismissed, if supported by new material.").

Plaintiffs also argue prejudice in the amount of work left to do before trial and that responding to a summary judgment motion will be too onerous. Respectfully, Plaintiffs have now spent considerable time in both their *Motion to Reconsider* [Doc. #313] and *Response* to this *Motion for Leave* [Doc. #317] addressing why summary judgment without an expert is still improper. The issue is so limited, the Integris EMS Defendants have asked for a single day to file the motion for summary judgment after being granted leave. It is further unclear how trial preparation would be impacted when Dr. Wilcox has already been disallowed (as to the Integris EMS Defendants), whether a summary judgment motion is filed and ruled upon – or whether the Court is forced to grant a *Motion* under Fed.R.Civ.P.50 after wasting the Court's and jurors' time.

Next, Plaintiffs argue that the Integris EMS Defendants *could* have sought exclusion of Dr. Wilcox earlier and had time to then file a summary judgment motion timely. The Court can plainly see from the record two things – first, that the deadline for dispositive motions was bifurcated from the deadline for motions *in limine* (and the subject *Daubert* motion) by the Court without objection by Plaintiffs [Doc. ## 118 & 119]; and second, that the Court stayed (again without objection from Plaintiffs) all remaining deadlines until after summary judgment motions had been ruled on [Doc. ## 139 & 140]. No party could have then predicted the pandemic that followed coupled with unanticipated assigned trial court difficulties that led those motions to sit for more than 3 years.

Plaintiffs do not dispute the Court has the power to grant leave to file the instant *Motion*, and the *Motion* itself explicitly cites the local rule that provides authority (*See*, Doc. #307, Pg. 4 ("Local rule LCvR. 56-1(a) requires leave of the Court for any additional motion for summary judgment.")). The Court has established an accelerated briefing schedule for the Plaintiffs' *Motion to Reconsider* and following the Court's denial of the *Motion to Reconsider*, there is no reasonable basis to require the Court and the parties to expend resources and time through the close of Plaintiffs' case at trial just to sustain a demurrer to the evidence when the standard of review for judgments under Fed.R.Civ.P 50 and Fed.R.Civ.P. 56 are identical. Granting the instant *Motion for Leave* will help focus the issues for trial, avoid jury confusion, reduce expense by all the parties, reduce time expended by the Court and the jury, and leave Plaintiffs with the same remedies. The proposed *Motion for Summary Judgment* is limited to the lack of expert testimony and will not affect the trial date or the issues with the other parties and claims. The *Motion for Leave* should be granted.

WHEREFORE, premises considered, Defendants Baptist Healthcare of Oklahoma, LLC, d/b/a Integris Miami EMS, Kent Williams, and Jennifer Grimes pray this Court grant this *Motion for Leave to File Motion for Summary Judgment* based on the Court's June 16, 2023, *Memorandum and Order* [Doc. # 303] related to Plaintiff's expert witness Dr. Todd Wilcox, for an *Order* allowing said *Motion for Summary Judgment*, and for such other relief as is just and equitable.

Respectfully submitted,

/s/ John David Lackey
John David Lackey, OBA #20516
John R. Paul, OBA #6971
PAUL & LACKEY, P.C.
20 East Fifth Street, Suite 1000
Tulsa, OK  74103-5118
Tele:  (918) 584-2583
***ATTORNEYS FOR THE INTEGRIS EMS DEFENDANTS***

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of June, 2023, I electronically transmitted the above and foregoing pleading to the Clerk of the Court using the ECF System for filing and the transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this case.

/s/ John David Lackey
John David Lackey
