# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUSTIN P. BOND, as Personal Representative of the Estate of Terral Brooks Ellis, II, deceased, et al._,_<br><br>Plaintiffs,<br><br>vs.<br><br>THE SHERIFF OF OTTAWA COUNTY in his official capacity, et al., <br><br>Defendants. | Case No.: 17-cv-00325-CRK-CDL |

## SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT WITH BRIEF IN SUPPORT BY DEFENDANTS BAPTIST HEALTHCARE OF OKLAHOMA, LLC D/B/A INTEGRIS MIAMI EMS, KENT WILLIAMS AND JENNIFER GRIMES

COME NOW Defendants Baptist Healthcare of Oklahoma, LLC, d/b/a Integris Miami EMS, Kent Williams, and Jennifer Grimes (hereinafter "Integris EMS Defendants"), by and through their counsel of record, and pursuant to Fed.R.Civ.P. 6 & 56 , LCvR 56-1, and the *Order* dated June 28, 2023 [Doc. #319], submit this *Supplemental Motion for Summary Judgment* related to Plaintiffs' inability to establish an essential element of their medical malpractice claim (breach of the standard of care) without expert testimony. The Integris EMS Defendants move this Court for summary judgment on the only claim against them, a state law medical negligence claim (the Second Claim for Relief in the *Complaint*) because Plaintiffs do not have an expert witness to testify that the conduct of the paramedics Kent Williams and Jennifer Grimes violated the standard of care for paramedics when attending to Mr. Terral Ellis at the Ottawa County jail on October 21, 2015. In support thereof, the Integris EMS Defendants would state:

**INTRODUCTION**

This is a two-part lawsuit as alleged in the *Complaint* [Doc. #2] and narrowed by some dismissals: (1) a civil rights lawsuit against the Sheriff of Ottawa County in his official capacity (First and Third Claims for Relief), and, (2) a medical negligence/wrongful death lawsuit against the Integris EMS Defendants based on Oklahoma law of medical negligence (Second Claim for Relief). Plaintiffs assert supplemental jurisdiction for the state law claims against the Integris EMS Defendants per 28 U.S.C. § 1367. Where a federal court exercises supplemental jurisdiction, the federal court applies the substantive law of the forum state for the state law claims. *Romero v Allstate Insurance Company,* 2018 WL 2325405 at *5 (E.D. Pennsylvania, May 22, 2018).

This *Supplemental Motion for Summary Judgement* by the Integris EMS Defendants is based on the application of Oklahoma state law that a plaintiff in a medical negligence case has the burden of proof to establish by expert testimony the three basic elements of a *prima facie* claim for a professional medical negligence: (1) a duty owed by the defendant to protect the plaintiff from injury (standard of care), (2) a failure or breach of that duty (breach of the standard of care), and (3) that plaintiff's injury has proximately caused by the defendant's failure to exercise that duty of care (causation). Oklahoma Courts have held that in all but the most extraordinary medical negligence case, a plaintiff has a burden of proof to establish a *prima facie* case with expert testimony what the standard of care is and that the defendant(s) breached the standard of care owed to a plaintiff.

In this case, the Court has ruled that the Plaintiffs' sole expert, Dr. Todd Wilcox, may not testify as to the issues of the standard of care of paramedics, whether the Integris paramedics' conduct was consistent with the appropriate standard of care, or whether the paramedics should have treated or transported Mr. Ellis for treatment (*See*, Doc. # 303, Pg. 11). Thus, Plaintiffs

cannot establish the elements of a *prima facie* professional negligence case against the Integris EMS Defendants. Accordingly, summary judgment for the Integris EMS Defendants should be granted.

Terral Ellis was a 26-year-old male who was voluntarily surrendered to the Ottawa County jail (Miami, Oklahoma) on October 10, 2015, for an outstanding bench warrant. On October 21, 2015, Integris EMS was notified and requested to respond to the Ottawa County jail for possible seizures by Terral Ellis. The paramedics evaluated Terral Ellis in the jail pod and after Mr. Ellis eventually refused transport, the paramedics left Mr. Ellis at the jail. Integris EMS was at the jail with Mr. Ellis for approximately 20 minutes. Sometime after the Integris paramedics left the jail on October 21, 2015, the condition of Mr. Ellis changed. At approximately 13:38 hours on October 22, 2019, the jail nurse was called to the holding cell where Mr. Ellis was noted to be in distress. An ambulance was called, the local Quapaw EMS responded and Mr. Ellis was moved to the ambulance for a secondary assessment, where he had an abrupt change in level of responsiveness and became nonresponsive. CPR was initiated and Mr. Ellis was transported to the Integris Miami emergency room. Terral Ellis was pronounced dead at 14:51 hours. Cause of death on autopsy was determined to be sepsis/septic shock.

## **MATERIAL UNDISPUTED FACTS**

1. Terral Ellis was a 26-year-old placed into the Ottawa County jail in early October, 2015. (Doc. #2, ¶ 20).

2. Integris EMS was called to the jail on October 21, 2015, for Mr. Ellis after a report of seizure (Exhibit 1, Pg. 1).

3. Integris Miami EMS took initial vitals of Mr. Ellis: BP 100/57, P 84, R 20. (Exhibit 1, Pg. 2).

4. Integris Miami EMS listened to the breath sounds of Mr. Ellis and they were clear bilaterally, he did not appear to be in respiratory distress. (Exhibit 1, Pgs. 2 and 4).

5. Integris Miami EMS requested Mr. Ellis to stand and a second set of vitals were taken: BP 116/76, P 82, R 20.  (Exhibit 1, Pgs. 2 and 4).

6. The Ottawa County jail staff advised Integris Miami EMS the jail nurse wanted Mr. Ellis checked out to see if anything acute was going on, and Integris Miami EMS advised that nothing acute appeared to be happening.  (Exhibit 1, Pg. 2).

7. Mr. Ellis advised Integris Miami EMS he wanted to call his grandpa. and if he could call his grandpa he then wanted to be left alone at the jail.  (Exhibit 1, Pg. 4).

8. The Ottawa County jail staff advised Integris Miami EMS that if the condition of Mr. Ellis changed that EMS would be called back immediately.  (Exhibit 1, Pg. 4).

9. Mr. Ellis was told by the Ottawa County jail staff that he could not call his grandpa and Mr. Ellis became agitated, taking off his blood pressure cuff, stated to take him to his holding cell, and refused medical treatment and transport via ambulance.  (Exhibit 1, Pg. 4, and Exhibit 2, Pg. 2).

10. Integris Miami EMS was on the premises attending to Mr. Ellis for approximately 20 minutes.  (Exhibit 1, Pg. 1).

11. The jail next called for assistance with Mr. Ellis on October 22, 2015, Quapaw EMS responded and arrived at 13:58 hours. (Exhibit 4, Pg. 1).

12. Quapaw EMS left the Ottawa County jail at 14:20 hours on October 22, 2015, and transported Mr. Ellis to the Integris Miami ER.  (Exhibit 4, Pg. 1).

13. Mr. Ellis died at 14:51 hours on October 22, 2015 at Integris Baptist Regional Hospital.  Cause of death was listed as sepsis secondary to acute bronchopneumonia.  (Exhibit 3).

14. Plaintiffs have no admissible evidence to establish the standard of care of the paramedics or that the Integris EMS paramedics Kent Williams and/or Jennifer Grimes breached a standard of care regarding their care of Mr. Ellis on October 21, 2015. (Doc. #303).

## **SUMMARY JUDGMENT STANDARD**

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  The party moving for summary judgment does not need to produce evidence demonstrating the absence of a genuine issue of material fact, but can be discharged by pointing out the absence of evidence to support the nonmovant's case.  *See, Celotex Corp. v. Catrett*, 477

U.S. 317, 325 (1986). Once a motion for summary judgment is filed, the "plain language of Rule 56(c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. In considering whether a genuine issue for trial exists, the court does not weigh the evidence but instead asks whether a reasonable jury could return a verdict for the nonmoving party. *See, Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986). As set forth in this *Motion*, the Integris EMS Defendants are entitled to summary judgment in this case.

## **ARGUMENT**

Oklahoma law on professional negligence states the Plaintiffs have the burden of proof to establish the (3) elements of a *prima facie* case against the Integris EMS Defendants. In this case, the Plaintiffs have the burden to establish the standard of care for paramedics and that the Integris paramedics breached the standard of care when attending to Mr. Terral Ellis on October 21, 2015. To establish that standard of care and any breach of care, Plaintiffs must have an expert witness to so testify. In the instant action, the Court has ruled that the Plaintiffs' sole expert witness, Dr. Todd Wilcox, cannot testify regarding the paramedic care in this case [Doc. #303]. Accordingly, the Plaintiffs cannot satisfy their burden of proof that the paramedics breached the standard of care regarding Mr. Ellis and summary judgement is appropriate for the Integris EMS Defendants.

Oklahoma substantive law on medical negligence cases is consistent with the majority of jurisdictions. There are three evidentiary elements a plaintiff has the burden to establish to prove a *prima facie* case of medical negligence: (1) a duty owed by defendant(s) to a plaintiff to protect from injury (standard of care), (2) a failure to properly exercise or perform that duty (breach of standard of care), and (3) that the injury was proximately caused by a defendant's breach of the

5

standard of care (causation).  *See, Thompson v. Presbyterian Hospital, Inc.* 652 P. 2d 260, 263 (Okla. 1982); *Roberson v Jeffrey M. Waltner, M.D., Inc.,* 108 P. 3d 567, 569 (Ok. Civ. App. 2005); *Patel v United States,* 399 Fed. Appx. 355, 359 (10th Cir. 2010).  Further, in all but the extraordinary medical negligence cases, a plaintiff has the burden of producing expert testimony to establish a *prima facie* case on the standard of care and breach of the standard of care.  *See, Patel, supra* at 359; *Roberson, supra* at 569; *Holly v Evangelical Lutheran Good Samaritan Soc'y,* 588 Fed. Appx. 792, 795 (10th Cir. 2014).  This requirement of expert testimony applies to all medical professionals.  *See, Cruz v AM. Nat'l Red Cross,* 2022 WL 2813237 (10th Cir. 2022) (expert testimony required in case involving a phlebotomist); *Jones ex rel. Estate of Butler v Mobile Medic Ambulance Service, Inc.* 2021 U.S. Dist. LEXIS 248656 (S.D. Miss. 2021) (expert testimony required in case involving ambulance service care); *Watkins v Action Care Ambulance, Inc.* 2011 WL 4017986 (D. Colorado, 2011) (requiring expert testimony regarding paramedic/ambulance services care).

Both federal and Oklahoma state courts are consistent that when a plaintiff fails to establish the standard of care and breach thereof by not having an expert witness on those issues, summary judgment for the defendant is appropriate.  *See*, *Patel, supra,* finding that summary judgment was appropriate in medical malpractice case for lack of expert testimony; *Ralston v Evangelical Lutheran Good Samaritan Soc'y*, 588 Fed. Appx. 792 (10th Cir. 2014), affirming summary judgment in medical malpractice case for the defendant for lack of supporting expert testimony; *Ralston v Smith & Nephew Richards, Inc.* 275 F. 3d 965 (10th Cir. 2001), affirming summary judgement for defendant after trial court excluded testimony by plaintiff's expert; *Cruz, supra,* affirming the district court's summary judgment Order for the defendant where plaintiff had no supporting expert testimony; *Winham v Reese,* 392 P. 3d 715 (Ok. Civ. App. 2015), a medical malpractice case affirming summary judgment by the trial court in favor of

defendant after plaintiff's expert testimony was stricken; *Roberson, supra,* holding plaintiff has the burden of proof to offer expert testimony to support a *prima facie* case of medical negligence and failing to do so, affirmed the summary judgment order of the trial court.

In the instant case, the Court has Ordered that Dr. Wilcox not be permitted to testify on the topics of the standard of care of paramedics, whether the Integris EMS paramedics breached any standard of care, or whether the paramedics should have treated Mr. Ellis or transported for treatment [Doc. #303]. Plaintiffs have no expert testimony to establish the elements of a medical negligence case under Oklahoma law, and therefore summary judgment for the Integris EMS Defendants is appropriate.

WHEREFORE, premises considered, Defendants Baptist Healthcare of Oklahoma, LLC, d/b/a Integris Miami EMS, Kent Williams, and Jennifer Grimes pray this Court grant this *Supplemental Motion for Summary Judgment*, for judgment in their favor, for fees and costs as allowed by law, and for such other relief as is just and equitable.

Respectfully submitted,

/s/ John R. Paul
John David Lackey, OBA #20516
John R. Paul, OBA #6971
PAUL & LACKEY, P.C.
20 East Fifth Street, Suite 1000
Tulsa, OK 74103-5118
Tele: (918) 584-2583
***ATTORNEYS FOR THE INTEGRIS EMS DEFENDANTS***

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2023, I electronically transmitted the above and foregoing pleading to the Clerk of the Court using the ECF System for filing and the transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this case.

/s/ John R. Paul
John R. Paul