## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AUSTIN BOND, Special Administrator of the Estate of Terral Ellis II, Deceased, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE SHERIFF OF OTTAWA COUNTY, in his Official Capacity, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No.: 17-cv-00325-CRK-CDL |

### PLAINTIFFS' MOTION *IN LIMINE*

**COME NOW** the Plaintiffs, and, pursuant to this Court's June 23, 2023 Order (Dkt. #315), respectfully requests that the Court enter an Order *in limine* prohibiting Defendants, their attorneys or witnesses from directly or indirectly referring to, or offering:

1. Evidence concerning Mr. Ellis' purported drug use, including the use of "K2", as reflected in Defendant Ottawa County Sheriff's ("Sheriff") Exhibits 20 & 21 and Integris EMS Defendants' Exhibits 7-10, & 12;

2. Evidence regarding Mr. Ellis' supposed history with the juvenile justice system, as reflected in Sheriff's Exhibit 23E and Integris EMS Defendants' Exhibit 18;

3. Evidence that Mr. Ellis, in the past, left a hospital "against medical advice" or was a "no-show" to an appointment, as reflected in the Sheriff's Exhibit 21D Integris EMS Defendants' Exhibits 6, 11 & 16;

4. Evidence concerning Mr. Ellis incarceration under the custody of the Oklahoma Department of Corrections ("DOC"), as reflected in Sheriff's Exhibit 23E and Integris EMS Defendants' Exhibit 18;

5. Evidence regarding Mr. Ellis' arrests and/or convictions, as reflected in Sheriff's Exhibit 23 and Integris EMS Defendants' Exhibits 7-10, & 18, 26-30;

6. Integris EMS Defendants' Exhibit 23; and

7. Integris EMS Defendants' Exhibit 17-4.

In support of this Motion, Plaintiffs shows the Court the following.

1

## Introductory Statement

The issues in this civil rights case revolve around Mr. Ellis' death – on October 22, 2015 – while in the custody of the Ottawa County Sheriff's Office. There is no genuine controversy in this case that Mr. Ellis died as a result of truly reckless neglect and cruel treatment, which violates any reasonable standard of human decency. Former Ottawa County Sheriff Terry Durborow admits that the Jail's nurse, Theresa Horn ("Nurse Horn"), ***"refused to do her job…."*** Durborow Depo. (Dkt. #152-43) at 107:22 – 108:20. Sheriff Durborow finds her treatment of Ellis to be ***"very disturbing."*** *Id.* **He believes that Nurse Horn**, the nurse who served under him at the Jail for many years, **is responsible for Ellis's death.** *Id.* at 118:5 – 119:3. Sheriff Durborow also concedes that his jailers failed to follow policy and could have "gotten [Ellis] out" of the Jail if they had appropriately responded to his complaints. *Id.* at 119:2-24.

The evidence additionally establishes that, on October 21, 2015, the Integris EMS Defendants left Mr. Ellis to die a most excruciating death at the Jail without even taking a full set of vital signs.

Lacking any viable substantive defense with respect to liability in this matter, Defendants have focused their efforts on wholly irrelevant fringe issues clearly calculated to: (A) divert attention from the barbaric treatment of Mr. Ellis; (B) cause unfair prejudice to Plaintiffs; (C) confuse the jury; and (D) embarrass Mr. Ellis' family. Perhaps the most troubling example is Defendants' attempt to conjure Mr. Ellis's purported history with the juvenile justice system. Relying on hearsay within hearsay, Defendants seek to use an alleged incident that occurred when Mr. Ellis was just **15 years old,** to paint him a sexual predator. *See, e.g.,* Sheriff's Exhibit 23E; and Integris EMS Defendants' Exhibit 18. Previewing Defendants' intent to make this "evidence" a primary feature of the case, counsel for the Sheriff explicitly referenced it during the first pretrial conference in this

matter. *See* Tr. (6/23/23) at 36-37. There is no legitimate purpose for this under the Rules of Evidence. Defendants also wish to put on evidence of Mr. Ellis' past drug use and criminal record.

These salacious topics facially lack probative value and are aimed at turning the trial of this matter into an unseemly sideshow. Plaintiffs have filed this Motion *in Limine* in an effort to ensure that Defendants do not side track this case with such irrelevant, overly prejudicial and otherwise inadmissible "evidence".

## Motion *in Limine* Standard (Generally)

Neither the Federal Rules of Civil Procedure nor the Federal Rules of Evidence address or specifically authorize motions *in limine*; however, the motion *in limine* gives a court the chance "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *U.S. v. Tunkara,* 385 F. Supp. 2d 1119, 1121 (D. Kan. 2005) (quoting *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996), quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines,* Inc., 652 F.Supp. 1400, 1401 (D.Md. 1987)); *see also United States v. Cline,* 188 F .Supp.2d 1287, 1291-1292 (D.Kan. 2002). Moreover, "[a] trial judge has a duty to limit the jury's exposure to only that which is probative and relevant and must attempt to screen from the jury any proffer that it deems irrelevant. In order to fulfill this duty, the court may utilize a number of vehicles, including the use of an *in limine* order." *United States v. Romano,* 849 F.2d 812,815 (3rd Cir. 1988).

Plaintiffs respectfully submit to the Court that the proffered evidence discussed herein meets the purpose for granting a motion *in limine,* and which fall within the Court's authority for addressing the issues pursuant to an *in limine* order.

## Discussion

**1. Evidence Concerning Mr. Ellis' Purported Drug Use, Including the Use of "K2", as Reflected in Sheriff's Exhibits 20 & 21 and Integris EMS Defendants' Exhibits 7-10, & 12, is Inadmissible**

Through several Exhibits, including Sheriff's Exhibits 20 & 21 and Integris EMS Defendants' Exhibits 7-10, & 12, Defendants seek to feature Mr. Ellis' past struggles with drugs, including marijuana and K2. It should first be noted that the "evidence" of Mr. Ellis' drug use all predates his booking at the Jail by approximately 1 and ½ years. *See, e.g.*, Sheriff's Exhibits 20 & 21 and Integris EMS Defendants' Exhibits 7-10, & 12. All of this drug-related evidence stems from a possible seizure that Mr. Ellis experienced on or about May 11, 2014. *Id.* Importantly, however, after Mr. Ellis died, on October 22, 2015, the Oklahoma Medical Examiner determined that he had ***no illicit drugs in his system***. *See* PX 20 (attached hereto). Evidence that Mr. Ellis may have used illicit drugs -- well over one year before his detention at the Jail -- is inadmissible under multiple Rules of Evidence.

First, the evidence is irrelevant. Particularly because Mr. Ellis had no drugs in his system at the time of his death, the evidence of his past drug use has no conceivable relevance in this case. *See* Fed. R. Ev. 401 (Defining relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence). Evidence concerning Ms. Ellis' purported drug use will clearly *not* make the existence of any fact that is of consequence in this action more or less probable than it would be without the evidence. Thus, such evidence must be precluded. *See* Fed. R. Ev. 402.

Even assuming arguendo that Ms. Ellis' history of drug use has some probative value, the "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury .... " Fed. R. Ev. 403. In *Meller v. Heil Co.,* 745 F.2d 1297, 1303 (10th Cir. 1984), the defendant in a wrongful death case sought to admit evidence that two hashish pipes containing marijuana residue were found among decedent's possessions at the scene of the fatal

4

accident. The district court excluded the pipes, concluding that their probative value was substantially outweighed by the danger of unfair prejudice. The Tenth Circuit agreed with the district court's exclusion of that evidence, stating that "[the defendant] provided no medical foundation for its claim that [the decedent's] life expectancy was diminished by drug use.... It appears that [the defendant] sought to introduce the hashish pipes for the specific purpose of arousing juror sentiment against the decedent. The district court clearly acted properly in excluding this evidence." *Meller,* 745 F.2d at 1303. Similarly, here, while Defendants broadly argue that Mr. Ellis' past drug use is somehow relevant to "causation" and "damages",[1] they offer no support for this. The real purpose of these evidence is to arouse "juror sentiment against" Mr. Ellis. *See e.g. Koch v. Kaz USA, Inc.,* No. 09-CV-02976-LTB-BNB, 2011 WL 4079073, at *1 (D. Colo. Sept. 13, 2011) ("Even if evidence of Ms. Koch's historical use of prescription drugs has some limited relevance to the issues of liability, damages, and Ms. Koch's credibility, this evidence is highly prejudicial because it would bias the jury against Ms. Koch based on her status as a drug abuser"); *Reppert v. Marion,* 259 Fed. Appx. 481, 489 (3d Cir.2007) (testimony relating to prior drug use has "a substantial tendency to confuse the issues, and to inflame passions of the jury by unfairly titling the balance of sympathies in favor of defendants."); *Eugene v. Mormac Marine Transport, Inc.,* 1994 WL 25527 at *2 (E.D.La. Jan. 24, 1994) (evidence of drinking by plaintiff prior to date of injury was "highly prejudicial" and excluded since it "appear[ed] as an attempt to label [the plaintiff] as an alcoholic").

Mr. Ellis' prior drug use, as reflected in Sheriff's Exhibits 20 & 21 and Integris EMS Defendants' Exhibits 7-10, & 12, is also inadmissible character evidence. Generally, evidence of a person's character is not admissible to prove that the person acted in conformity therewith on a

---

[1] Contrary to Defendants' assertions, Plaintiffs do not seek any damages for lost wages, lost earning capacity or any other "pecuniary" loss.

5

specific occasion. Federal Rule of Evidence 404 states in relevant that "(a) … [e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait … [and] (b) …[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Ev. 404. The evidence of Mr. Ellis' prior drug use falls squarely under the uses proscribed by Rule 404.

Citing to *Cobige v. City of Chicago, Ill.*, 651 F.3d 780 (7th Cir. 2011), the Sheriff has asserted that Mr. Ellis' past drug use (as well as his criminal and juvenile justice history) is relevant to damages. First of all, because *Cobige* is not a Tenth Circuit opinion, it is not binding on this Court. Even if *Cobige* was binding, the ruling is only triggered when a decedent's "character and life prospects [a]re put in question" by other evidence. *Cobige*, 651 F.3d at 784. Plaintiffs have not similarly "opened the door" here. Even in the Seventh Circuit, *Cobige* "does not stand for the blanket proposition that an adverse party gets a blank check any time a statement is made about a party's character." *Wrice v. Byrne*, 488 F. Supp. 3d 646, 665–66 (N.D. Ill. 2020). "Even if [this Court] accept[s] [the] argument that evidence of [Mr. Ellis'] past [drug use] was relevant to the issue of damages, the … Court still ha[s] discretion to exclude such evidence if it determine[s] that the evidence was unfairly prejudicial." *Conlon v. Trans Nat. Trucking, LLC*, 506 F. App'x 185, 190 (3d Cir. 2012). Such is the case here. Evidence of Mr. Ellis' past drug use should be precluded.

> **2. Evidence Regarding Mr. Ellis' Supposed History With the Juvenile Justice System, as Reflected in Sheriff's Exhibit 23E and Integris EMS Defendants' Exhibit 18, is Inadmissible**

As previewed above, relying on hearsay within hearsay, Defendants seek to use second hand accounts concerning an alleged incident that occurred when Mr. Ellis was just ***15 years old,*** to paint him a sexual predator. *See, e.g.,* Sheriff's Exhibit 23E; and Integris EMS Defendants' Exhibit 18 at 64, 66, 67, 77, 84, 99, 101. The evidence is inadmissible.

6

Fundamentally, because Defendants do not offer any original records from a juvenile proceeding, but rather, DOC's second-hand account of those records, the references to Mr. Ellis' purported juvenile criminal past constitute inadmissible hearsay within hearsay. "Hearsay testimony is generally inadmissible." *United States v. Christy,* No. CR 10-1534 JB, 2011 WL 5223024, at *5 (D.N.M. Sept. 21, 2011) (citing Fed. R. Evid. 802). Rule 801(c) of the Federal Rules of Evidence defines hearsay as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Courts deem hearsay generally unreliable and untrustworthy. *See Chambers v. Mississippi,* 410 U.S. 284, 298 (1973) (noting that hearsay is generally untrustworthy and lacks traditional indicia of reliability); *United States v. Lozado,* 776 F.3d 1119, 1121 (10th Cir. 2015) ("Hearsay is generally inadmissible as evidence because it is considered unreliable."). "Hearsay within hearsay" is admissible only "if each part of the combined statements conforms with an exception to the rule." Fed. R. Evid. 805. *See, e.g., United States v. DeLeon,* 316 F. Supp. 3d 1303, 1306 (D.N.M. 2018) (noting, after concluding that rule 803(8) provides an exception for law enforcement reports, that a hearsay issue remains regarding the statements within the reports). Here, Sheriff's Exhibit 23E; and Integris EMS Defendants' Exhibit 18 are hearsay. And the statements concerning Mr. Ellis' alleged history with the juvenile justice system are hearsay within the hearsay. The evidence is inadmissible on this ground alone.

In addition, for the same reasons that Mr. Ellis' history of drug use is inadmissible under Rules 401-404, evidence concerning Ellis' juvenile justice record is inadmissible under Rules 401-404. The hearsay statements regarding Mr. Ellis' juvenile record "are character evidence, not relevant to the issues at trial, and ***highly prejudicial*** to Plaintiff[s]." *C.C. through Ginnever v. Suzuki Mfg. of Am. Corp.,* No. 4:16CV01271 ERW, 2018 WL 4504687, at *5 (E.D. Mo. Sept. 20, 2018). *See also Galvan v. City of Los Angeles,* No. 214CV00495CASAJWX, 2016 WL 11746464, at *14 (C.D.

7

Cal. Aug. 1, 2016), *amended*, No. 214CV00495CASAJWX, 2016 WL 5334461 (C.D. Cal. Sept. 21, 2016) ("Although defendants have indicated that they do not intend to offer evidence of plaintiff's juvenile arrest for purposes of demonstrating bias or for impeachment, the Court GRANTS plaintiff's motion to exclude evidence of the juvenile arrest on the grounds that any probative value is substantially outweighed by the risk of unfair prejudice."). Lastly, the DOC records, Sheriff's Exhibit 23E; and Integris EMS Defendants' Exhibit 18, are unauthenticated as required by Rule 901.

3. **Evidence that Mr. Ellis, in the Past, Left a Hospital "Against Medical Advice" or was a "No-Show" to an Appointment, as Reflected in the Sheriff's Exhibit 21D Integris EMS Defendants' Exhibits 6, 11 & 16, is Inadmissible**

Defendants further wish to introduce evidence that Mr. Ellis previously left a hospital "against medical advice" and failed to show for an appointment with a mental health provider. Sheriff's *See* Sheriff's Exhibit 21D Integris EMS Defendants' Exhibits 6, 11 & 16. Plainly, Defendants seek to introduce this evidence to establish that Ellis acted in conformity with these prior acts on October 21, 2015, when he allegedly declined transport to the hospital. Of course, this is a disputed fact in this case. But what cannot be disputed is that Sheriff's Exhibit 21D Integris EMS Defendants' Exhibits 6, 11 & 16 are inadmissible character evidence. *See* Fed. R. Ev. 404. The evidence should be precluded.

4. **Evidence Concerning Mr. Ellis Incarceration Under the Sustody of DOC", as Reflected in Sheriff's Exhibit 23E and Integris EMS Defendants' Exhibit 18, is Inadmissible**

Mr. Ellis stent in DOC custody, which took place in 2012, over three (3) years prior to his October 2015 booking at the Ottawa County Jail, has no relevance to any claim or defense in this matter. *See* Fed. R. Ev. 401, 402. Any probative value of the DOC records "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury .... "

Fed. R. Ev. 403. The DOC records -- Sheriff's Exhibit 23E and Integris EMS Defendants' Exhibit 18 -- are inadmissible character evidence, rife with hearsay and unauthenticated. *See* Fed. R. Ev. 404, 801, 802, 901. The evidence should be precluded.

> **5. Evidence Regarding Mr. Ellis' Arrests and/or Convictions, as Reflected in Sheriff's Exhibit 23 and Integris EMS Defendants' Exhibits 7-10, & 18, 26-30, in Inadmissible**

Defendants also plan on introducing evidence of Ellis' prior arrests and convictions. *See* Sheriff's Exhibit 23 and Integris EMS Defendants' Exhibits 7-10, & 18, 26-30. All of this evidence is inadmissible, too. To begin with, all of this evidence of past criminal conduct is over 10 years old. "As a general rule, evidence of a conviction over ten years old is inadmissible." *United States v. Rodriguez-Garcia*, 983 F.2d 1563, 1571 (10th Cir. 1993). The evidence, especially considering the attenuated timeframe, is not relevant. *See* Fed. R. Ev. 401; 402. Again, "[g]enerally, a person's criminal history is inadmissible where it is offered for propensity purposes, or, in other words, to show that, because they committed a crime in the past, they possess the character trait of engaging in criminal acts and acted in conformity with that trait." *Maples v. Vollmer,* No. CIV 12-0294 JB/RHS, 2013 WL 1677104, at *16 (D.N.M. Mar. 31, 2013) (citing Fed. R. Ev. 404(b)). Moreover, to the extent that evidence of Mr. Ellis' criminal past has any probative value at all, any such probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury .... " Fed. R. Ev. 403. Further, the records proffered by Defendants are hearsay and unauthenticated. *See* Fed. R. Ev. 801, 802 & 901.

As with the other evidence addressed in this Motion, Defendants are likely to argue that evidence of Mr. Ellis' criminal past is relevant to "damages". But, again, Plaintiffs have not put Mr. Ellis' "character and life prospects … in question…." *Cobige,* 651 F.3d at 784. Even if Plaintiffs should put his "character and life prospects … in question…" at trial, the Court retains discretion

to exclude evidence of Mr. Ellis' criminal past under Rules 403, 801, 802 and 901. Sheriff's Exhibit 23 and Integris EMS Defendants' Exhibits 7-10, & 18, 26-30 should be precluded.

**5.   Integris EMS Defendants' Exhibit 23 is Inadmissible**

The Integris EMS Defendants' Exhibit 23 is a "screen shot" of Jail surveillance video. Defendants will attempt to use the video to call Michael Harrington's testimony as to his location at the Jail into question. But Exhibit 23 cannot be authenticated. Fed. R. Ev. 901. In addition, any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Ev. 403. Integris EMS Defendants' Exhibit 23 should be precluded.

**7.   Integris EMS Defendants' Exhibit 17-4 is Inadmissible**

Integris EMS Defendants' Exhibit 17-4 is a snippet of Jail video enhanced with text. The text is purported to be a transcription of an audible statement made by Jail staff. However, the close captioning, "[w]e got the whole pod out--inaudible--moved everything out of the way so y'all can get there better—inaudible…" is inaccurate. Particularly, the text "moved everything out of the way so y'all can get there better" does not seem to match the actual audio. Thus, the probative value of EMS Defendants' Exhibit 17-4 is substantially outweighed by the danger of unfair prejudice, confusing the issues [or] misleading the jury. Fed. R. Ev. 403. Integris EMS Defendants' Exhibit 17-4 should be precluded.

        Respectfully submitted,

        /s/Robert M. Blakemore
        Daniel E. Smolen, OBA#19943
        Robert M. Blakemore, OBA #18656
        Bryon D. Helm, OBA #33003
        SMOLEN & ROYTMAN
        701 S. Cincinnati Ave.
        Tulsa, Oklahoma 74119
        danielsmolen@ssrok.com
        bobblakemore@ssrok.com

bryonhelm@ssrok.com
P: (918) 585-2667
F: (918) 585-2669

***Attorneys for Plaintiff***

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of July 2023, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants who have appeared in this case.

/s/Robert M. Blakemore