# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

AUSTIN P. BOND, as Personal Representative of the Estate of Terral Brooks Ellis, II, deceased, et al.,

    Plaintiffs,

vs.

THE SHERIFF OF OTTAWA COUNTY in his official capacity, et al.,

    Defendants.

Case No.: 17-cv-00325-CRK-CDL

## REPLY TO PLAINTIFFS' RESPONSE TO SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS BAPTIST HEALTHCARE OF OKLAHOMA, LLC D/B/A INTEGRIS MIAMI EMS, KENT WILLIAMS AND JENNIFER GRIMES

COME NOW Defendants Baptist Healthcare of Oklahoma, LLC, d/b/a Integris Miami EMS, Kent Williams, and Jennifer Grimes (hereinafter "Integris EMS Defendants"), by and through their counsel of record, and submit this *Reply to Plaintiffs' Response to Supplemental Motion for Summary Judgment* [Doc. #331]. For the reasons articulated in the *Supplemental Motion for Summary Judgment* [Doc.#320] and this *Reply,* the Integris EMS Defendants are entitled to judgment as a matter of law, and their *Supplemental Motion for Summary Judgment* [Doc. #320] should be granted.

## Introduction

The *Supplemental Motion for Summary Judgment* is based on the issue that in this medical negligence case, Plaintiffs are required to have expert testimony on the issue of standard of care and causation – and Plaintffs have no expert on standard of care of paramedics [*See, Memorandum and Order*, Doc. #303]. Plaintiffs' *Response*, when all the extraneous irrelevant material is removed, fails to present evidence that the Integris EMS Defendants breached a standard of care

or that any breach then caused Mr. Ellis' death. The *Supplemental Motion for Summary Judgment* should be granted.

**Opposition to Plaintiffs' Response to Material Undisputed Facts**

Plaintiffs' *Response* to the Integris EMS Defendants' section on Material Undisputed Facts in some instances goes beyond an admission or denial, providing irrelevant material/argument.[1] Where a party fails to properly dispute an asserted fact, the Court may consider the fact undisputed for the summary judgment motion. *See*, Fed. R. Civ. P. 56(e)(2). Where the non-moving party fails to allege specific facts to controvert the movant's statement of facts, the moving party's statement of facts is deemed admitted. *See*, *Mitchael v Intracorp, Inc.,* 179 F. 3d 847, 856 (10th Cir. 1999). Further, the content of the evidence at the summary judgment stage must be generally admissible. *See*, *Bryant v Famers Ins. Exch.* 432 F. 3d 1114, 1122 (10th Cir. 2005). While the Integris EMS Defendants hereby rebut the improper argument (and use of inadmissible evidence) contained within Plaintiffs' Response to Defendants' Statement of "Material Undisputed Facts," since Plaintiffs do not properly admit or deny the specific facts alleged in the *Supplemental Motion for Summary Judgment*, those facts should be deemed admitted.

Plaintiffs' Response to Material Undisputed Facts No. 3 and 5: The undisputed fact submitted by the Integris EMS Defendants is that the paramedics took "initial vitals" (as to fact #3) and "a second set of vitals" (as to fact #5), along with what those values were. Plaintiffs do not reasonably or factually dispute these facts and they should be deemed admitted. Instead, Plaintiffs argue different issues, including attaching documents that are inadmissible, citing testimony by Mr. Williams that does not relate to the facts cited, and providing irrelevant footnotes including about what the Plaintiffs' expert has opined on causation. Exhibits 2 and 3 to Plaintiffs'

---

[1] LCvR 56-1(c)

*Response* are unauthenticated, unsupported, not included on their *Final Exhibit List* [Doc. #304], not included in any proposed *Pretrial Order* [Doc. #322], not included in any pretrial disclosure, no witness was questioned about them in deposition, and were apparently printed – as excerpts only, from the internet. The Integris EMS Defendants object to the Plaintiffs' use of this inadmissible evidence and ask the Court to strike those exhibits from the *Response*.[2] Further, the testimony cited from Mr. Williams' deposition does not refer to either Exhibit 2 or Exhibit 3 and attempts to incorrectly change the testimony of Mr. Williams itself (from "would" to "should"), endeavoring to create an admission related to standard of care where none exists. Mr. Williams never said anything about what "should have been included" in any assessment of Mr. Ellis or the appropriate paramedic standard of care and the Integris EMS Defendants object to any attempted distortion of Mr. Williams' testimony.[3]

<u>Plaintiffs' Response to Material Undisputed Fact No. 4</u>: This undisputed fact is that paramedics "listened to the breath sounds of Mr. Ellis and they were clear bilaterally." This fact was documented by Mr. Williams [Doc.#320, Ex. 1, Pg.2] and by Ms. Grimes [Doc. #320, Ex. 1, Pg. 4]. Plaintiffs have no evidence to dispute this fact, but instead argue that because in the video the view of Mr. Ellis and the paramedics is blocked for most of the time, that fact is somehow

---

[2] Exhibits 2 and 3 to the Plaintiffs' *Response* have no evidentiary value and only selected pages are attached from some materials purportedly from 2018 and 2013. Regardless, the material attached in the *Response* does not support the argument that pulse oximetry was somehow required. The *Response* cites Pg. 16 of Exhibit 2– although Pg. 16 of that exhibit specifically refers to "Trauma" and not "Seizure." Pulse oximetry is <u>not indicated</u> for "Seizure," found at Pg. 19 (*See also* Pg. 17 of Exhibit 2, where "Seizure" is not included in the indications for the use of pulse oximetry). On Pg. 4 of Exhibit 3, the 2013 protocols also do not include "Seizure" on the list of indications that utilize pulse oximetry.

[3] The deposition of Mr. Williams was taken by counsel for Plaintiffs and there was full opportunity to ask Mr. Williams any or all standard of care questions and or questions about any so-called protocols.

disputed. The Plaintiffs' argument is without actual evidence and this fact should be deemed admitted.

Plaintiffs' Response to Material Undisputed Fact No. 6: Despite a full paragraph of irrelevant material, Plaintiffs admit the fact that the paramedics were told the jail nurse wanted Mr. Ellis checked out to see if anything acute was going on and the paramedics advised nothing acute appeared to be going on.

Plaintiffs' Response to Material Undisputed Fact No. 9: None of the evidence proffered in support of Plaintiffs' denial of Undisputed Fact #9 actually supports the denial. Not one of those witnesses cited by Plaintiffs testified that Mr. Ellis wanted to go to the hospital and was denied. Instead, the only evidence on the actual issue of refusal supports undisputed material fact #9.

Plaintiffs' Response to Material Undisputed Fact No. 14: Plaintiffs do not dispute the *Order* of the Court excluding their expert on standard of care as to the Integris EMS Defendants. The paragraph of argument is irrelevant to the undisputed material fact and it should be deemed admitted.

**Response to Plaintiffs' "Additional Relevant Facts"**

Plaintiffs' *Response* contains a section entitled "Additional Relevant Facts." Pursuant to LCvR 56-1(d), the Integris EMS Defendants hereby respond to those "facts," each of which uses improper argument or conclusory language, and the Integris EMS Defendants object to this improper argument within a fact explicit section of the *Response*. While each will be addressed individually as required, none of the three listed "additional relevant facts" are relevant to the issue of Plaintiffs not having an expert witness in a medical negligence case on the issues of standard of care or causation, which is the basis of the present *Supplemental Motion for Summary Judgment*.

Response to Plaintiffs' Additional Relevant Facts No. 1: Denied. It is unclear what a "Complaint Card" attributed to the Miami Police Department even is or whether the paramedics were ever shown that information – but the undisputed evidence of what the paramedics were told in the call is contained within the records the paramedics created and the records created by the Miami Fire Department. See, Doc. #320, Ex. 1, Pgs. 2 and 4; and see Doc. #320, Ex.-2, Pg. 2, where the paramedics and 1st Responders all detail they were dispatched for a possible seizure.

Response to Plaintiffs' Additional Relevant Facts No. 2: Denied. While also irrelevant to the issue in the present *Motion*, the Integris paramedics did not at any time hear the alleged statements made by Mr. Harrington while at the jail [*See,* Doc. #162, Ex. 11, Pg. 57, lines 12-19; *and see* Doc. #162, Ex. 12, Pg. 28, lines 14-24]. It is factually inaccurate for Plaintiffs to state without support it was "under these circumstances" that Integris EMS decided not to transport Mr. Ellis, when both paramedics categorically deny they heard anyone at any time make those statements. Further, Plaintiffs have admitted in their *Response* Material Undisputed Fact No. 7 in the *Supplemental Motion for Summary Judgment* that Mr. Ellis said if he could not call his grandpa he then wanted to be left alone at the jail.

Response to Plaintiffs' Additional Relevant Facts No. 3: Denied. This additional fact is irrelevant to the issue on summary judgment. Further, this fact has nothing to do with the Integris EMS Defendants or the issues before the Court.

**An Expert Witness Is Required to Establish a *Prima Facie* Case of Medical Negligence**

Plaintiffs only argument to oppose summary judgment is that in this case, expert testimony is unnecessary as a matter of law. This is incorrect. Under Oklahoma law, Plaintiffs bear the burden of proof to establish a *prima facie* case of medical negligence. *Freeman v Glanz,* 2018 U.S. Dist. LEXIS 147152 *30, 2018 WL 4134660 (N.D. Okla. 2018). Further, Courts have held

that in all but the most extraordinary malpractice cases, and to establish a *prima facie* case of medical negligence, expert testimony is required to establish the standard of care of the medical professional and causation. *Freeman, supra* at *30 (citations omitted); *Schulze v United States,* 2019 U.S. Dist. LEXIS 59946 *10, 2019 WL 1526877 (N.D. Okla 2019).

Plaintiffs in the instant action offer no support by facts or otherwise that this case and the factual issues rise to the level of an extraordinary malpractice case that does not require expert testimony. To the contrary, the ambulance run to the jail for Mr. Ellis and the evaluation of Mr. Ellis for a possible seizure was done by licensed paramedics using technical medical devices and techniques to evaluate Mr. Ellis before he eventually refused further treatment. Nothing about the care provided to Mr. Ellis would make it so ordinary that expert testimony would not be required. As stated by the numerous cases cited by the Integris EMS Defendants in the *Supplemental Motion for Summary Judgment* [Doc. #320, Pgs. 6 and 7], Plaintiffs bear the burden to establish a *prima facie* case of medical negligence, that burden must include expert testimony in all but the most extraordinary cases (i.e. a retained sponge), and absent expert testimony to support the elements of professional negligence, summary judgment is appropriate.

Plaintiffs next argue that if expert testimony is necessary, expert testimony can be established by a defendant through extrajudicial admissions. Plaintiffs cite several cases, all of which are distinguishable from the instant case since in those cases the defendant physicians explicitly admitted error. *See*, *Robertson v LaCroix,* 534 P. 2d 17 ¶26 (Ok. Civ. App. 1975), where the defendant physician stated he "just made a mistake and got over too far;" *and see*, *Greenwood v Harris,* 362 P. 2d 85 ¶8, ¶9 (Okla. 1961), where the defendant doctor said: "I'm sorry, I should have made more tests on you" and "Your wife is approximately three to three and a half months pregnant, this is a terrible thing I have done… I should have had tests run again. I

should have made some other tests…. I am sorry." Such statements are obvious admissions of a mistake made by the declarant. In this case, there is no such admission of a mistake by any of the Integris EMS Defendants. As was quoted with approval in the *Robertson, supra,* from the California decision of *Lashley v Koerber, M.D.,* 26 Cal. 2d 83, 156 P. 2d 441, 444:

> …(An) extrajudicial statement amounting to no more than an admission of bona fide mistake of judgment or untoward result of treatment is not alone sufficient to permit the inference of breach of duty; the statement "must be an admission of negligence or lack of the skill ordinarily required" *Robertson, supra* at ¶25.

Plaintiffs also cite *Meyer v Gibson,* 17 Fed. Appx. 821 (10th Cir. 2001), where on the issue of causation, the plaintiff was allowed to proffer an order from the Oklahoma State Board of Medical Licensure and Supervision, where the Board found the doctor's actions caused the patient's death. There is no such finding by any regulatory or government entity in this case.

The instant case has nothing in common with any of the authority cited by Plaintiffs. There are no admissions of guilt or confessions by the paramedics. In this case, Plaintiffs are reduced to arguing a standard of care "admission" from a singular statement by Defendant Williams about how he would have started his evaluation of Mr. Ellis. Plaintiffs then attach some unauthenticated protocol excerpts that post-date the care provided, have no known source of application, use, or benefit on the issue of a pulse oximetry – and do not establish any evidence of standard of care or breach even if considered. Respectfully, there is no admissible evidence that the use of a pulse oximetry machine has any role whatsoever in regard to the paramedic standard of care and any breach thereof in this case.

## **Conclusion**

Plaintiffs have had more than sufficient time in the course of this litigation to develop any admissible, relevant evidence that the Integris EMS Defendants breached a standard of care in their treatment of Mr. Ellis and that breach caused Mr. Ellis' death. They have failed to do so.

Indeed, Plaintiffs essentially admit they lack evidence on a *prima facie* case of medical negligence against the paramedics by stating that their evidence will be strengthened at trial.[4] But in order to overcome summary judgment, Plaintiffs are required to present evidence of a *prima facie* case and have failed to do so. Plaintiffs have no evidence to establish the standard of care and any breach thereof by the Integris paramedics, and have failed to provide evidence of causation, therefore summary judgment is appropriate.

WHEREFORE, premises considered, Defendants Baptist Healthcare of Oklahoma, LLC, d/b/a Integris Miami EMS, Kent Williams, and Jennifer Grimes pray this Court grant the *Supplemental Motion for Summary Judgment*, for judgment in their favor, for fees and costs as allowed by law, and for such other relief as is just and equitable.

Respectfully submitted,

/s/ John David Lackey
John David Lackey, OBA #20516
John R. Paul, OBA #6971
PAUL & LACKEY, P.C.
20 East Fifth Street, Suite 1000
Tulsa, OK 74103-5118
Tele: (918) 584-2583
***ATTORNEYS FOR THE INTEGRIS EMS DEFENDANTS***

---

[4] A party opposing summary judgment must rely on admissible evidence, not what evidence may be developed at trial. *See*, *T.W. Electrical Service, Inc. v Pacific Electrical Contractors Asso.*, 809 F.2d 626, 630 (9th Cir. 1987), holding "Hence the nonmoving party may not merely state that it will discredit the moving party's evidence at trial and proceed in the hope that something can be developed at trial in the way of evidence to support its claim. See *Anderson,* 106 S. Ct. at 2514, *Cities Serv.,* 391 U.S. [**8] at 289-90."

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2023, I electronically transmitted the above and foregoing pleading to the Clerk of the Court using the ECF System for filing and the transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance in this case.

/s/ John David Lackey
John David Lackey