

August 10, 2023

Claire R. Kelly, Judge
c/o Christy L. Butler
Courtroom Deputy
US District Court – Northern District of Oklahoma            <u>*Via Email*</u>
333 W. 4th Street, Room 411
Tulsa, OK  74103
Christy_Butler@oknd.uscourts.gov

       **Re:**    *Bond, et al. v. Ottawa County Sheriff, et al.*, **17-CV-325-CRK-CDL**

Dear Judge Kelly:

We are in receipt of the Letters filed by Defendants on August 9, 2023 in response to our August 8 Letter addressing: **(1)** the potential unavailability of former Sheriff Terry Durborow to testify live at trial; and **(2)** Plaintiff's counsel's proposed use of video evidence during opening statement. We respectfully submit this brief Letter as Plaintiffs' Reply.

Defendants do not object to our submission of this Reply.

■ **Opening Statement Video Issues**

First, Plaintiffs would like to clear up some apparent confusion about the video we provided to the Court -- and Defendants -- with the initial August 8 Letter. The primary purpose of providing the video was to show that we have selected portions of the trial Exhibits which total just 4 minutes and 26 seconds in length. We had hoped this would assuage concerns about lengthy or excessive use of video during opening. In their response letter, the Integris EMS Defendants complain that Plaintiffs' proposed opening video "clips" are "extracted" from video that covers "many days and hours of time." Necessarily, however, Plaintiffs reduced the video to clips in order to make the opening concise.

Also, to clarify, counsel for Plaintiffs do not plan to continuously play the 4 minutes and 26 seconds of video during opening statement. Instead, each clip will be played and then commented on separately. Thus, the argument that the proposed video is taken "out of context" lacks merit. The "context" of each video clip will be explained by counsel during opening statement. And the video is not intended as "a form of argument" or to "elicit emotional response" as the Sheriff

claims.[1] It is intended to show the jury highly relevant and accurate evidence of undisputed events that occurred at the Ottawa County Jail.

Furthermore, the proposed opening video is not a "new video exhibit". Rather, it consists of short clips of existing video Exhibits, *none of which have been objected to*. In an effort to be completely transparent about the source material, Plaintiffs have updated the video to include the Exhibit numbers for each "clip".

As for the assertion that the video has been "altered", it has not. There are portions of the video that contain a "zoom" or enlargement. But this is an enhancement, not an "alteration", of the video. *See, e.g., United States v. Seifert*, 351 F.Supp. 2d 926, 927-28 (D. Minn. 2005) *aff'd*, 445 F.3d. 1043 (8th Cir. 2006) (in finding an enhanced video admissible, the Court noted that the "enhancements more readily reveal, but remain true to, the recorded events."); *United States v. Cobb*, 2008 WL 2002546 (S.D. Ohio May 7, 2008) *aff'd*, 397 F. App'x 128 (6th Cir. 2010) (finding enlarged photographs of images extracted from video surveillance tape admissible into evidence to help assist "the jury in perceiving and understanding the recorded event."). The enlargements are intended to help the jury better perceive and understand the recorded events. Here, Defendants do not assert that the video is inauthentic, nor do they claim that it fails to accurately depict the recorded events. Plaintiffs assume that *Defendants* will also use the software "zoom" function to emphasize certain aspects of the video at trial. This is to be expected.

Concerning the subtitles included in the video, as discussed with the Court and Defendants, those subtitles have been added to Plaintiffs' video Exhibits to assist the jury, Court and witnesses in perceiving the audio. Plaintiffs' video Exhibits, with the subtitles, have been provided to Defendants. And the subtitles will be included in the final set of trial Exhibits provided to the Court. To the extent that Defendants question the accuracy of the subtitles, they will, of course, be allowed to raise any such disputes in cross examination and/or closing argument.

Lastly, counsel for Plaintiffs has conferred with counsel for Defendant Sheriff and is authorized to report that counsel for Defendant Sheriff do not object to the admission of Plaintiffs' Exhibit 71 into evidence.

### ■ The Purported "Unavailability" of Former Sheriff Durborow

In his August 9 Letter, counsel for the Sheriff asserts that he "has not said that Mr. Durborow will absolutely be unavailable nor … asked the Court to declare Mr. Durborow unavailable…." Dkt. #358. Counsel for the Sheriff then proposes that he will "continue to monitor Mr. Durborow's health condition and will advise the Court and the parties of his status." *Id.* But we are now just **4 days away** from trial. Plaintiffs -- and presumably, the Court -- need a more definitive statement concerning former Sheriff Durborow's health status. The Sheriff, should, forthwith, provided a signed note from Mr. Durborow's treating hospital physician setting forth Durborow's present health condition and whether he is medically cleared to testify live at trial.

---

[1] In this regard, what the Sheriff construes as the video "settling on a still image of Terral Ellis, unmoving on a stretcher" is merely the ending of the video. *All* digital video ends with a "still image".

Thank you for your attention to these matters.

Sincerely,

Daniel E. Smolen