IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1)   AUSTIN P. BOND, as Personal Representative of the Estate of Terral Ellis, II, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.   4:17-cv-00325-CRK-CDL |
| (1)   THE SHERIFF OF OTTAWA COUNTY, in his official capacity, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT SHERIFF OF OTTAWA
COUNTY'S BRIEF REGARDING JURY INSTRUCTIONS**

Defendant Sheriff of Ottawa County, in his official capacity, files this brief regarding the Court's corrected Post-Trial Jury Instructions.   The following consists of Defendant's thoughts, concerns, and proposed modifications and additions to the Court's Post-Trial Jury Instructions, and is being submitted at the request of the Court.   In submitting these comments, Defendant reserves all objections until the Jury Instructions are finalized.

**All instructions**

Regarding all instructions, Defendant contends each time the Sheriff is referenced he should be referred to as "the Sheriff, in his official capacity." This clarifies that the Sheriff, as referred to in these instructions, is not the individual, but instead is a stand-in for the municipal entity he represents.

**Statement of the Case**

Defendant proposed that the second paragraph of the Statement of the Case, be modified to state:

… Mr. Ellis died **at the hospital**, **after being transported from the Ottawa County Jail by ambulance** on October 22, 2015.

Discussion:   The parties have stipulated that Ellis died in the hospital, which was included in the stipulated facts read to the jury in the opening instructions.   This proposed change is simply to avoid confusion with the jury who may otherwise read the instruction to mean Mr. Ellis died at the sheriff's office.

**Instruction Number 13**

Defendant proposes that the final line of this instruction be modified to read:

Plaintiff claims that the Sheriff**, in his official capacity,** violated Mr. Ellis' Constitutional right to receive adequate medical care **while a pretrial detainee at the Ottawa County Jail.**

**Defendant denies these claims.**

Discussion:   The constitution provides no general right to medical care.   The right is only implicated by Mr. Ellis' status as a pre-trial detainee.   Additionally, Defendant's denial of Plaintiff's claims should be included after the assertion of Plaintiff's claims.

**Instruction Number 16**

Defendant proposes that the third element of the claim (proximate cause) be modified to read:

3.    **One or more** agents, employees or officers' deliberate indifference proximately caused injury to Plaintiff.

Discussion:   The instruction, as drafted, refers to the deliberate indifference of multiple employees "taken together," which could be read to indicate that deliberate indifference can be found based on the combined knowledge, awareness, and actions of multiple individuals.   The

2

proposed modification seeks to prevent confusion with the jury and to clarify that the collective liability standard described in *Crowson v Washington County, Utah*, 983 F.3d 1166. (10th Cir.2020) is not implicated here.

Defendant further proposes that the second to last paragraph of this instruction be revised to clarify that it is regarding the second element of the § 1983 claim, and to clarify the definition of Deliberate indifference.  Defendant suggests the beginning of the paragraph be modified as follows:

> With regard to the second element, Plaintiff must likewise prove that an agent, employee, or officer of the Sheriff, in his official capacity, acted with deliberate indifference in failing to obtain medical care for Plaintiff. Deliberate indifference occurs when an agent, employee, or officer of the Sheriff had actual knowledge of a substantial risk of harm to Plaintiff and knowingly disregarded that risk …

Discussion:    While the instructions repeatedly refer to "deliberate indifference" there is no instruction that gives a clear definition of what deliberate indifference means.  This modification clarifies the definition of deliberate indifference. Alternatively, the Court may consider adding an additional instruction defining deliberate indifference.

Lastly, defendant proposes that the final paragraph of this instruction, explaining the third element of proximate cause be modified to read:

> The third element requires Plaintiff to demonstrate that the **agent, employee, or officer's deliberate indifference** to Plaintiff's objective medical need caused him to suffer substantial harm.

Discussion:     The last sentence of this instruction, as written, indicates that *any* failure to timely provide treatment to the decedent amounts to a showing of proximate cause for the purpose of the § 1983 claim. Defendant requests that the instruction be modified that only deliberate indifference to a medical need is sufficient to constitute proximate cause for a § 1983 claim. This modification would assist the jury to understand that this element only concerns the definition of

3

proximate cause.

### Instruction Number 17

Defendant proposes that the following phrase be removed from the first paragraph in this instruction:

> … ratification by final policymakers of the decisions of subordinates to whom authority was delegated, …

Discussion:    As previously recognized by this Court, post-event actions or inactions cannot be used as evidence of ratification to prove a § 1983 claim. *Connick v. Thompson*, 563 U.S. 51, 62 (2011); *Cordova v. Aragon*, 569 F.3d 1183 (10th Cir. 2009). This section of the jury instruction appears to indicate that the actions of the final policy makers ratifying the decisions of subordinates after the fact can be used show a policy or custom for the purposes of establishing municipal liability.  Because such post-event evidence may not be used, the phrase should be removed from the instruction.

### Instruction Number 18

Defendant proposes that the first sentence of the paragraph beginning "In this context…" be modified as follows:

> In this context, deliberate indifference requires more than negligence**, or even gross negligence.**

Discussion:    Because gross negligence is "more than" negligence, but still insufficient to satisfy the standards of deliberate indifference, it should be explicitly included in the instruction.

Defendant further proposes that subsection (a) be modified as follows:

> (a)    The County's policy makers know to a **near** certainty that there employees will confront a given situation;

4

<u>Discussion:</u>     As "moral certainty" is not a commonly used phrase, its use, without further definition, may cause unnecessary confusion with the jury.

## **Instruction Number 21**

Defendant proposes that this instruction be removed.  This instruction was erroneously proposed by Defendant and does not apply to this case.   In the present case, Plaintiff's only claim is for denial of medical care under The Fourteenth Amendment. As only one claim has been made, there is no need for an instruction on double recovery and any instruction on double recovery would be erroneous and confusing to the jury.

## **Verdict Form**

Defendant requests that the Verdict form be modified to include Special Interrogatories to the jury, prior to the ultimate verdict. For Instance:

Do you find from a preponderance of the evidence:

1. That an agent, employee, or officer of Defendant was deliberately indifferent to Plaintiff's serious medical needs? (Answer Yes or No) _____

[Note: if you answered No to Question 1, you need not answer the remaining question.]

2. That the agent, employee, or officer's acts were the proximate cause of damages sustained by the Plaintiff? (Answer Yes or No) _____

[Note: if you answered No to Question 1, you need not answer the remaining question.]

3. That the constitutional violation was caused by an official policy, practice, or custom of the Defendant. (Answer Yes or No) _____

4. That the agent, employee, or officer who violated Plaintiff's constitutional rights were not adequately trained on a specific issue that was closely related to the alleged violation of Plaintiff's federal constitutional rights. (Answer Yes or No) _____

5. That the deficient training and or supervision practices caused Plaintiff's injury. (Answer Yes or No) _____

6. That the deficient training and/or supervision practices were adopted with deliberate indifference. (Answer Yes or No) _____

Discussion:    As the liability inquiry includes multiple factors that must be met to reach an ultimate decision on liability, Defendant requests special interrogatories be included on the verdict form to confirm each element has been established.

**ADDITIONAL JURY INSTRUCTIONS REQUESTED:**

**1. Instruction on Federal Constitutional Rights at Issue**

The second paragraph of Instruction No. 16 defines the elements of an "Eighth Amendment" violation, however, the prior instruction (Instruction Number 15) states "Mr. Ellis possessed a Fourteenth Amendment right to humane conditions of confinement, including adequate medical care."  It may confuse the jury to implicate the Fourteenth Amendment, but provide definitions and elements of an Eighth Amendment Claim, without further explanation. As such, Defendant believes Defendant's Jury Instruction No. 4 should be included, stating:

Federal Constitutional Rights at Issue

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. Cruel and unusual punishment under the Eighth Amendment includes sufficiently imminent dangers as well as current unnecessary and wanton infliction of pain and suffering.

However, because Plaintiff was not a convicted prisoner at the time of the alleged conduct in this case, his rights under the Eighth Amendment are not directly implicated.  Rather, the pertinent federal constitutional provision applicable to the federal claims in this case is the Due Process Clause of the Fourteenth Amendment, through which the same Eighth Amendment standards are applied to non-convicted persons.

6

| AUTHORITY: | Eighth Amendment to U.S. Constitution; |
|---|---|
| | Fourteenth Amendment to U.S. Constitution; |
| | *Ingraham v. Wright*, 430 U.S. 651, 672, n. 40, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); |
| | *Barrie v. Grand County, Utah*, 119 F. 3d 862, 867 (10th Cir. 1997). |

### 2. Instruction on State Law or Policy Violations:

In the Court's Memorandum and Order regarding Motions in Limine (Doc. 285) the Court noted the potential for confusion among the jury arising from admitting evidence of state and national standards, but reasoned that the potential confusion could be cured with a limiting instruction.   As such, Defendants propose that Defendants' Requested Jury Instruction No. 10 be added, stating:

> STATE LAW OR POLICY VIOLATION
>
> You are instructed that a violation of a state law or an internal policy or procedure is not necessarily evidence of a violation of federal constitutional rights. If you find that anyone in this case violated any state law or regulation or any internal policy or procedure of the Ottawa County Jail with regard to the treatment of Plaintiff, the operation of the Ottawa County Jail, the operation of the Ottawa County Jail, or the training or supervision of the Jail's staff, such a finding would be insufficient in itself to support liability under 42 U.S.C. § 1983.   Rather, Plaintiff must prove that his federal, constitutional rights were violated as addressed in the preceding instructions.

| AUTHORITY: | *Tanberg v. Sholtis*, 401 F.3d 1151 (10th Cir. 2005); |
|---|---|
| | *Romero v. Board of County Commissioners*, 60 F.3d 702 (10th Cir. 1995). |

### 3. Instruction regarding Abusive Language and Threats:

Plaintiff has repeatedly shown a video of an employee of the Ottawa County Jail using abusive language and threats against the decedent.   Plaintiff's counsel has repeatedly suggested

7

that these threats were the last thing decedent heard before his death.   Because the only claim in this action is denial of medical care, Defendant re-urges the court to add the instruction requested by Defendant (Doc. 354) clarifying the issues for the jury by instructing that words alone are insufficient to establish a constitutional violation.

### ABUSIVE LANGUAGE AND THREATS DO NOT VIOLATE THE CONSTITUTION

You are advised that mere words alone – no matter how insensitive or reprehensible – are insufficient to establish a constitutional violation. Verbally abusive language, taunts, threats, and deplorable, offensive, or unprofessional language toward an inmate do not amount to a constitutional violation.

AUTHORITY:

*McBride v. Deer*, 240 F.3d 1281, 1291, n. 3 (10th Cir.2001);

*Adkins v. Rodriguez*, 59 F.3d 1034, 1037-38 (10th Cir. 1995);

*Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979) (per curiam);

*Moore v. Morris*, 116 Fed. Appx. 203 (10th Cir.2004) (unpub);

*Yarbrough v. City of Kingfisher*, 1998 WL 427122, *2 (10th Cir. July 14, 1998) (unpub);

*Williams v. Levansailor*, 1998 WL 426865 (10th Cir. July 21, 1998) (unpub);

*Harris v. Rocchio*, 1997 WL 7887185, *3 (10th Cir. Dec. 24, 1997) (unpub);

*Buford v. Leck*, 1993 WL 125412 (10th Cir. Apr. 20, 1993) (unpub).

Respectfully submitted,

s/ Justin P. Ashlock
Wellon B. Poe, OBA No. 12440
Jamison C. Whitson, OBA No. 18490

Justin P. Ashlock, OBA No. 33459
COLLINS, ZORN, & WAGNER, PLLC
429 N.E. 50th Street, Second Floor
Oklahoma City, OK   73105-1815
Telephone: (405) 524-2070
Facsimile: (405) 524-2078
E-mail: wbp@czwlaw.com
   jcw@czwlaw.com; jpa@czwlaw.com

ATTORNEYS FOR DEFENDANT THE
SHERIFF OF OTTAWA COUNTY, IN HIS
OFFICIAL CAPACITY

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2023, I electronically transmitted this filing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Daniel E. Smolen, via electronic mail at: danielsmolen@ssrok.com
kendrarash@ssrok.com
Robert M. Blakemore, via electronic mail at: bobblakemore@ssrok.com
Bryon D. Helm, via electronic mail at: bryonhelm@ssrok.com
SMOLEN & ROYTMAN, PLLC
701 South Cincinnati Avenue
Tulsa, OK 74119
*Attorneys for Plaintiffs*

s/ Justin P. Ashlock
Justin P. Ashlock