### UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

Austin P. Bond as Personal
Representative of the Estate of Terral
Ellis II,

      Plaintiff,

v.

The Sheriff of Ottawa County, in his
Official Capacity,

      Defendant.

4:17-cv-00325-CRK-CDL

## JURY INSTRUCTIONS

### Introductory Remarks

Members of the jury, you have now heard all of the evidence in the case as well as the final arguments of the parties. We have reached the point where you are about to undertake your final function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in the case.  I now am going to instruct you on the law.  Please pay close attention, and I will be as clear as possible.

It is your duty as jurors to follow the law as stated in the instructions of the Court and to apply it to the facts as you find them from the evidence in the case. These instructions contain all the law which may be applied by you and the rules by which you should weigh the evidence and determine the facts in issue.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. You are not to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, you must follow the law as I instruct you. Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guess work.

You are the judges of the facts, the weight of the evidence, and the credibility of the witnesses. From all the facts and circumstances appearing in evidence and coming to your observation during the trial, and aided by the knowledge that you

each possess in common with other persons, you will reach your conclusions. The arguments and statements of the attorneys are not evidence. If you remember the facts differently from the way the attorneys have stated them, you should base your decision on what you remember.

It is my job to decide what rules of law apply to the case and all the applicable law is contained in these instructions. You must not follow some and ignore others. Even if you disagree or do not understand the reasons for some of the rules, you are bound to follow them.

Nothing I say in these instructions is to be taken as an indication that I have an opinion about the facts of the case. It is not my function to determine the facts, but rather yours.

## Statement of the Case

This is an action brought by Plaintiff, Austin P. Bond as the Personal Representative of the Estate of Terral Ellis, II, who is deceased.  Mr. Bond as the Personal Representative is the Plaintiff. The Defendant in this case is the Ottawa County Sheriff, in his official capacity.

Mr. Ellis was a pretrial detainee housed at the Ottawa County Jail in Miami, Oklahoma. Mr. Ellis was booked into the on October 10, 2015. Mr. Ellis died on October 22, 2015 at the hospital, while still in the custody of the Ottawa County Sheriff's Office, after being transported from the Ottawa County Jail by ambulance.

There is one claim involved in this case.  Plaintiff has brought a claim against the Sheriff of Ottawa County, in his official capacity pursuant to 42 U.S.C. § 1983 alleging a violation of Mr. Ellis' Fourteenth Amendment right to adequate medical care.

Plaintiff alleges that the Sheriff violated Mr. Ellis' right to adequate medical care.  Plaintiff asserts that multiple employees and/or agents of the Sheriff of Ottawa County, in his official capacity, including Theresa Horn, LPN, Charles Shoemaker and Johnny Bray, were deliberately indifferent to Mr. Ellis' serious medical needs. Plaintiff has brought claims against the Sheriff of Ottawa County, in his official capacity for compensatory damages under 42 U.S.C. § 1983, for violations of the Fourteenth Amendment to the United States Constitution.  Plaintiff's claims against the Sheriff of Ottawa County, in his official capacity are brought pursuant to a "municipal liability" theory.  Plaintiff specifically alleges that there is an affirmative link between Mr. Ellis' suffering and death and policies or customs for which the Sheriff of Ottawa County, in his official capacity was responsible.

Defendant denies this claim.

At the beginning of this case, you heard a list of agreed facts to which the parties have stipulated.  Again, the following material facts are admitted, and require no proof:

1.     On October 10, 2015, Mr. Ellis voluntarily turned himself in to the Ottawa County.

2.     Mr. Ellis was booked into the Ottawa County Jail on October 10, 2015.

3.     At the time of Mr. Ellis's incarceration, the Ottawa County Sheriff was Terry Durborow, who had served as sheriff since 2006.

4.      At the time of Mr. Ellis's incarceration, the Ottawa County Sheriff's Office employed Teresa Horn, a Licensed Practical Nurse, who had been employed as the jail nurse since 2005.

5.      Mr. Ellis was housed at the Jail from October 10, 2015 through the time of his death on October 22, 2015.

6.      Mr. Ellis was a pre-trial detainee.

7.      On October 17, 2015, Mr. Ellis complained of back pain reporting he believed his back was broken.

8.      Nurse Horn, the jail's nurse, was not present at the jail and did not physically examine Mr. Ellis on October 17, 2015.

9.       Nurse Horn saw Mr. Ellis on October 19, 2015.

10.     Nurse Horn did not take Mr. Ellis' vital signs when she saw him on October 19, 2015.

11.     On October 21, 2015, Mr. Ellis reported having a seizure to Jail staff.

12.     Integris EMS Paramedics were called to the Jail on October 21, 2015.

13.     Paramedics Grimes and Williams saw Mr. Ellis at the Jail on October 21, 2015.

14.     Mr. Ellis was not taken to the hospital on October 21, 2015.

15.     On October 21, 2015, at approximately 8:18 p.m., Mr. Ellis was let out of his cell to use the bathroom.

16.     Mr. Ellis walked to the bathroom and then back to the cell with a cup in his hand.

17.     Around 10:23 p.m. on October 21, 2015, Mr. Ellis reported to Officers Bray and Lawson that his legs were numb.

18.     Bray did not call emergency medical services for Mr. Ellis the evening of October 21, 2015.

19.     On October 22, 2015, at approximately 1:37 a.m., Mr. Ellis was let out of his cell and walked to the bathroom and then back to the cell with a cup in his hand.

20.    Later that same morning, at approximately 3:23 a.m., Mr. Ellis was again let out of his cell, walked to the bathroom and then returned to the cell with a cup in his hand.

21.    On October 22, 2015, around 8:28 a.m., Mr. Ellis was moaning in distress, and the jail staff told him that they were not going to call emergency services.

22.    Around 8:59 a.m. on October 22, 2015, Mr. Ellis asked for water, but a member of the jail staff refused, saying, "don't let him fool you" and that Mr. Ellis could get his own water.

23.    Around 10:45 a.m. on October 22, 2015, Mr. Ellis complained of being unable to walk, that his legs were black and blue, and that he was in pain.

24.    Shoemaker was near the cell Mr. Ellis was in when Horn arrived to examine him on the morning of October 22.

25.    Instead of referring Mr. Ellis for medical treatment, Horn mocked and threatened him for reporting his symptoms, implied he was faking his illness, and told him she was tired of dealing with him.

26.    Other than summoning Horn, Shoemaker did nothing to assist Mr. Ellis.

27.    Around 1:45 p.m. on October 22, 2015, Horn contacted emergency services.

28.    Mr. Ellis died at the hospital at 2:51 p.m. from sepsis/septic shock resulting from acute bronchopneumonia.

29.    There was no physician directly providing care at the jail even though the jail's Medical Services Policy required medical care to be delivered under the direction of a licensed physician.

30.    The Medical Services Policy also required a schedule for sick call, but the jail did not maintain scheduled sick call or a sick call list.

31.    Although the sheriff's office contracted with a physician's assistant to visit the jail once a week for inmate medical exams, visits were not regularly scheduled, and the physician's assistant only visited the jail when and if Horn called her.

32.    The jail's Emergency Medical Care policy permitted detention officers to call emergency services if the nurse was unavailable.

33.    The jail's Medical Services Policy required the jail administrator to review annually statistics on inmate medical care and also required the jail administrator

and nurse to review at least quarterly the medical care's effectiveness and efficiency. However, formal audits were never done.

34.     The manner of Mr. Ellis's death was determined by the Medical Examiner to be natural and caused by sepsis/septic shock due to acute bronchopneumonia.

**Instruction Number 1**

**Section 1983 Claim – Official Capacity - General**

      Plaintiff's § 1983 claim is brought against the Ottawa County Sheriff in his official capacity. This "official capacity" claim is essentially another way of pleading an action against the county the Sheriff represents. In other words, the Plaintiff's § 1983 claim against the Sheriff is to be treated as a claim against Ottawa County and is considered under the standard applicable to § 1983 claims against municipalities or counties.

**Instruction Number 2**

**Evidence in the Case**

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of any witness, including deposition testimony,

2. The exhibits which have been received into evidence,

3. Any stipulations to which the parties have agreed, and

4. Any fact of which I have taken judicial notice.

**Instruction Number 3**

**What Is Not Evidence**

Certain things are not evidence, and you may not consider them in deciding what the facts are and in reaching your verdict. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements or will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3. Testimony or exhibits that the Court has excluded or told you to disregard are not evidence and must not be considered. During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. You must completely ignore any answers and questions as to which I sustained an objection. Do not speculate about what a witness might have said or what an exhibit might have shown.

4. Anything you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence received at trial. Also, you should not assume from anything I might have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

**Instruction Number 4**

**Direct, Indirect and Circumstantial Evidence**

It is your duty to determine the facts, and in so doing you must consider only the evidence in this case. But you may draw such reasonable inferences from the testimony, stipulations, and exhibits as you feel are justified in the light of common experience. An inference is a deduction or conclusion that you draw from other facts using reason or common sense. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence-such as testimony of any eyewitness. The other is indirect or circumstantial evidence-the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should consider circumstantial evidence together with all the other evidence in the case in arriving at your verdict.

**Instruction Number 5**

**Deposition Evidence**

During the trial, certain testimony has been presented by way of video deposition testimony. You are instructed that you are not to discount this testimony for the sole reason that it comes to you in the form of a video deposition. It is entitled to the same consideration and the same judgment on your part with reference to its weight and credibility as is the testimony of witnesses who have taken the stand.

**Instruction Number 6**

**Use of Video Captions**

During the trial you were shown several video clips which included captions. The captions are there solely to assist you in understanding what is being said. The video captions themselves are not evidence, and you should not regard them as such. The parties have conferred and provided these captions to you for convenience, but you are not required to use or consider them.  If what you heard in the video differs from the captions provided by the parties, you should rely on what you heard, and not the captions.

**Instruction Number 7**

**Opinion Witnesses**

During the trial, you heard the testimony of witnesses, who expressed certain opinions relating to this case.  In certain cases, such as this one, scientific, technical, medical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue.  A witness who has such knowledge, skill, experience, training or education may testify and state opinions concerning such matters.

You are not required to accept any such opinions.  You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinions, and the other evidence at trial.

**Instruction Number 8**

**Burden of Proof**

This is a civil case.  The Plaintiff has the burden of proving its case by what is called the preponderance of the evidence.  That means the Plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the Plaintiff's claim is more likely true than not.  To put it differently, if you were to put the Plaintiff's evidence and the Defendant's evidence on opposite sides of the scales, the Plaintiff would have to make the scales tip somewhat on its side.  If the Plaintiff fails to meet this burden, the verdict must be for Defendant.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

A party who seeks to recover on a claim has the burden to prove all the elements of the claim. In deciding whether a party has met the burden of proof, you are to take into account all the evidence, whether offered by that party or any other party.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

## Instruction Number 9

## No Speculation

Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guesswork.

**Instruction Number 10**

**Lawyer Meeting With Witness**

It is proper for a lawyer to meet with any witness in preparation for trial.

**<u>Instruction Number 11</u>**

**<u>Credibility of Witness Testimony</u>**

While you must consider all of the evidence, this does not mean that you must accept all of the evidence as true or accurate or give all the evidence the same weight. You are the sole judges of the credibility or believability of each witness and the weight to be given to each witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.

You should think about the testimony of each witness you have heard and decide whether you believe all, or any part, or none of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you consider the opportunity each witness had to see or hear the things testified about, a witness's memory and intelligence, the manner of a witness while testifying, whether a witness said something different at an earlier time, the general reasonableness of the testimony, the extent to which the testimony is consistent with any evidence that you believe, any motive a witness may have for testifying a certain way, including any bias, prejudice, or interest, and any other facts that you find to have affected the believability of the witness.

**Instruction Number 12**

**Impeachment/Contradictory Statements**

A witness may be discredited or "impeached" by evidence that at some time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony, or with prior sworn testimony, or by a showing that he or she testified falsely concerning an important matter. If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such weight, if any, as you may think it deserves.

**Instruction Number 13**

 **Law Enforcement and Jail Officer Witnesses**

You have heard the testimony of current and former law enforcement and/or jail officers. The fact that a witness may be employed as a law enforcement officer does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of any other witness.

It is your decision, after reviewing all the evidence, whether to accept the testimony of any law enforcement or jail officer witness and to give to that testimony whatever weight, if any, you find it deserves.

**Instruction Number 14**

**Section 1983 Claim - Introductory Instruction**

Plaintiff brings a claim against the Sheriff of Ottawa County, in his official capacity pursuant to § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

Plaintiff claims that the Sheriff of Ottawa County, in his official capacity violated Mr. Ellis' Constitutional right to receive adequate medical care while a pretrial detainee at the Ottawa County Jail.

Defendant denies these jails.

**Instruction Number 15**

**Section 1983 claim - Color of State Law**

      A § 1983 claim requires that the defendant act under color of state law. In this case, the parties have agreed that the Ottawa County Sheriff, in his official capacity, and the employees of the Ottawa County Sheriff's Office including Theresa Horn, LPN, Charles Shoemaker and Johnny Bray, each acted "under color" of state law. Thus, this aspect of the § 1983 claim is not in dispute, and you must find the "color of state law" requirement has been established.

**Instruction Number 16**

**Section 1983 Claim – Inmate's Right To Adequate Medical Care – General**

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. Cruel and unusual punishment under the Eighth Amendment includes sufficiently imminent dangers as well as unnecessary and wanton infliction of pain and suffering.

However, because Mr. Ellis was not a convicted prisoner, his rights under the Eighth Amendment are not directly implicated. Rather, the Due Process Clause of the Fourteenth Amendment applies the same Eighth Amendment standards to pretrial detainees.

The parties have stipulated that, as a pretrial detainee, Mr. Ellis possessed a Fourteenth Amendment right to humane conditions of confinement, including adequate medical care.

**Instruction Number 17**

**42 U.S.C. § 1983 – Deliberate Indifference Denial of Medical Care**

    To prevail on his §1983 claims against the Sheriff of Ottawa County, in his official capacity, Plaintiff must first establish, by a preponderance of the evidence, that an agent or employee of the Sheriff of Ottawa County, in his official capacity, or multiple agents and employees together, as a result of gross deficiencies in policies or staffing, violated Mr. Ellis' federal constitutional right to medical care by acting with  deliberate indifference to Mr. Ellis' serious medical needs.  A mistake or inadvert failure is not deliberate indifference. An official's actions or inactions falling below the standard of care, as well as a violation of state statute or jail policy may be evidence of deliberate indifference, but alone are not sufficient to find liability.

    To recover damages on Plaintiff's claim that the Ottawa County Jail failed to obtain medical care for Mr. Ellis, Plaintiff must first prove by a preponderance of the evidence that:

    1.    Mr. Ellis suffered from a serious medical need;

    2.    An agent, employee, officer of the Sheriff was aware of Mr. Ellis' serious medical need; and

    3.    One or more agents or employees' deliberate indifference, or the deliberate indifference of multiple agents and employees together, as a result of gross deficiencies in policies or staffing, proximately caused injury to Mr. Ellis.

    With regard to the first element, a medical need is considered sufficiently serious if a physician has diagnosed the condition and mandated treatment, or the condition is so obvious that even a layperson would easily recognize the medical necessity for a doctor's attention.

    With regard to the claim that the Ottawa County Jail staff failed to obtain medical care for Mr. Ellis, Plaintiff must likewise prove than an agent, employee, or multiple agents and employees together, as a result of gross deficiencies in policies or staffing, acted with deliberate indifference in failing to obtain medical care for Mr. Ellis.

    Deliberate indifference occurs when an agent or employee of the Sheriff of Ottawa County, in his official capacity, had actual knowledge of a substantial risk of harm to Mr. Ellis and failed to take reasonable measures to abate that risk. In other words, Plaintiff must prove that one or more agents or employees of the Sheriff of Ottawa County, in his official capacity: (1) was aware of facts from which the inference could

be drawn that a substantial risk of harm to Mr. Ellis existed; and (2) actually drew that inference. Again, you may infer actual knowledge of such a risk on the part of an agent or employee if you find that such a risk would have been obvious to that agent or employee.

The third element requires Plaintiff to demonstrate that the failure to timely meet Mr. Ellis' serious medical need proximately caused Mr. Ellis to suffer substantial harm.

**Instruction Number 18**

**Municipal Liability**

　　If you find that Mr. Ellis' constitutional rights were violated whether by an individual agent or employee, or by multiple agents and employees together, as a result of gross deficiencies in policies or staffing, you may then consider whether the Sheriff of Ottawa County, in his official capacity, also bears any liability under the law. A governmental entity such as the Sheriff of Ottawa County, in his official capacity cannot be held liable under § 1983 merely because its employee or agent violated someone's constitutional rights.  Rather, the Sheriff of Ottawa County, in his official capacity can only be liable based on its deliberate conduct which must be found to have caused the alleged violations. The Sheriff of Ottawa County, in his official capacity is not liable for the actions of its agents or employees under § 1983 unless the constitutional violation was caused by an official policy of the Sheriff of Ottawa County, in his official capacity or by an un-official practice or custom of the Sheriff of Ottawa County, in his official capacity. A policy or custom includes a formal regulation or policy statement, an informal custom that amounts to a widespread practice, decisions of municipal employees with final policymaking authority, ratification by final policymakers of the decisions of subordinates to whom authority was delegated, and the deliberately indifferent failure to adequately train or supervise employees.

　　Proof of a single incident of unconstitutional activity is not sufficient to impose liability unless it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker. The knowing failure to enforce policies necessary to the safety of inmates may be sufficient to establish deliberate indifference.

　　In order for the Sheriff of Ottawa County, in his official capacity to be held liable for an unofficial practice under § 1983, the practice must be so permanent and well-settled as to constitute a custom or usage with the force of law. In order to establish a custom, the conduct must be persistent and widespread.

**Instruction Number 19**

**42 U.S.C. § 1983 – Municipal Liability Training & Supervision**

In this case, Plaintiff contends that the Sheriff of Ottawa County, in his official capacity can be held liable for the alleged violations of Plaintiff's constitutional rights by the individual Jail employees because those employees were not adequately trained. However, it is not enough for Plaintiff to show that there were general deficiencies in the training of the Jail's employees.

For Plaintiff to recover on this claim, you must find that all of the following elements have been proved by a preponderance of the evidence:

1. An agent or employee of the Sheriff of Ottawa County, in his official capacity, or multiple agents and employees together, as a result of gross deficiencies in policies or staffing, violated Mr. Ellis' constitutional rights as discussed previously;

2. The agent(s) or employee(s) who violated Mr. Ellis' constitutional rights were not adequately trained on a specific issue that was closely related to the alleged violation of Mr. Ellis' federal constitutional rights;

3. The deficient training and/or supervision practices caused Mr. Ellis' injury; and

4. The deficient training and/or supervision practices were adopted with deliberate indifference.

A mistake or an inadvertent failure on the part of the Sheriff of Ottawa County, in his official capacity to ensure that the Jail's staff were provided adequate training and/or supervised is not sufficient to establish deliberate indifference.

Plaintiff may establish the deliberate indifference prong by proving the following by a preponderance of the evidence:

(a) The County's policymakers know to a moral certainty that their employees will confront a given situation,

(b) The situation presents the employee with a difficult choice of the sort that training or supervision will make it less difficult,

(c) The wrong choice will frequently cause the deprivation of a citizen's constitutional rights.

If Plaintiff fails to prove any of the above-listed elements by a preponderance of the evidence, you must find for the Sheriff of Ottawa County, in his official capacity on this claim.

**Instruction Number 20**

**Post-Incident Employment Decisions Should Not Be Considered**

You are not to consider any subsequent employment decision made after the death of Mr. Ellis. Specifically, you should not consider any discipline, or failure to discipline, any employee, or any subsequent demotion or promotion of any employee in determining or liability under §  1983.

**Instruction Number 21**

**State Law or Policy Violation**

A violation of State law, regulation or policy may be evidence of, but by itself, would be insufficient, to show deliberate indifference or liability under § 1983.

**Instruction Number 22**

**Damages**

      If you find that Plaintiff has proven by a preponderance of the evidence any claim against the Defendant, you must then decide whether to award damages. You should not reach the issue of damages unless you find that the Plaintiff has established the liability of the Defendant.

      The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages; nor does it mean that I have any opinion as to liability one way or the other.

**Instruction Number 23**

**Section 1983 Claim – Compensatory Damages**

If you find that Plaintiff has not proven his § 1983 claim, your verdict must be in favor of Defendant.  However, if you find that Plaintiff has proven his claim, then you must award damages that you think will justly and fairly compensate for any injury you find was caused by Defendant's violation of Mr. Ellis' constitutional right to adequate medical care. These damages are called compensatory damages. Plaintiff must prove compensatory damages by a preponderance of the evidence.

Compensatory damages are awarded for Mr. Ellis' physical and mental pain before death, loss of life, and loss of familial relationships.

An award of compensatory damages must be based on evidence and not on sympathy, speculation, or guesswork. No evidence of the dollar value of physical pain, mental or emotional pain and suffering, or loss of life needs to be introduced.

## <u>SECTION 1983 CLAIM</u> – VERDICT

## FORM VERDICT

As to Plaintiff's claim that Defendant Ottawa County Sheriff, in his official capacity, violated Mr. Ellis' Constitutional right to adequate medical care, we the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find in favor of the following party:

| ☐ -- **Plaintiff** Austin Bond, as Personal Representative of the Estate of Terral Ellis | ☐ -- **Defendant** Ottawa County Sheriff, in His official capacity |
|---|---|

(If the jury finds for the above Defendant and against the above Plaintiff, simply sign and date the form. Do not proceed with damages. If the jury finds for the above Plaintiff and against the above Defendant, proceed to the damages question below, indicating what if any damages are awarded, and then sign and date the form on the following page.)

On finding in favor of the above Plaintiff against the above Defendant, we award compensatory damages in the amount of $ _____.

_____          _____

_____          _____

_____          _____

_____          _____

Foreperson

Dated:

_____

32

## <u>FINAL GENERAL CHARGES</u>

### <u>Duties of the Foreperson</u>

Upon retiring to the jury room, you must select a presiding juror.  The presiding juror will preside over your deliberations and will be your representative here in court.

A form has been prepared for you.

Take this form to the jury room and when you have reached a unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it.

If during those deliberations you want to see any of the exhibits, you may ask that they be brought into the jury room.

### <u>Communication With the Court</u>

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if the presiding juror is unwilling to do so, then by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond verbally.

If you communicate with me, you should *not* indicate in your note what your numerical division is, if any.