## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

**Austin P. Bond as Personal Representative of the Estate of Terral Ellis II,**

      **Plaintiff,**

**v.**

**The Sheriff of Ottawa County, in his Official Capacity,**

      **Defendant.**

**4:17-cv-00325-CRK-CDL**

### OPINION AND ORDER

Before the Court is Defendant's motion to stay execution of judgment and waive supersedeas bond, Mar. 28, 2024, ECF No. 438 ("Def. Mot."), filed by the Sheriff of Ottawa County, in his official capacity ("Defendant"). Defendant requests that this Court stay execution of "the judgment and attorney's fees, expenses, and costs" rendered in favor of Plaintiff Austin P. Bond[1] ("Plaintiff"), and to waive all supersedeas and cost bond requirements. For the following reasons, Defendant's motion is granted.

### BACKGROUND

On August 14, 2023, jury trial commenced in the Northern District of Oklahoma for Plaintiff's lawsuit against Defendant alleging, inter alia, violations of 42 U.S.C. § 1983. On August 23, 2023, the jury returned a verdict in favor of Plaintiff

---

[1] Mr. Bond is the personal representative of the Estate of Terral Ellis.

4:17-cv-00325-CRK-CDL

against Defendant, awarding $33,000,000.00 in compensatory damages.  See Verdict, Aug. 23, 2023, ECF No. 392.  On September 8, 2023, the Court entered final judgment in accordance with the jury's verdict against Defendant.  See Judgment at 1, Sept. 8, 2023, ECF No. 400.  On October 5, 2023, Defendant filed motions for a new trial, judgment as a matter of law, and remittitur, all of which were denied by the Court on February 29, 2024.  See Opinion & Order [Re New Trial, J. Matter L., and Remittitur] at 1, February 29, 2024, ECF No. 435 ("Denial of Post-Trial Mots.").[2] Additionally, the Court awarded Plaintiff attorney's fees, expenses, and costs in the amount of $989,882.54.  See Opinion & Order [Re Atty's Fees, Expenses, and Costs] at 1, Feb. 29, 2024, ECF No. 436 ("Fees Order").

On March 28, 2024, Defendant filed notice of appeal to the Court of Appeals for the Tenth Circuit, appealing the judgment, Denial of Post-Trial Motions, and Fees Order.  See Not. App. at 1, Mar. 28, 2024, ECF No. 439; see also Bond, et al v. Sheriff of Ottawa County, Mar. 29, 2024, Appeal No. 24-5035.  That same day, Defendant filed the instant motion before the Court, which was fully briefed on May 2, 2024. See Def. Mot. at 1; Pl. Resp. Opp'n [Def. Mot.] at 1, Apr. 18, 2024, ECF No. 447 ("Pl. Resp."); Def. Reply Supp'n [Def. Mot.] at 1, May 2, 2024, ECF No. 449 ("Def. Reply").

## DISCUSSION

Defendant contends that it is entitled to a stay of execution of the Judgment and Fees Order and a waiver of the bond requirement because "as a governmental

---

[2] Defendant filed a motion requesting the Court to reconsider the Denial of Post-Trial Motions on March 27, 2024, which is currently pending before the Court.  See Def.'s Mot. Reconsider [Denial of Post-Trial Motions] at 1, Mar. 27, 2024, ECF No. 437.

entity," Plaintiff's ability to collect on the judgment is provided by statute and not in jeopardy.  Def. Mot. at 4–9.  Plaintiff responds that Defendant's request should be rejected because its status as a governmental entity alone does not entitle it to a stay or waiver, and that state bond waiver law is preempted by federal bond waiver law, which Defendant fails to satisfy.  Pl. Resp. at 3–10.  For the following reasons, Defendant's motion is granted.

Under Federal Rule of Civil Procedure 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry."  At any point after judgment is entered by the Court, a party may request a stay pending appeal beyond thirty days by virtue of Rule 62(b), which provides in pertinent part:

> . . . a party may obtain a stay by providing a bond or other security.  The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Thus, under Rule 62, the Court may stay proceedings to enforce a judgment pending appeal if it approves a bond posted by the moving party.  Fed. R. Civ. P. 62(b).

A supersedeas bond is usually for the full amount of the judgment, which "secures the judgment against insolvency of the judgment debtor."  Strong v. Laubach, 443 F.3d 1297, 1299 (10th Cir. 2006); see also Miami Int'l Realty Co. v. Paynter, 807 F.2d 871, 873 (10th Cir. 1986) ("the purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution and that a full supersedeas bond should be the requirement in normal circumstances").  Although there is a preference for a supersedeas bond equal to the judgment, the Court has

4:17-cv-00325-CRK-CDL

"inherent discretionary authority" in setting the amount of the bond. <u>Miami Int'l Realty</u>, 807 F.2d at 873; <u>see</u> <u>Strong</u>, 443 F.3d at 1299.

Included in this discretion is authority to permit a stay "without requiring a full supersedeas bond when the judgment creditor's interests would not be unduly endangered." <u>Wilmer v. Bd. of Cnty. Comm'rs of Leavenworth Cnty., Kan.</u>, 844 F. Supp. 1414, 1419 (D. Kan. 1993) (citing <u>Miami Int'l Realty</u>, 807 F.2d at 873), <u>aff'd sub nom. Wilmer v. Bd. of Cnty. Comm'rs of Leavenworth Cnty.</u>, 28 F.3d 114 (10th Cir. 1994); <u>see also</u> <u>Miami Int'l Realty</u>, 807 F.2d at 874 (affirming district court's grant of a stay without full supersedeas bond because the movant "was financially unable to post a full bond and that execution on the judgment would place him in insolvency"). Waiver of the supersedeas bond, in its entirety, necessitates the party seeking waiver to "objectively demonstrate[] good cause." <u>Wilmer</u>, 844 F. Supp. at 1419.

A party demonstrates good cause when it shows either (i) "a present financial ability to respond to the judgment that is likely to continue" or (ii) that its "present financial condition is such that posting a full bond would impose an undue financial burden." <u>Lech v. Jackson</u>, No. 16-CV-01956-PAB-MJW, 2018 WL 2183984, at *1 (D. Colo. May 10, 2018) (citing <u>Sierra Club v. El Paso Gold Mines, Inc.</u>, No. Civ. A. 01-PC-2163-OES, 2003 WL 25265871, at *8 (D. Colo. Apr. 21, 2003)). Other circuits have articulated a handful of non-exhaustive factors that guide the Court's analysis in deciding whether to waive the full supersedeas bond requirement, including:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether defendant's ability to pay the

4

> judgment is so plain that the cost of a bond would be a waste of money; and (5) whether defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors in an insecure position.

Dillon v. City of Chicago, 866 F.2d 902, 904–05 (7th Cir. 1988) (internal quotations and citations omitted); In re Nassau Cnty. Strip Search Cases, 783 F.3d 414, 417–18 (2d Cir. 2015); see also, e.g., United States v. O'Callaghan, 805 F. Supp. 1321 (M.D. Fla. 2011) (invoking the same five factors); ESIP SERIES 1, LLC v. Doterra Int'l, LLC, No. 2:15-CV-00779-RJS-DBP, 2023 WL 4206387, at *2 (D. Utah June 27, 2023) (same); 11 Charles Allen Wright, Arthur M. Miller & Mary Kay Kane, Federal Practice and Procedure § 2905 (3d ed. Apr. 2023 Update).   These factors all relate in one way or the other to the inquiries identified above, namely whether (i) there is no serious question as to whether the movant has the reliable means to pay the judgment, or (ii) requiring a bond would harm the judgment debtor's other creditors.

Regardless of the basis for a stay absent a bond, courts require that a movant "propose a plan that will provide adequate (or as adequate as possible) security for the [non-movant]." ESIP SERIES 1, LLC, 2023 WL 4206387, at *2 (citing Goldgroup Res., Inc. v. DynaResource De Mexico, S.A. De C.V., No. 16-CV-02547-RM-KMT, 2020 WL 1452246, at *3 (D. Colo. Mar. 25, 2020)).   Thus, even the movant's precarious financial position cannot excuse it from demonstrating that it has a plan to satisfy the judgment should the judgment be affirmed on appeal.   See id. at *4; Sierra Club, 2003 WL 25265871, at *7; Lamon v. City of Shawnee, Kan., 758 F. Supp. 654, 655 (D. Kan. 1991) (citing United States ex rel. Small Bus. Admin. v. Kurtz, 528 F. Supp. 1113, 1115 (E.D. Pa. 1981), superseded on other grounds by amendment to Fed. R.

4:17-cv-00325-CRK-CDL

Civ. P. 62, as recognized in State Auto Prop. & Cas. Ins. Co. v. Sigismondi Foreign Car Specialists, Inc., 586 F. Supp. 3d 328 (E.D. Pa. 2022)) (noting that it is the movant's burden "to demonstrate objectively that posting a full bond is impossible or impractical and to propose a plan that would provide adequate security for the appellee"); Lech, 2018 WL 2183984, at *1 (emphasizing importance that a movant present a plan that provides adequate security for the creditor).

Defendant has satisfied its burden warranting waiver of the supersedeas bond. Defendant demonstrates good cause by exhibiting that it possesses the present and future financial ability to "respond to the judgment" by virtue of the plan laid out by the Oklahoma Constitution and state statutes. See Def Mot. at 5–9; see also Lech, 2018 WL 2183984, at *1. Oklahoma state law dictates the plan for judgment collection that Defendant must follow and ensures payment sufficient to satisfy the requirements of Rule 62(b). See City of Del City v. Harris, 1973 OK 27, ¶¶ 3–4, 508 P.2d 264, 265 (stating that Oklahoma statutory procedure provides the "exclusive method for collection of judgments" against municipalities); see also Okla. Const. art. 10, § 28; City of Duncan v. Sager, 1970 OK 46, ¶¶ 11–12, 466 P.2d 956, 958–59 (noting that the statutory framework provides judgment creditors with "almost positive assurance their final judgments against municipalities will be paid").[3]  In particular Section, 159(C) of Title 51 of the Oklahoma Statutes requires:

---

[3]  Although Federal Rule of Civil Procedure Rule 62(b) governs the requirements concerning stay of execution of a judgment by way of posting a supersedeas bond, Rule 69 ultimately controls the procedure for when that judgment is executed.  See Fed. R. Civ. P. 69(a).  Because Defendant's financial ability to pay the judgment is a

> For the payment of any judgment obtained under the provisions of this act against a political subdivision that is a self-insurer or not fully covered by liability insurance, the manner of paying a money judgment shall be as follows.  Proof of indebtedness, as required in Sections 362 through 364 of Title 62 of the Oklahoma Statutes and evidence of any estimated tax levy or increases necessary to reimburse the sinking fund for the purposes of the judgment as provided in Section 431 of Title 62 of the Oklahoma Statutes, and other evidence or statements which the court may require, shall be made to the court before final judgment is rendered.  As an alternative to paying the money judgment out of the sinking fund at the rate of one-third (1/3) each year, the court, based on consideration of evidence and proof, may provide for the judgment to be paid over a period of not less than one (1) nor more than ten (10) years. The interest rate on any judgment when payment is extended more than three (3) years shall be at the rate prescribed by law for the first three (3) years and at the rate of six percent (6%) for each remaining year.

Okla. Stat. tit. 51 § 159(C).[4]  Furthermore, Okla. Stat. tit. 62 § 431 authorizes a

county's tax officials to levy taxes necessary to pay judgments.  Thus, Oklahoma state

---

factor this Court must consider when evaluating a movants request for bond waiver, see Lech, 2018 WL 2183984, at *1, the Court must also look to Rule 69(a) in making its determination.  See Leuzinger v. Cnty. of Lake, 253 F.R.D. 469, 473 (N.D. Cal. 2008) (citing Duchek v. Jacobi, 646 F.2d 415, 416–17 (9th Cir. 1981)) (applying Rule 69 by way of Rule 62 in rejecting application of California state judgment execution law).  Under Rule 69(a), the execution of a money judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Fed. R. Civ. P. 69(a).  Thus, here, the collection procedures outlined by Oklahoma state law must be factored into the Court's analysis when considering Defendant's bond waiver request.

[4]  As Ottawa County's sinking fund is empty, see Decl. Kathy Bowling at ¶ 6, Mar. 28, 2024, ECF No. 438-7 ("Bowling Decl."), the alternative payment process under Okla. Stat. tit. 51 § 159(C) would likely be applied.  The general ledger for Ottawa County reveals that from July 1, 2023, through February 29, 2024, the municipality received deposits and collections amounting to $25,954,652.68, consisting of various ad valorem taxes, special assessments, mortgage taxes, miscellaneous receipts, and official depositories.  See Ottawa Cnty. Treasurer's Gen. Ledger at 3–6, Mar. 28, 2024, ECF No. 438-7 ("Ledger").  Similarly, the County received a total of $34,101,840.59 from July 1, 2022, through June 30, 2023 from the same sources.  Id. at 1–3.  Through these recorded collections and deposits, it is apparent that Ottawa County can generate significant sums of money.

law provides not only a plan to secure judgment,[5] but the exclusive plan to secure judgment which both the Oklahoma Supreme Court and the Oklahoma legislature have concluded are a positive assurance of payment.  See City of Del City, 1973 OK 27, at ¶¶ 3–4, 508 P.2d at 265; City of Duncan, 1970 OK 46, at ¶¶ 11–12, 466 P.2d at 958–59; Okla. Stat. tit. 12 § 990.5.  Thus, the mandatory and exclusive provisions for payment of judgments to which the Defendant here is subject make it "so plain that the cost of a bond would be a waste of money."  See Lech, 2018 WL 2183984, at *1.

In support of his contention that a bond in the full cost of judgment is required, Plaintiff relies upon a handful of cases that are readily distinguishable from the facts in this case.  Plaintiff claims that Wilmer requires Defendant to post a full supersedeas bond.  See Pl. Resp. at 8 (citing 844 F. Supp. at 1419).  However, there is no indication that the relevant Kansas law in that case provided for a collection regime with specific timelines and procedures for judgment satisfaction or that Kansas law provide positive assurances of payment.  See generally Wilmer, 844 F. Supp. 1414.  Indeed, Wilmer specifically noted that the County did not contend that

---

[5] Plaintiff argues that Okla. Stat. tit. 12 § 990.5 conflicts with Rule 62 and therefore should be disregarded by the Court.  Pl. Resp at 4–6.  However, as Defendant explains, Rule 62(b) requires that the proponent of waiver offer a plan that will assure the Court that the Plaintiff's judgment is secure.  See Fed. R. Civ. P. 62(b).  Defendant offers Okla. Stat. tit. 51 § 159, Okla. Stat. tit. 62 § 431 and Okla. Stat. tit. 12 § 990.5 to demonstrate that there is a plan, because the former two statutes provide a payment schedule along with the ability to levy taxes.  Defendant points Okla Stat. tit. 12 § 990.5 to bolster the viability of and confidence in the statutory mechanisms to collect a judgment.  Def. Mot. at 5.  That statute provides, in pertinent part: "the execution of a judgment or final order of any judicial tribunal against any county, municipality, or other political subdivision of this state is automatically stayed without the execution of supersedeas bond until any appeal of such judgment or final order has finally been determined."  Okla. Stat. tit. 12 § 990.5.

it readily had the funds available to pay the judgment or that it "would be able to raise the funds in a timely manner after the appeal is decided." Id. at 1419. The County did not argue that state law provided a plan to secure the judgment, but rather that state law exempting it from the bond requirement entitled it to bond waiver. Id. at 1417. In contrast, here, Defendant concedes that Rule 62(b) governs, but argues that Oklahoma law provides a plan for payment, timeline for payment, and the mechanism to levy taxes to secure the payment.[6] See Okla. Stat. tit. 51 § 159; Okla. Stat. tit. 62 § 431.

Similarly, Plaintiff's reliance on Wykle v. City of New Orleans is also misplaced. See Pl. Resp. at 9–10 (citing No. CIV.A. 96-1369, 1997 WL 266615, at *3–4 (E.D. La. May 20, 1997), aff'd, 154 F.3d 416 (5th Cir. 1998)). As an initial note, the Court in that case focused on provision (f) of Rule 62—concerning whether the judgment was a lien upon the debtor's property under Louisiana state law—which is not implicated here. Moreover, the Court, in denying the City's request for waiver, based its decision upon the lack of information concerning the City's financial condition and capability to pay the judgment. Wykle, 1997 WL 266615, at *4 ("The City has not shown this Court that posting the full supersedeas bond would impose an undue financial burden. In addition, there is no evidence before the Court as to

---

[6] Plaintiff notes that Ottawa County lacks funds that are "readily available" to satisfy the judgment to argue that bond waiver should be denied. Pl. Resp. at 7. However, the movant need not show that it can presently satisfy the judgment in full to obtain waiver of the supersedeas bond, but rather needs to show that it has a plan that will adequately protect the interests of the judgment creditor. See ESIP SERIES 1, LLC, 2023 WL 4206387, at *2. As discussed, Defendant has satisfied that burden.

4:17-cv-00325-CRK-CDL

the present financial condition of the City and its ability to pay judgments"). Here, Defendant has shown that Plaintiff's interest in the judgment is adequately protected by the collection process and Ottawa County's authority to tax for purposes of judgment satisfaction. See Bowling Decl. at ¶ 6; Ledger at 3–6; Okla. Stat. tit. 51 § 159(C); Okla. Stat. tit. 62 § 431. Thus, Plaintiffs arguments are unpersuasive.[7]

Accordingly, Defendant has demonstrated good cause by illustrating its financial ability to respond to the judgment by virtue of the Oklahoma statutory provisions providing for the payment of judgments. The Court is satisfied that Defendant's plan adequately protects and furthers the purpose of the supersedeas bond requirement: securing the judgment against insolvency of the judgment debtor. See Strong, 443 F.3d at 1299; Miami Int'l Realty Co., 807 F.2d at 873. Therefore, Defendant's motion is granted, and execution of the Judgment is stayed without Rule 62(b)'s requirement of posting a full supersedeas bond.

---

[7] Defendant and Plaintiff do not provide detailed arguments concerning whether posting the full bond would impose financial hardship on Defendant or endanger Defendant's other creditors. Defendant claims that posting a bond would impose a hardship, in light of the current balance of Ottawa county's sinking fund, and that the funds from the ledger are earmarked and cannot be re-allocated from their designated purposes. See Def. Mot. at 6 (citing Okla. Stat. tit. 19 §§ 514.1, 220; Okla. Stat. 28 § 32; Okla. Stat. tit. 68 §§ 1904, 2829.1; Okla. Stat. tit. 69 § 1503) (citing statutes that prohibit expenditure of earmarked funds for purposes other than their designations); Def. Reply at 3. Plaintiff argues that, even assuming posting a bond would impose a financial hardship, Defendant lacks a plan providing adequate security to the Plaintiff. Pl. Resp. at 7. Nonetheless, because the Court may waive a bond when it finds either "a present financial ability to respond to the judgment that is likely to continue" or (ii) that its "present financial condition is such that posting a full bond would impose an undue financial burden"—the former of which Defendant has demonstrated—the Court will not reach the question of hardship. Lech, 2018 WL 2183984, at *1.

4:17-cv-00325-CRK-CDL

## CONCLUSION

In light of the foregoing, it is

**ORDERED** that Defendant's motion, see ECF No. 438, is granted; and it is further

**ORDERED** that execution of the judgment, see ECF No. 400, is stayed until resolution of Defendant's appeal to the Court of Appeals for the Tenth Circuit; and it is further

**ORDERED** that payment of Plaintiff's attorney's fees, expenses, and costs pursuant to Court order, see ECF No. 436, is stayed until resolution of Defendant's appeal to the Court of Appeals for the Tenth Circuit; and it is further

**ORDERED** that Defendant's duty to post a supersedeas bond under Federal Rule of Civil Procedure 62 is waived.

/s/ Claire R. Kelly
Claire R. Kelly, Judge*

Dated:      May 7, 2024
            New York, New York

---

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

11