Case 4:17-cv-00325-CRK-CDL   Document 452   Filed in USDC ND/OK on 06/05/24   Page 1 of 15

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **Austin P. Bond as Personal Representative of the Estate of Terral Ellis II,**<br><br>    Plaintiff,<br><br>v.<br><br>**The Sheriff of Ottawa County, in his Official Capacity,**<br><br>    Defendant. | 4:17-cv-00325-CRK-CDL |

## OPINION AND ORDER

Before the Court is a Motion to Reconsider Order Denying Remittitur and New Trial, March 27, 2024, ECF No. 437 ("Def. Mot."), filed by Defendant Sheriff of Ottawa County, in his official capacity ("Defendant"), pursuant to Federal Rules of Civil Procedure 59 and 60. For the reasons that follow, Defendant's Motion is denied.

## BACKGROUND

The Court presumes familiarity with the facts of this case as set forth in this Court's prior opinion denying Defendant's Motions for a New Trial, Judgment as a Matter of Law, and Remittitur, see Opinion & Order [Re New Trial, J. Matter L., and Remittitur] at 1–2, February 29, 2024, ECF No. 435 ("Post-Trial Denials"), and recounts only those pertinent to the motion currently at issue. This matter involves the death of Terral Brooks Ellis II ("Mr. Ellis"). In response to an outstanding warrant, Mr. Ellis surrendered himself to the Ottawa County Jail on October 10,

2015.  Pretrial Order at 3, Aug. 4, 2023, ECF No. 352-1.  Mr. Ellis was detained at the jail between October 10 and October 22, 2015.  Id. at 3–5.  On October 22, 2015, Mr. Ellis died of sepsis and pneumonia.  Id. at 5.

On June 9, 2017, Plaintiff Austin P. Bond ("Plaintiff"), as the personal representative of Mr. Ellis' estate, filed suit against Defendant, pursuant 42 U.S.C. § 1983.  See generally Compl., June 9, 2017, ECF No. 2.  Plaintiff alleged that the jail did not provide Mr. Ellis with adequate medical care as a pre-trial detainee and thus violated his Fourteenth Amendment rights.  Id. at ¶¶ 49–64.  In August of 2023, the case was tried in the Northern District of Oklahoma.  At the close of trial, the jury found in favor of Plaintiff, consequently awarding compensatory damages in the amount of $33 million as well as post-judgment interest at a rate of 5.39% per annum pursuant to 28 U.S.C. § 1961.  See Jury Verdict, August 8, 2023, ECF No. 392.  On September 8, 2023, in accordance with the jury's verdict, the Court entered final judgment in favor of Plaintiff.  See Judgment, Sept. 8, 2023, ECF No. 400.

On October 5, 2023, Defendant filed motions for judgment as a matter of law, new trial, and remittitur.  See generally Mot. J. Matter of L., Oct. 5, 2023, ECF No. 410; Mot. New Trial, Oct. 5, 2023, ECF No. 411; Mot. Remit., Oct. 5, 2023, ECF No. 412.  On February 29, 2024, the Court denied Defendant's motions.  See Post-Trial Denials at 46.  The Court found that the breadth of evidence presented at trial was sufficient for the jury to find Defendant liable and therefore a new trial was unwarranted.  Id. at 14–37.  Moreover, the Court found that the jury's verdict was based on the evidence presented at trial, rather than inappropriate remarks or any

desire to punish the municipality, and therefore did not shock the judicial conscience nor warrant remittitur or a new trial. Id. at 37–46.

On March 27, 2024, Defendant filed the instant motion seeking reconsideration of the Court's denial for a new trial and remittitur, requesting review of the determination that the $33 million compensatory damages verdict was "not excessive and was not the product of passion or prejudice, particularly in light of the Order on Remittitur in Young v. Correctional Healthcare Companies, Inc." issued the same day as the Post-Trial Denials. See generally Def. Mot.; id. at 1 (citing No. 13-CV-315-IDJ-JFJ, 2024 WL 866286, at *1–67 (N.D. Okla. Feb. 29, 2024)). On May 1, 2024, Plaintiff submitted a response urging the Court to deny Defendant's motion, to which Defendant replied on May 15, 2024. See generally Pl.'s Resp. Opp'n [Def. Mot.], May 1, 2024, ECF No. 448, ("Pl. Resp."); Def.'s Reply Supp. [Def. Mot], May 14, 2024, ECF No. 451 ("Def. Reply").

## DISCUSSION

The Court has jurisdiction to consider a party's motion for relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b). Defendant's appeal to the Court of Appeals for the Tenth Circuit, see Notice of Appeal, March 28, 2024, ECF No. 439, divests this Court of jurisdiction "over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). Nonetheless, a district court may "consider a Rule 60(b) motion and deny it on its merits without remand by the Court of Appeals." W.N.J. v. Yocom, 257 F.3d 1171, 1173 n.1 (10th Cir. 2001) (citing Aldrich Enters., Inc. v. United States, 938 F.2d 1134,

4:17-cv-00325-CRK-CDL

1143 (10th Cir. 1991)). Further, although the Court retains jurisdiction to hear a Rule 59 despite the notice of appeal, here Defendant's successive Rule 59 motion is untimely. Finally, because Defendant invokes no Rule 60(b) grounds to support its request and merely recites arguments rejected in the Post-Trial Denials, its motion is denied. See generally Def. Mot.

## I.  The Appropriate Basis of Review

Defendant moves the Court for reconsideration of the Post-Trial Denials under Federal Rule of Civil Procedure 59 and Rule 60.[1] Def. Mot. at 1. Plaintiff responds that Defendant's appeal to the Tenth Circuit divests this Court of jurisdiction, and in any event, a Rule 59 motion is untimely. Pl. Resp. at 2–3. Defendant concedes that generally an appeal divests the district court of jurisdiction, Def. Reply at 1, but argues that (i) a timely filed Rule 59 motion postpones the effect of a notice of appeal and (ii) the Court retains jurisdiction under Rule 60(b) to under certain circumstances. Def. Reply at 1–5. Although the court may retain authority to hear both a Rule 60 and Rule 59 motion despite the notice of appeal in this case, only the Rule 60 motion is timely and will be considered by the Court.

---

[1] In its moving brief, Defendant is unclear as to under which rule it brings its motion to reconsider. See generally Def. Mot. Defendant states that "[w]hether a motion for reconsideration should be considered under Rule 59 or Rule 60 depends on the timing of the motion and on the basis for the motion identified by the movant." Id. at 1–2. A motion to alter or amend a judgment pursuant to Rule 59(e) must be filed within 28 days of the entry of final judgment by the district court. See Fed. R. Civ. P. 59(b), (e). The instant motion was filed some six months after this Court entered judgment on September 8, 2023. See Judgment.

4

4:17-cv-00325-CRK-CDL

Rules 59 and 60 of the Federal Rules of Civil Procedure provide for a motion to amend or alter the judgment and motion for relief from a judgment or order, respectively. Fed. R. Civ. P. 59(e), 60(b); see also Anderson Living Tr. v. WPX Energy Prod., LLC, 308 F.R.D. 410, 430–31 (D.N.M. 2015); Warren v. Am. Bankers Ins. Of FL, 507 F.3d 1239, 1242 (10th Cir. 2007); Price v. Philpot, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005).[2]

Rule 59(e) provides:

> A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Fed. R. Civ. P. 59(e).

---

[2] One district court aptly explains these alternatives:

> [The court in Servants of the Paraclete v. Does, 204 F.3d 1005 (10th Cir. 2000)] uses the term "motion to reconsider" as an umbrella term that can encompass three distinct motions: (i) motions to reconsider an interlocutory order, which no set standard governs, save that the district court must decide them "before the entry of . . . judgment[]"; (ii) motions to reconsider a judgment made within 28 days of the entry of judgment, which the Servants of the Paraclete v. Does standard governs; and (iii) motions to reconsider a judgment made more than 28 days after the entry of judgment, which rule 60(b) governs. There is arguably a fourth standard for motions to reconsider filed more than a year after the entry of judgment, as three of the rule 60(b) grounds for relief expire at that point.
>
> Much confusion could be avoided by using the term "motion to reconsider" exclusively to refer to the first category, "motion to amend or alter the judgment" exclusively to refer to the second category, and "motion for relief from judgment" exclusively to refer to the third category (and arguable fourth category). These are the terms that the Federal Rules of Civil Procedure—and other Circuits—use to describe (ii) and (iii) . . .

Anderson Living Tr., 308 F.R.D. at 430 n.11 (internal citations omitted).

5

4:17-cv-00325-CRK-CDL

Rule 60(b) governs motions brought beyond 28 days after the entry of judgment, providing in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Despite these provisions, the well-established general rule within the Tenth Circuit is that "when a litigant files a notice of appeal, the district court loses jurisdiction over the case, save for 'collateral matters not involved in the appeal.'" McKissick v. Yuen, 618 F.3d 1177, 1196 (10th Cir. 2010) (quoting Lancaster v. Indep. Sch. Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998)). "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs, 459 U.S. at 58; Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985); see also Soboroff v. Doe, 569 F. App'x 606, 608 n.4 (10th Cir. 2014) ("The district court wasn't free to reopen the case because the filing of the notice of appeal divested it of jurisdiction"). "This rule 'is a judge-made doctrine, designed to promote judicial economy and avoid the confusion and

inefficiency that might flow from putting the same issue before two courts at the same time.'" United States v. Madrid, 633 F.3d 1222, 1226 (10th Cir. 2011) (quoting 20 James Wm. Moore et al., Moore's Federal Practice § 303.32[1] (3d ed. 2010)).

However, the Tenth Circuit has recognized several exceptions to the general rule. Relevant here, the district court may "consider a Rule 60(b) motion and deny it on its merits without remand by the Court of Appeals." Yocom, 257 F.3d at 1173 n.1 (citing Aldrich Enters., Inc., 938 F.2d at 1143). Thus, the district court retains a limited role on a Rule 60(b) motion where a notice of appeal has already been filed:

> Rule 60(b), which provides for the correction of substantive legal errors, has an interestingly one-sided application when the case is up on appeal: A notice of appeal does not divest a district court of jurisdiction to consider a Rule 60(b) motion, although it prevents a district court from granting such a motion unless it notifies this court of its intention to grant the motion upon proper remand. In other words, a district court does have the authority to consider on the merits and deny a 60(b) motion after a notice of appeal, because the district court's action is in furtherance of the appeal, but the district court does not have the authority to grant a rule 60(b) motion without first asking the Court of Appeals to remand the case.

Lujan v. City of Santa Fe, 122 F. Supp. 3d 1215, 1235 n.8 (D.N.M. 2015) (internal quotations, citations, alterations, and emphasis omitted).

The Court also retains jurisdiction to hear a Rule 59 motion when a notice of appeal is filed after the filing of a Rule 59 motion because the notice of appeal "is suspended until the motion is disposed of, whereupon, the previously filed notice

effectively places jurisdiction in the court of appeals." Madrid, 633 F.3d at 1226–27 citing Fed. R.App. P. 4(a)(4)(B)(i).[3]

Here, the Court has jurisdiction to consider Defendant's Rule 60(b) and a motion under Rule 59, however only the Rule 60 motion is timely. Pursuant to the exceptions recognized by the Court of Appeals, the Court may either consider and deny the Rule 60(b) motion for relief from judgment or alert the Court of Appeals that

---

[3] Other exceptions exist:

> To be sure, an effective notice of appeal does not prohibit all later action in the case by the district court. Under the Federal Rules the district court can proceed to resolve some matters simultaneously with the appellate court's consideration of the appeal. For example, Federal Rule of Appellate Procedure 4(b)(5) gives the district court concurrent jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a). Also, the Appellate Rules specify certain motions that toll the time to file a notice of appeal, and the effect of a notice of appeal is suspended while such a motion is under consideration by the district court. See Fed. R.App. P. 4(a)(4)(B)(i) (civil appeals); id. 4(b)(3)(B) (criminal appeals); id. advisory committee's note, 1993 Amendment ("A notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.").
> In addition, appellate courts have carved out further exceptions to the general rule that allow district courts to address certain matters when judicial efficiency is thereby enhanced. District courts "may act in aid of the court of appeals' exercise of its jurisdiction," may address "matters that are [not] comprehended within the appeal," and may continue full consideration of the case if it certifies that the notice of appeal is invalid or frivolous.

Madrid, 633 F.3d at 1226–27 (internal citations, quotations, and alterations omitted); see also McKissick, 618 F.3d at 1196 ("an award of attorney fees for the case at issue is perhaps the paradigmatic example of a collateral issue a district court may entertain after an appeal has been taken to this court").

4:17-cv-00325-CRK-CDL

it intends to grant the motion upon remand. See Anderson Living Tr., 308 F.R.D. at 431. Likewise, the filing of a Rule 59 motion would normally suspend the notice of appeal, assuming the Rule 59 motion was timely.[4]

Defendant's argument that this Court may consider a motion under Rule 59 because the pendency of the previous Rule 59 motion prevented the finality of the judgment is wrong. See Def. Reply at 4–5. Defendant concedes that a Rule 59 motion must be filed no later than 28 days after the entry of judgment. Id. at 4. But Defendant argues "[w]hen a Rule 59(e) motion is filed within the 28-day period following the entry of judgment, the finality of that judgment is suspended." Id. Defendant argues that because finality is suspended, it may file a successive Rule 59 motion within 28 days of the decision of the first rule 59 motion. Id. at 4–5. Defendant ignores that Rule 59 does not require the motion to be filed within 28 days of when the judgment becomes final, but within 28 days of when the judgment is entered. Fed. R. Civ. P. 59(e).[5] Thus, the plain language of the rule reveals that the finality of the judgment is irrelevant to whether the Rule 59 motion is timely, and Defendant's argument is without merit.

---

[4] Even if the court retained jurisdiction to hear a motion to alter or amend, the Court would deny the motion because as discussed below Defendant's efforts are simply rehashed arguments previously rejected by the Court. See generally Def. Mot.

[5] Defendant's reading of Rule 59 would allow a perpetually open window to file successive motions to alter or amend rendering meaningless the 28-day time frame provided in the Rule.

4:17-cv-00325-CRK-CDL

## II. Defendant Lacks Grounds to Obtain Relief from Judgment

Federal Rule of Civil Procedure 60(b) provides specific grounds for relief, none of which apply in this case. Defendant attempts to conflate the standards for Rule 59 and Rule 60 motions to argue that the Court's decision in Young v. Correctional Healthcare Companies, Inc. supports its view that a manifest injustice would occur without relief from the judgment. Def. Mot. at 1–2; see generally 2024 WL 866286. Further, even applying the more generous standard of Rule 59, Defendant's motion must fail, as it only reasserts arguments raised and rejected in its previous filings.

Rule 60 sets forth the ground for relief from judgment on the following bases:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The grounds for relief from judgment are narrow, see Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996), because a Rule 60 motion "is not a substitute for an appeal." Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting Cummings v. General Motors Corp., 365 F.3d 944, 955 (10th Cir. 2004), abrogated on other grounds by Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394 (2006)).

The standard under Rule 59(e) is broader than that of Rule 60. With respect to a motion filed under Rule 59(e), the Tenth Circuit has found sufficient grounds for

10

4:17-cv-00325-CRK-CDL

alteration or amendment of a judgment upon a showing of "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete, 204 F.3d at 1012 (citing Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th Cir. 1995)). Furthermore, such a motion is an "'inappropriate vehicle [ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.'" Wagner Equip. Co. v. Wood, 289 F.R.D. 347, 349 (D.N.M. 2013) (quoting Servants of the Paraclete, 204 F.3d at 1012) (alterations in original).

That motions made under Rule 60 and Rule 59 are generally made within the same spirit does not make them identical sources of relief. They are distinct rules applicable to similar but discernably different circumstances and are designed to remedy issues at divergent points in time. See Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). The Seventh Circuit has explicitly articulated the independent purposes of Rule 59(e) and Rule 60(b):

> Rule 59(e) permits a district court to entertain a motion to alter or amend a judgment. A claimant can invoke the rule to direct a court's attention to matters such as newly discovered evidence or a manifest error of law or fact. The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings. The rule must be invoked, however, within ten days of the entry of judgment. And the rule may not be used to raise novel legal theories that a party had the ability to address in the first instance.
>
> Rule 60(b), to some degree, provides overlapping relief. It enables a court to grant relief from a judgment under the particular circumstances listed in the text of the rule. One of those circumstances envisions the vacation of a judgment in the event of "mistake,

4:17-cv-00325-CRK-CDL

> inadvertence, surprise or excusable neglect." Rule 60(b) is, however, an extraordinary remedy. The rule was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law. Attorney failures, for instance, provide no basis for avoiding a judgment under Rule 60(b).

Russell, 51 F.3d at 749 (internal citations omitted). Relief pursuant to Rule 60(b) is bound to the language of the rule. Rule 60(b) is not merely an amalgamation of the two rules conveniently available when Rule 59(e) is prohibited by untimeliness. There would be no purpose for Rule 60 if it were only meant to extend the deadline explicitly set by Rule 59.

Defendant does not claim mistake, fraud, voidness, or satisfaction under Rule 60(b). See generally Def. Mot. Instead, Defendant seems to claim that the Young order is somehow newly discovered evidence as contemplated under Rule 60(b)(2).[6] Def. Mot. at 3. However, the Young order does is not newly discovered evidence.[7]

---

[6] The district court possesses the authority to re-evaluate judgments under Rule 60(b)(2) based on newly discovered evidence if a movant, exercising reasonable diligence, could not have timely discovered such evidence to move for a new trial under Rule 59(b). Zurich N. Am., 426 F.3d at 1289–90. The movant must show that:

> (1) the evidence was newly discovered since the trial; (2) movant was diligent in discovering the new evidence; (3) the newly discovered evidence could not be merely cumulative or impeaching; (4) the newly discovered evidence had to be material; and (5) that a new trial, with the newly discovered evidence would probably produce a different result.

Lyons v. Jefferson Bank & Tr., 994 F.2d 716, 727 (10th Cir. 1993).

[7] Although not specifically addressed by the Tenth Circuit, it would seem that the Young order does not constitute newly discovered evidence within the meaning of Rule 59(e). Even if one could consider the Young order evidence, several circuits have concluded that "post-judgment factual developments are not evidence that existed at the time of trial and thus cannot be considered 'newly discovered evidence' in support of a post-trial motion to amend the judgment." Henry v. United States, 2022 WL

4:17-cv-00325-CRK-CDL

Indeed, the Young order is a determination by another trial court based on a different record. Further, Defendant cites Young to support arguments that have already been made and rejected; namely, that comparing the facts of this case to other cases supports Defendant's view that the verdict was too high and that counsel for Plaintiff's comments improperly influenced the jury's award. See Post-Trial Denials at 45; compare Def. Mot. at 3–13, with Mot. Remit. at 11–17. Whether made under the guise of Rule 60 or Rule 59, Defendant's argument must fail because it is an argument that the Court has already addressed.

Defendant claims if Young concluded "the [$14 million] compensatory damages amount was 'high'" but "not unreasonable," Def. Mot. at 3 (citing Young, 2024 WL 866286, at *27), then a $33 million "compensatory damages verdict is excessive and completely unprecedented," which "shocks the conscious[.]" Def. Mot. at 3, 5. However, and as previously stated, "the Court need not compare awards if the 'noneconomic damage awards do not shock the judicial conscience'"—a standard the Court determined had not been meet. Post-Trial Denials at 29 ("Although the size of the verdict is large, the Court cannot say that it shocks the conscience given the evidence heard by the jury"); id. at 45 (quoting Stokes v. United States, 967 F.3d 1034,

---

45029, at *8 (N.D. Ill. Jan. 5, 2022) (citing Rivera v. M/T Fossarina, 840 F.2d 152, 155 (1st Cir. 1988)) (collecting cases and rejecting post-trial investigation evidence); Johnson v. Offshore Express, Inc., 845 F.2d 1347, 1358 (5th Cir. 1988) (determining that evidence concerning events occurring six months after trial was not "newly discovered evidence"); Washington v. United States, 214 F.2d 33, 46 (9th Cir. 1954) (stating that evidence in support of post-trial motion must be evidence "in existence at the time of trial"); Campbell v. Am. Foreign S.S. Corp., 116 F.2d 926, 928 (2d Cir. 1941) (rejecting evidence of post-trial events pursuant to a Rule 59 motion because they did not exist at the time of trial).

1044 (10th Cir. 2020)). Finally, Defendant makes no viable claim under Rule 60(b)(6) provision for relief on account of "any other reason that justifies relief." Subsection (b)(6) of Rule 60 is a narrow provision, only available for where "it offends justice" to deny relief, which Defendant has failed to demonstrate. See Cashner, 98 F.3d at 580.

Lacking a basis under Rule 60, Defendant turns to Rule 59(e) "manifest injustice" standard. Defendant argues that "[a]llowing the damages award to stand would result in manifest injustice[.]" Def. Mot. at 2; see also Def. Reply at 5 (citing manifest injustice as grounds for relief). Defendant invokes Young's remittitur, issued the same day as the Post-Trial Denials. Def. Mot. at 13. In doing so, Defendant seems to compare the egregiousness of the conduct in Young to that in this case. Id. at 6–10. Defendant concludes the award "is clearly excessive given that the jury was presented with evidence that an ambulance was called for Mr. Ellis and that he refused to let EMS take him to the hospital for further evaluation the day before his death." Id. at 10–11. Although the jury did hear such evidence when determining whether Defendant acted with deliberate indifference, that evidence says little about the measures that must be considered for compensatory damages in a Section 1983 case: the levels of Mr. Ellis' pain and suffering before death, loss of life and his loss of familial relationship. See Berry v. City of Muskogee, 900 F.2d 1489, 1507 (10th Cir. 1990). Accordingly, Defendant's motion lacks a basis for relief, and it must be denied.

4:17-cv-00325-CRK-CDL

## CONCLUSION

Defendant's argument under both Rule 59 and Rule 60 fail to establish a basis for relief.  For the foregoing reason, Defendant's motion is denied.

So Ordered.

/s/ Claire R. Kelly  
Claire R. Kelly, Judge[*]

Dated:     June 5, 2024  
           New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.