**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **Terral B. Ellis, Sr., et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**THE SHERIFF OF OTTOWA COUNTY, in his Official Capacity,**<br><br>**Defendant.** | **4:17-cv-00325-CRK-CDL** |

## MEMORDANDUM AND ORDER

Before the court is Defendant Sheriff of Ottawa County's ("Defendant") Motion to Stay Execution of Judgment, Continue Waiver of Supersedeas Bond, and Motion to Expedite Ruling, July 23, 2026, ECF No. 467 (collectively, "Def. Mot."). For the following reasons, the Motion is denied.

## BACKGROUND

This matter involves the death of Terral Brooks Ellis II ("Mr. Ellis"). In response to an outstanding warrant, Mr. Ellis surrendered himself to the Ottawa County Jail on October 10, 2015. Pretrial Order at 3, Aug. 4, 2023, ECF No. 352-1 ("Stip. Facts"). Mr. Ellis was detained at the jail between October 10 and October 22, 2015. Id. at 3–5. On October 22, 2015, Mr. Ellis died of sepsis and pneumonia. Id. at 5. On June 9, 2017, Plaintiff Austin P. Bond ("Plaintiff"), as the personal representative of Mr. Ellis's estate, filed suit against the Sheriff of Ottawa County in his official capacity, under 42 U.S.C. § 1983. See generally Compl., June 9, 2017,

ECF No. 2. Plaintiff alleged that the jail did not provide Mr. Ellis with adequate medical care as a pre-trial detainee and thus violated his Fourteenth Amendment rights. Compl. at ¶¶ 49–64, June 9, 2017, ECF No. 2.

In August 2023, the case was tried in the Northern District of Oklahoma. The jury returned a verdict in favor of Plaintiff, awarding compensatory damages in the amount of $33 million as well as post-judgment interest at a rate of 5.39 percent per annum pursuant to 28 U.S.C. § 1961. See Jury Verdict, August 8, 2023, ECF No. 392. Pursuant to the jury's decision, the Court entered judgment in favor of Plaintiff on September 8, 2023. See Judgment, Sept. 8, 2023, ECF No. 400. Defendant filed post-trial motions, which the Court denied, as well as a motion to reconsider those denials, which the Court also denied. See Order Denying Mot. for J. as a Matter of Law, Mot. for New Trial, Mot. for Remittitur, Feb. 29, 2024, ECF No. 435; Order Denying Mot. to Reconsider, Mar. 27, 2024, ECF No. 437.

Defendant timely appealed the judgment, the denials of the post-trial motions and motion to reconsider, and the attorneys' fee award to the U.S. Court of Appeals for the Tenth Circuit (the "Court of Appeals"). See Notice of Appeal, Mar. 28, 2024, ECF No. 439. This court entered an order staying enforcement of the judgment and waiving the supersedeas bond pending resolution of the appeal. See Order Granting Motion to Stay, May 7, 2024, ECF No. 450. On April 21, 2026, the Court of Appeals affirmed this court's judgment, finding no error. See Bond v. Sheriff of Ottowa County, 173 F.4th 1265 (10th Cir. 2026); Decision from Circuit Court Affirming the Decision of the District Court, Apr. 21, 2026, Case No. 24-5035, ECF No. 69-1;

Judgment from Circuit Court Affirming Decision of the District Court, Apr. 21, 2026, Case No. 24-5035, ECF No. 70.[1]

On May 18, 2026, Defendant petitioned the Court of Appeals for rehearing en banc, which it denied. See Order from Circuit Court Denying Petition for Rehearing and Rehearing En Banc, May 18, 2026, Case No. 24-5035, ECF No. 73. On May 26, 2026, the Court of Appeals filed the mandate in this court. See Mandate from Circuit Court, May 26, 2026, ECF No. 466 ("Mandate"); see also Mandate from Circuit Court, May 26, 2026, Case No. 24-5035, ECF No. 74 (10th Cir. Docket). On July 23, 2026, Defendant moved for a stay of execution of judgment and continuation of supersedeas bond, and for expedited ruling on the motion. See Def. Mot. On August 13, 2026, Plaintiff filed a Response in Opposition to Defendant's motion. See Plaintiff's Response in Opposition to Defendant's Motion, August 13, 2026, ECF No. 468 ("Pl. Resp.").

## DISCUSSION

Defendant argues that this court can stay the execution and enforcement of the judgment in this case pursuant to Federal Rule of Civil Procedure Rule 62(b) and 28 U.S.C. § 2101(f) pending Defendant's petition for writ of certiorari before the Supreme Court because this court rendered the judgment and is expressly granted the authority to grant such a stay. See Def. Mot. at 2–3 (citing Fed. R. Civ. P. 62(b);

---

[1] The Court of Appeals also found no error as to this court's judgment regarding the denials of the post-trial motions, motion to reconsider, and the attorneys fee award. See Bond, 173 F.4th 1265; Decision from Circuit Court Affirming the Decision of the District Court, Apr. 21, 2026, Case No. 24-5305, ECF No. 69-1.

28 U.S.C. § 2101(f)). Plaintiff responds that under 28 U.S.C. § 2101(f), and consistent precedent, only the court of appeals or a justice of the Supreme Court has authority to stay a judgment from the court of appeals. See 28 U.S.C. § 2101(f); Pl. Resp. at 4. Because the Court of Appeals has issued its mandate, this court does not have the authority to stay execution or enforcement of that judgment, and therefore, Defendant's motion is denied.[2]

Congress has specifically provided for a stay pending a petition for certiorari to the Supreme Court in 28 U.S.C. § 2101. In particular subsection (f) provides:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court, and may be conditioned on the giving of security, approved by such judge or justice, that if the aggrieved party fails to make application for such writ within the period allotted therefor, or fails to obtain an order granting his application, or fails to make his plea good in the Supreme Court, he shall answer for all damages and costs which the other party may sustain by reason of the stay.

28 U.S.C. § 2101. While Defendant here tries to argue that this Court may now issue a stay because "[t]he stay may be granted by a judge of the court rendering the judgment or decree," Defendant is mistaken. See Def. Mot. at 3. Defendant's error stems from its view that it is this court's judgment of which it seeks review. It is not

[2] Defendant filed the instant motion on July 23, 2026, and Plaintiff responded on August 13, 2026. See Def. Mot.; Pl. Resp. The court acknowledges Defendant's motion for expedited ruling and waiver of reply on the instant motion, see Def. Mot. at 7, and the Motion is granted.

this court's judgment but rather the judgment of the Court of Appeals for which it petitions for certiorari. See Judgment from Circuit Court Affirming Decision of the District Court, Apr. 21, 2026, Case No. 24-5035, ECF No. 70. Where certiorari is sought from a final judgment of the court of appeals, the judgment subject to Supreme Court review is the appellate judgment, not the antecedent district court judgment. See Sprint Communications Co. v. Time Warner Cable, Inc., No. 11-2686-JWL, 2019 WL 3532063 at *2 (D. Kan. 2019). Specifically, district courts lack jurisdiction to stay the execution of an appellate court judgment. See Ventas, Inc. v. HCP, Inc., No. 3:07-CV-238-H, 2011 WL 3678819, at *2 (W.D. Ky. Aug. 22, 2011) (collecting cases).

Likewise Federal Rule of Civil Procedure 62(b) does not aid Defendant here. Rule 62(b) permits a district court, after entering judgment, to stay enforcement of that judgment upon its approval of a bond or other security. Fed. R. Civ. P. 62(b). A district court retains authority to stay its judgment during the pendency of an appeal. See Brinkman v. Dep't of Corr. of State of Kan., 857 F. Supp. 775, 777 (D. Kan. 1994); see also Sprint Commc'ns, 2019 WL 3532063, at *2. However, once the appellate court issues the mandate, the district court "loses the power to stay the judgment." Brinkman, 857 F. Supp at 777; Fed. R. App. P. 41(c). Therefore, this court had authority to stay its own judgment pending appeal, but lost the authority to stay the case once the Court of Appeals issued its Mandate. See Mandate.

Defendant's argument that Federal Rule of Appellate Procedure 8(a) grants this court authority to stay the judgment from the court of appeals fails because Rule 8(a) requires a party to move in the district court for a stay of a district court judgment

or order pending appeal. See Fed. R. App. P. 8(a)(1). Here, Defendant is seeking a stay of the appellate court's mandate. See Def. Mot. at 1. Further, Defendant's argument that this court can stay the mandate because of its "inherent authority" to control its docket fails because the inherent authority does not include the power to stay execution of an appellate court judgment. See Ventas, 2011 WL 3678819 at *2. The court need not address the remainder of Plaintiff's arguments or the merits of whether to grant the stay because the court does not have authority to grant or deny the stay. See Pl. Resp. at 11–21.

Here, the mandate was issued by the Court of Appeals on May 26, 2026, at which time this court retained authority to implement the Court of Appeals judgment and lost the authority to stay the judgment. See Mandate; Mandate from Circuit Court, May 26, 2026, Case No. 24-5035, ECF No. 74 (10th Cir. Docket); see also Brinkman, 857 F. Supp. at 776-77.[3]

---

[3] Defendant cites the Supreme Court case, Hilton v. Braunskill, and the Tenth Circuit case, McClendon v. City of Albuquerque, to support his proposition that district courts have the power to stay a judgment pending certiorari proceedings under Rule 62. See Def. Mot. at 2–3 (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987); McClendon v. City of Albuquerque, 79 F.3d 1014, 1020 (10th Cir. 1996)). However, neither Hilton nor McClendon recognizes district court authority to stay an appellate judgment after issuance of the mandate. See Hilton, 481 U.S. at 776; McClendon v. City of Albuquerque, 79 F.3d at 1020. Those decisions concerned stays while appellate review of the district court's judgment remained pending and establish principally that district and appellate courts apply the same traditional stay factors. See Hilton, 481 U.S. at 776; McClendon, 79 F.3d at 1020.

**CONCLUSION**

In light of the foregoing, it is

**ORDERED** that Defendant's motion to stay execution of judgment and continuation of the waiver of supersedeas bond, see ECF No. 467, is DENIED.

/s/ Claire R. Kelly
Claire R. Kelly, Judge*

Dated: August 14, 2026
New York, New York

* Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.